UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-80581-CIV-DIMITROULEAS/MATTHEWMAN

PLAIN BAY SALES, LLC,
a Florida limited liability company,

       Plaintiff,
vs.

ZUME GALLAHER and
PAUL HAUNERT,

       Defendants.
_____/



## ORDER GRANTING DEFENDANT ZUME GALLAHER'S VERIFIED MOTION TO QUASH [DE 11]

**THIS CAUSE** is before the Court upon Defendant, Zume Gallaher's Verified Motion to Quash [DE 11]. This matter was referred to the undersigned by United States District Judge William P. Dimitrouleas for appropriate disposition. *See* DE 28. Plaintiff, Plain Bay Sales, LLC ("Plaintiff") has filed a Response to the Motion [DE 16] and Defendant Gallaher has filed a Reply [DE 12]. The matter is now ripe for review.

## BACKGROUND

On May 3, 2018, Plaintiff filed a Complaint alleging breach of contract, and seeking action on the price, specific performance, declaratory judgment, and foreclosure of agister's lien against Defendant Zume Gallaher. On May 11, 2018, Plaintiff filed a Notice of Proof of Service on Defendant Zume Gallaher. [DE 8]. The Notice states that the process server, Branden Heffelinger, served Ms. Gallaher by hand-delivering the summons and complaint upon Nancy Bjostad, at

1

Oakmont Senior Living, LLC , 9240 Old Redwood Highway, Unit 200, Windsor, California, CA 95492, on May 10, 2018 at 12:38 p.m. *Id.*

On May 31, 2018, Defendant Gallaher filed her verified Motion to Quash [DE 11]. In her Motion, Defendant Gallaher argues that the service was improper pursuant to Federal Rule of Civil Procedure 4(e) because Plaintiff served a copy of the summons and complaint to an administrative assistant at Defendant Gallaher's parents' place of employment. [DE 11, pg. 1]. Defendant Gallaher asserts that she does not work or reside at her parents' place of employment, and no one at that place of employment is authorized by appointment or law to accept service on Defendant Gallaher's behalf. *Id.*

Plaintiff filed its Response on June 13, 2018. [DE 16]. In Response, Plaintiff asserts that the process server found the address of Oakmont Senior Living, LLC through public records. The process server stated that Ms. Gallaher "maintains a private mailbox, a virtual office, or an executive office or mini suite" at that address. [DE 16-1, pg. 2; DE 18, pg. 5]. The process server asked Ms. Bjostad if Ms. Gallaher was there, and Ms. Bjostad "acknowledged that Zume had an address there, was known to Ms. Bjostad, and that Ms. Bjostad would accept service." [DE 16, pg. 5.] Therefore, according to Plaintiff, the service was effective pursuant to Rule 4(e). [DE 16, pg. 8].

Defendant Gallaher filed her Reply on June 20, 2018. [DE 18]. In Reply, Defendant Gallaher asserts that Mr. Heffelinger's statements are inaccurate and included an affidavit of Ms. Bjostad, which contradicts Mr. Heffelinger's claims. [DE 18-1]. Defendant Gallaher claims that "it is common sense that a parent's place of employment is not a place where his or her child can be substitute served with process." [DE 18, pg. 2]. Defendant Gallaher filed an affidavit of Ms. Bjostad with her Reply. [DE 18-1]. In her affidavit, Ms. Bjostad states that Ms. Gallaher is the

2

daughter of Bill Gallaher, the owner of the Oakmont Senior Living, LLC, located at 9240 Old Redwood Highway, Suite 200, Windsor, CA 95492. [DE 18-1, pg. 2]. Ms. Bjostad states that Ms. Gallaher does not have an office at the company, or a mailbox, virtual office, or an executive office or mini suite at the company. *Id.* She states that she told Mr. Heffelinger that she knew Ms. Gallaher, but she never stated or confirmed that Ms. Gallaher had an address at the company. *Id.* Therefore, according to Defendant Gallaher, the service upon Ms. Bjostad was improper.

On June 25, 2018, Plaintiff filed a Notice of Filing Verified Proof of Personal Service [DE 21], which stated that Defendant Gallaher was personally served with a summons and the Complaint on June 22, 2018. This service cured any previously alleged defects in service process. On June 28, 2018, United States District Judge William P. Dimitrouleas entered an Order to Show Cause requiring Defendant Gallaher to show cause as to why the instant Motion to Quash should not be denied as moot. [DE 24]. On July 3, 2018, Defendant Gallaher filed her Response to the Order to Show Cause [DE 26]. Defendant Gallaher argues that Plaintiff's subsequent service of process should be treated as an admission that the prior attempt at service was deficient. Therefore, according to Defendant, the Motion to Quash [DE 11] should be granted, and the due date of Ms. Gallaher's responsive pleadings should be based on the date the second, proper service was made. [DE 26, pg. 1]. Plaintiff filed a Reply to Defendant's Response to the Order to Show Cause on July 5, 2018. [DE 27]. In Reply, Plaintiff argues that the re-service of Ms. Gallaher was not an admission that the prior service was deficient and that the prior service on Ms. Gallaher was effective as of May 10, 2018.

## ANALYSIS

The instant dispute appears to be a tempest in a teapot. Federal Rule of Civil Procedure 4(e) states:

3

> Unless federal law provides otherwise, an individual-other than a minor, an incompetent person, or a person who waiver has been filed-may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> ( C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Thus, in order for service of process to be valid, Plaintiff must have served Defendant with the summons and complaint by following either Florida or California law, by delivering the summons and complaint to the Defendant personally, by leaving a copy of each at Defendant's dwelling or usual place of abode, or by delivering a copy of each to the agent authorized by appointment or law to receive service of process. When a defendant raises a question as to the sufficiency of service generally, "it is the Plaintiff's burden to prove sufficient service." *Porter v. Mainlands Sections 1 & 2 Civic Assoc. Inc.*, No. 14-62817-CIV, 2015 WL 11198232, at *4 (S.D. Fla. Aug. 7, 2015) (citing *American Vintage Gun & Pawn, Inc., v. Hogan Mfg., LLC.*, No. 8:12–cv–25–T–24–MAP, 2012 WL 2366690, *5 (M.D. Fla. June 21, 2012) (citing *United States v. Austin*, No. 11–80701–CIV, 2011 WL 4345308, at *3 (S.D. Fla. Sept. 16, 2011))). In light of Ms. Bjostad's affidavit, Plaintiff has failed to meet its burden to show that the May 10, 2018 service was proper. There is no evidence to show that Ms. Bjostad was Defendant Gallaher's authorized agent. Therefore, Plaintiff's initial service upon Defendant Gallaher was

defective. *See, e.g., Baker v. Warner/Chappell Music, Inc.,* No. 14--CV--22403-, 2014 WL 4426169, at *1 (S.D. Fla. Sept. 9, 2014). However, that defect has now been cured by personal service upon Defendant Zume Gallaher, which both parties agree was effected on June 22, 2018.

Accordingly, Defendant Gallaher's Motion to Quash [DE 11] is **GRANTED**, without prejudice. Defendant Gallaher was properly served on June 22, 2018. In accordance with the Federal Rules of Civil Procedure, Defendant's responsive pleading shall be due on or before July 12, 2018. Fed. R. Civ. P. 12(a)(1)(A)(i).

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 12th day of July, 2018.

WILLIAM MATTHEWMAN
United States Magistrate Judge

5