UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-80581-CIV-DIMITROULEAS/MATTHEWMAN

PLAIN BAY SALES, LLC,
a Florida limited liability company,

      Plaintiff,
vs.

ZUME GALLAHER and
PAUL HAUNERT,

      Defendants.
_____/

FILED BY _____ D.C.
APR 24 2019
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

### ORDER DENYING PLAINTIFF'S MOTION PURSUANT TO FLA. STAT. § 501.211(3) BY PLAINTIFF AND THIRD-PARTY DEFENDANTS FOR POSTING OF BOND BY DEFENDANTS [DE 67]

**THIS CAUSE** is before the Court upon Plaintiff, Plain Bay Sales, LLC's ("Plaintiff") and Third Party Defendants, Katie Prudent, Adam Prudent, Henri Prudent, and Katie Monahan, Inc.'s ("Third-Party Defendants") (collectively "Movants") Motion to impose a bond upon Defendants/Counterclaim Defendants, Zume Gallaher and Paul Haunert ("Defendants") with respect to Count VIII of the Counterclaim/Third-Party Complaint pursuant to Florida Statute §501.211(3) [DE 67]. This matter was referred to the undersigned by United States District Judge William P. Dimitrouleas for appropriate disposition. *See* DE 70. Defendants have filed a Response to the Motion [DE 83] and the Movants have filed a Reply [DE 90]. The matter is now ripe for review.

### I.     BACKGROUND

Plaintiff filed its Amended Complaint on August 31, 2018, alleging three counts of breach of contract, and seeking declaratory judgment and foreclosure of an "Agister's Lien," pursuant to

1

Fla. Stat. § 713.65, against Defendant Zume Gallaher; as well as alleging tortious interference with contract, tortious interference with a business relationship, commercial defamation, conspiracy to interfere with contract, other relations, and defame, violation of Florida Unfair Trade Practices Act, and seeking civil remedies for criminal practices against Defendant Paul Haunert. [DE 38].

The case arises from Plaintiff's sale of the Horse Victorio 5 ("the Horse" or "Victorio") to Defendant Zume Gallaher on March 15, 2018. On March 16, 2018, Defendant Gallaher, after apparently receiving information from an unknown third-party that Victorio was not a suitable horse for purchase, attempted to rescind the transaction for Victorio and purchase a different horse instead. Defendant Gallaher sought the return of the $950,000 purchase price. Plaintiff has refused to refund the purchase price to Defendant Gallaher and is currently caring for the Horse at its own expense, and for Defendant Gallaher's benefit, because Defendant Gallaher has refused to accept shipment of Victorio and has refused to pay the costs of feeding and care of the Horse. Plaintiff further alleges that Defendant Gallaher's equestrian trainer, Defendant Paul Haunert, induced Defendant Gallaher to reject the contract for Victorio by making "false and misleading statements to [Defendant Gallaher] and her mother that the Horse was unsafe and not a successful, competitive show jumper." [DE 38, pg. 9].

On December 12, 2018, Defendants Gallaher and Haunert filed a Counterclaim against Plaintiff Plain Bay Sales, LLC and a Third-Party Claim against Katie Prudent, Adam Prudent, Henri Prudent, and Katie Monahan, Inc. [DE 50]. In their Counterclaim, Defendants allege that Plain Bay Sales and others fraudulently induced Defendants to enter into a transaction to purchase Victorio and caused further damage to Defendants after the transaction. Defendants Gallaher and Haunert allege fraud, civil conspiracy, violation of Florida Deceptive and Unfair Trade Practices

Act, and negligent misrepresentation against Plain Bay Sales and Katie Prudent, Adam Prudent, Henri Prudent, and Katie Monahan, Inc.; and breach of express warranty, breach of implied warranty of fitness for a particular purpose, and breach of implied warranty of merchantability against Plain Bay Sales. Defendant Gallaher also alleges a *per se* violation of Florida Deceptive and Unfair Trade Practices Act – Improper Bill of Sale, violation of Florida Deceptive and Unfair Trade Practices Act – Refusal to Honor Return under Fla. Stat. § 501.142, unjust enrichment, and rescission against Plain Bay Sales. Defendant Haunert seeks attorney's fees for a false Florida RICO claim against Plain Bay Sales and seeks declaratory judgment against Plain Bay Sales and the Prudents. Katie Prudent and Henri Prudent are married and are both experienced, professional horse riders and trainers employed at Plain Bay Sales. [DE 50, pgs. 2-3]. Adam Prudent is their son and is also a professional horse rider and trainer. [DE 50, pg. 3]. Adam Prudent is the founder and manager of Plain Bay Sales. *Id.* Katie Monahan, Inc. is an inactive corporation purporting to have ownership of the Horse. *Id.* According to Defendants, Katie Prudent acts through Katie Monahan, Inc. as an alter ego, and the corporation is dominated and controlled by Katie Prudent. *Id.*

Defendants Gallaher and Haunert claim that Plaintiff, Plain Bay Sales, and third-party Defendants, Katie Prudent, Adam Prudent, Henri Prudent, and Katie Monahan, Inc., made specific and purposeful misrepresentations about Victorio, when Defendant Gallaher was seeking to purchase a horse. Ms. Gallaher and Mr. Haunert claim that they were extremely specific in their search for a new horse, and adequately explained Ms. Gallaher's skill set and needs during their discussions with the employees at Plain Bay Sales. Defendants claim that the Prudents misled Ms. Gallaher and Mr. Haunert into believing that Victorio was a suitable horse for Defendant Gallaher.

Ms. Gallaher claims that she was fraudulently induced into buying the Horse for a purchase price of almost one million dollars when in reality, Victorio was not at all suited to Ms. Gallaher's needs and was in fact dangerous for Ms. Gallaher to ride. [DE 83, pgs. 2-3]. Ms. Gallaher claims that only one day after agreeing to purchase Victorio, she requested cancellation of the purchase and asked for her money back. Ms. Gallaher refused acceptance of the Horse, and therefore Plaintiff retained both Defendant's purchase money and Victorio.

The recitation above shows that this one Horse has spawned numerous claims, counterclaims, and allegations. This Motion, however, only concerns Count VIII of Defendants' Counterclaim [DE 50, pg. 52], in which Defendant Gallaher alleges that Plaintiff Plain Bay Sales violated Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.142, by refusing to honor Ms. Gallaher's demand for a refund within seven days of the transfer of the purchase price. *Id.* Count VIII is brought solely by Defendant Gallaher against Plaintiff Plain Bay Sales.

## II. THE MOTION, RESPONSE, AND REPLY

### a. Motion

Plaintiff filed its Motion on behalf of itself and the third-party Defendants, Katie Prudent, Henri Prudent, Adam Prudent, and Katie Monahan, Inc. on February 14, 2019, asking the Court to impose a bond upon Defendants Zume Gallaher and Paul Haunert pursuant to Fla. Stat. § 501.211(3) because there is no basis in law or fact to bring Count VIII with respect to the Horse, Victorio. [DE 67, pg. 5]. Under Fla. Stat. § 501.211(3), if a party brings an action against another party under FDUTPA which is frivolous, without legal or factual merit, or brought for purposes of harassment, the court may require that the party instituting the action post a bond in a reasonable

amount to indemnify the defendant (in this case, the counter-defendant) for any damages incurred, including reasonable attorneys' fees. Fla. Stat. § 501.211 Specifically, Plaintiff[1] argues that Defendants Gallaher and Haunert should have to post a bond because the claim asserted in Count VIII is "premised upon an overly-attenuated and implausible interpretation and application" of Fla. Stat. § 501.142(1) and therefore they knew or should have known that Count VIII is without substantial facts or legal support. [DE 67, pg. 2].

Specifically, Plaintiff claims that the statute upon which Defendant Gallaher and Defendant Haunert's claim was premised, Fla. Stat. § 501.142, solely applies to inanimate, fungible objects and does not apply to a horse, which is a "unique, individual, sentient being." [DE 67, pg. 3]. Indeed, because Victorio is a living being who has received training unique to his own nature and character as a "specifically-trained showjumping equine athlete," Plaintiff asks the Court to consider Victorio "custom-made" and therefore exempt from Fla. Stat. § 501.142. Plaintiff points to the Honorable United States District Judge Kenneth A. Marra's recent decision in *Zendejas v. Redman,* in which Judge Marra found that a show jumping horse was not a product in the context of strict liability and the applicability of the economic loss rule, to support this contention. *Zendejas v. Redman,* No. 15-81229-CIV, 2017 WL 2547202, at *6 (S.D. Fla. June 13, 2017). Plaintiff also points to language in the statute which specifies that a refund should be provided upon return of a consumer good "within seven days of the date of purchase, provided the merchandise is unused **and in the original carton,** if one was furnished." Fla. Stat. § 501.142(1).

---

[1] The Court notes that Plaintiff's Motion states that it is brought on behalf of Plaintiff, Plain Bay Sales, and Third-Party Defendants, Katie Prudent, Henri Prudent, Adam Prudent, and Katie Monahan, Inc, against both Defendants Zume Gallaher and Paul Haunert. However, because Count VIII of the Counterclaim was brought solely by Defendant Gallaher solely against Plaintiff Plain Bay Sales, those two parties are the only parties that this Motion affects. Therefore, the Court will only refer to the appropriate Movant, Plain Bay Sales, as "Plaintiff" rather than to Plaintiff and the Third-Party Defendants as "Plaintiffs."

Plaintiff asserts that because the statute specifically mentions a "carton" which would contain the good, the statute only applies to inanimate, fungible objects.

Plaintiff argues that Defendant Gallaher and Defendant Haunert's assertion that Victorio is a "good" under Fla. Stat. § 501.142 is a contorted and unreasonable interpretation of the statute that would "lead to an absurd or harsh consequence which should be avoided." [DE 67, pg. 5]. Plaintiff alleges that Defendant Gallaher and Defendant Haunert knew or should have known that Count VIII is without substantial factual basis or legal support, and they brought this claim for the improper purpose of harassing and delaying Plaintiff. Thus, Plaintiff is entitled to the posting of a bond by Defendant Gallaher and Defendant Haunert to indemnify Plaintiff for the damages incurred by the allegation.

Plaintiff also asks the Court to consider dismissing Count VIII in light of its assertion that Victorio cannot be considered a "good" under Fla. Stat. § 501.142. [DE 67, pg. 4]. The Court notes that there is a pending Motion to Dismiss at DE 63, and Defendants have filed a Response to that Motion at DE 84. That Motion to Dismiss will not be decided in this Order. Finally, Plaintiff raised a new argument in Footnote 2, asserting that there is no private right of action under Fla. Stat. § 501.142(1) because enforcement of the statute is "expressly reserved to the Department of Agriculture." [DE 67, pg. 5, f.n.2].

### b. Response

Defendants Gallaher and Haunert filed a Response to Plaintiff's Motion on March 15, 2019. [DE 83]. Defendants first address the proper parties to this Motion. Defendants point out that the only party with standing to bring the Motion is Plaintiff, Plain Bay Sales, the sole party against whom Claim VII is alleged. Similarly, and as noted in Footnote 1, Count VIII was brought

solely by Defendant Gallaher, and therefore, Defendants allege that Plaintiff may only seek a bond against Defendant Gallaher and not against Defendant Haunert.

Next, Defendant Gallaher argues that the imposition of any bond in this case is inappropriate because her FDUTPA claim is not frivolous or brought for harassment. Defendant Gallaher asserts that even if her FDUTPA claim is ultimately dismissed, a bond is only appropriate if the claim is frivolous or intended to harass, and Defendant's claim is based on a plain reading of Fla. Stat. § 501.142. Defendant asserts that not a single court has interpreted Fla. Stat. § 501.142, meaning that law on the application of the statute is, at best, unsettled. Further, Defendant points out that it was Plain Bay Sales which initiated this action, and therefore Count VIII was raised in response to Plaintiff's claims and not for the purpose of harassment. [DE 83, pg. 4].

Defendant Gallaher asserts that Plaintiff violated Fla. Stat. § 501.142 by not accepting return of Victorio within a week of his purchase. Fla. Stat. § 501.142 requires retail sales establishments who sell goods to the public and have no return or exchange policy to post a notice of the lack of such policy, and if they fail to post notice as required, the establishment must accept return of the goods within seven days of purchase. Fla. Stat. § 501.142(1). Defendant rejects Plaintiff's assertion that Victorio is not a "good" for the purpose of the statute and the FDUTPA. Defendant also disputes Plaintiff's argument that the statute referenced "cartons" because it solely contemplated inanimate, fungible objects. Defendant asserts that the qualifying language of the statute, "in the original carton, **if one was furnished**," means that the statute explicitly applies to goods that are *not* furnished in a carton. [DE 83, pg. 9].

Defendant Gallaher also rejects Plaintiff's assertion that Victorio is "custom-made" and therefore not encompassed by the statute. According to Defendant, the purpose of the limitation

7

contained in § 501.142(2), which excludes custom made goods from the statute's protection, is to prevent a seller from having to accept return of a good which was custom-made and therefore will be difficult to re-sell. [DE 83, pg. 9]. This logic does not apply to the sale of a horse, as Victorio remained in the exact same condition at the time of the sale and at the time of Ms. Gallaher's request for a refund. [DE 83, pg. 10]. Defendant also dismisses Plaintiff's reliance on Judge Marra's decision in *Zendejas v. Redman,* arguing that the instant statute has nothing to do with strict products liability. *Id.* Instead, Defendant asserts that the cases cited by Plaintiff found animals not to be "products" for the purposes of strict products liability because animals are not "fixed" when they enter the stream of commerce and therefore considering them to be a "product" would undermine the underlying policy of strict products liability, which is to "ensure that the costs of defective products are borne by those who manufacture them rather than by the injured individuals who have no ability to protect themselves." DE 83, pg. 10 (citing *Zendejas,* 2017 WL 2547202 at \*6).

Finally, Defendant addresses the argument that Fla. Stat. § 501.142 does not create a private right of action, asserted by Plaintiff in footnote 2 of its Motion. Defendant first asks the Court to ignore the argument made as it was improperly raised in a footnote and "asserted without any legal or factual support as to its relevant effect." [DE 83, pg. 12]. In the alternative, Defendant argues that statutes that do not create a private right of action can still serve as the basis for a *per se* FDUTPA claim, citing to Eleventh Circuit case law in which Judge Marra found that a plaintiff may seek relief for harm allegedly caused by a violation of FDUTPA under recognized common law and statutory vehicles for redress, despite the absence of a legislatively created right of action within the statutes themselves. *Pincus v. Speedpay, Inc.,* 161 F. Supp. 3d 1150, 1155 (S.D. Fla.

2015). Defendant maintains that her claim is meritorious but points out that even if the Court declines to agree, the Court should recognize that Count VIII is at minimum not frivolous and not brought for the purpose of harassment. [DE 83, pg. 13]. Thus, Defendant argues that the imposition of a bond is inappropriate in this case.

### c. Reply

Plaintiff filed a Reply on March 29, 2019. [DE 90]. The Reply solely concerns Plaintiff's argument that Fla. Stat. § 501.142 does not provide for a private right of action. Plaintiff argues that the statute specifically restricts enforcement to the Department of Agriculture and Consumer Services. [DE 90, pg. 1]. Plaintiff supports this assertion with the fact that there are no reported cases of private rights of action under the statute, despite its enactment in 2006. [DE 90, pg. 2]. Plaintiff also points to a 2015 legislative analysis of the statute which made no mention of a private right of action and specifically states that the Department of Agriculture and Consumer Services is charged with protecting consumers from deceptive business practices. *See* Florida Senate, Bill Analysis and Fiscal Impact Statement, SB 148, October 2, 2015, pg. 1. Plaintiff asserts that courts have repeatedly declined to infer the existence of a private cause of action to a regulatory statute, and argues that, because there is no clear, unambiguous and affirmative language creating a private cause of action in the instant statute, the Court should decline to allow Defendant Gallaher to pursue Count VIII of her counterclaim. Plaintiff concludes that at best, it is "not clear as to whether [Fla. Stat. § 501.142] applies to Victorio and allows a private right of action to Defendants, absent any clear expressed intent of the Legislature." [DE 90, pg. 4].

## III. ANALYSIS

### a. Standing

As a threshold matter, and as noted in Footnote 1 of this Order, Plaintiff's Motion improperly asks for a bond to be imposed jointly and severally against both Defendants Zume Gallaher and Paul Haunert on behalf of Plaintiff, Plain Bay Sales, and Third-Party Defendants, Katie Prudent, Henri Prudent, Adam Prudent, and Katie Monahan, Inc. However, because Count VIII of the Counterclaim was brought solely by Defendant Gallaher solely against Plaintiff Plain Bay Sales, those two parties, Defendant Zume Gallaher and Plaintiff Plain Bay Sales, are the only two parties that the pending Motion affects. Plaintiff improperly seeks a bond against both Defendant Gallaher and Defendant Haunert. Because Defendant Gallaher is the only party bringing Count VIII against Plaintiff, she is the only appropriate party to the pending Motion. Any bond sought against Defendant Haunert is **DENIED**, as Defendant Haunert is not bringing the FDUTPA claim against Plaintiff. This Order will only address Defendant Gallaher henceforth.

### b. Standard to Impose Bond Under Fla. Stat. § 501.211(3)

A Federal Court may require a party instituting a FDUPTA action to post a bond, pursuant to Florida Statute § 501.211(3). Specifically, § 501.211(3) provides:

> In any action brought under this section, upon motion of the party against whom such action is filed alleging that the action is frivolous, without legal or factual merit, or brought for the purpose of harassment, the court may, after hearing evidence as to the necessity therefore, require the party instituting the action to post a bond in the amount which the court finds reasonable to indemnify the defendant for any damages incurred, including reasonable attorney's fees. This subsection shall not apply to any action initiated by the enforcing authority.

Fla. Stat. § 501.211(3).

Florida courts have found the bond requirement appropriate when needed to "provide defendants an opportunity for redress for harassment rather than to discourage plaintiffs from seeking access to the courts." *Icon Health & Fitness, Inc. v. IFITNESS, Inc.*, No. 12-20125-CIV, 2012 U.S. Dist. LEXIS 46830, *2, (S.D. Fla April 2, 2012) (citing *Hamilton v. Palm Chevrolet-Oldsmobile, Inc.*, 366 So.2d 1233, 1234 (Fla. Dist. Ct. App. 1979)). To demonstrate that a bond is necessary, the defending party must prove that the action is frivolous, for the purpose of harassment, or otherwise without merit. *Cayman Sec. Clearing & Trading Ltd. v. Frankel*, No. 8:18-CV-2869-T-33CPT, 2019 WL 194251, at *1 (M.D. Fla. Jan. 15, 2019). If the plaintiff fails to refute the evidence that the claim is frivolous or meritless, the Court will conduct an evidentiary hearing on the merits of the action to determine the appropriateness and amount of a bond. *See Sanborn v. Jagen Pty. Ltd.*, No. 8:10-cv-142-T-30-MAP, 2010 WL 1730756, at *2 (M.D. Fla. Apr. 28, 2010) (holding bond hearing was necessary after the plaintiff failed to refute the defendant's evidence that the FDUPTA claim was frivolous). If, after holding an evidentiary hearing, it is apparent that the action lacks merit, the Court may require the plaintiff to post a bond. *Icon Health & Fitness, Inc.*, 2012 U.S. Dist. LEXIS 46830 at 2 (citing *Hamilton*, 366 So. 2d at 1234-35)). The determination of whether a plaintiff should be required to post a bond is within the court's discretion. *Mukamal v. Bakes*, No. 07-20793-CIV, 2008 WL 11406180, at *3 (S.D. Fla. Sept. 11, 2008).

### c. **Whether Count VIII is Frivolous or Brought for the Purpose of Harassment**

First, Plaintiff has presented no evidence that Count VIII is frivolous, or that the Count was brought for the purpose of harassment. As explained below, at this juncture of the case and without prejudice to any future ruling on the merits of Count VII, Count VIII is arguably not meritless and

therefore is not frivolous. Considering Count VIII is but one of thirteen causes of action asserted in Defendants' Counterclaim [DE 50], and as it is Plaintiff who initially instituted this action, it is unlikely that Defendant Gallaher has brought Count VIII merely for the purpose of harassing Plaintiff, but rather brought the claim in good faith in order to litigate the merits of the claim in court. And, there is simply no evidence adduced by Plaintiff to support its request for a bond. That is, Plaintiff has presented no evidence that Count VIII is frivolous or brought for the purpose of harassment. Therefore, no evidentiary hearing is necessary.

### d. **Whether Count VIII is without Merit**

Plaintiff rests its assertion that it is entitled to a bond in this case by asserting that Count VIII is meritless for two reasons. First, Plaintiff claims that Count VIII is premised upon an "overly attenuated and implausible interpretation and application of Fla. Stat. § 501.142," because § 501.142 only applies to inanimate, fungible objects and not to racing horses. Fla. Stat. § 501.142 states, in relevant part:

> (1) The regulation of refunds is preempted to the Department of Agriculture and Consumer Services notwithstanding any other law or local ordinance to the contrary. Every retail sales establishment offering goods for sale to the general public that offers no cash refund, credit refund, or exchange of merchandise must post a sign so stating at the point of sale. Failure of a retail sales establishment to exhibit a "no refund" sign under such circumstances at the point of sale shall mean that a refund or exchange policy exists, and the policy shall be presented in writing to the consumer upon request. Any retail establishment failing to comply with the provisions of this section shall grant to the consumer, upon request and proof of purchase, a refund on the merchandise, within 7 days of the date of purchase, provided the merchandise is unused and in the original carton, if one was furnished. Nothing herein shall prohibit a retail sales establishment from having a refund policy which exceeds the number of days specified herein. However, this subsection does not prohibit a local government from enforcing the provisions established by this section.
>
> (2) The provisions of this section shall not apply to the sale of food, perishable goods, goods which are custom made, goods which are custom altered at the request of the customer, or goods which cannot be resold by the merchant because of any law, rule, or regulation adopted by a governmental body.

Fla. Stat. § 501.142(1) and (2).

Plaintiff alleges that Count VIII lacks merit because the statute that the claim is premised on does not apply to racing horses. Plaintiff argues that the statute's inclusion of the phrase, "in the original carton," means that the statute only applies to inanimate objects. Plaintiff also points to Victorio's specialized training as a racehorse to suggest that the horse is unique and therefore should be considered "custom-made" for the purpose of the statute. While Plaintiff presents a persuasive argument that Victorio should not constitute a good for the purpose of the statute, Defendant Gallaher counters many of these arguments in a reasonable and logical fashion. Defendant suggests that the statute's qualifying language "in the original carton, *if one was furnished*," suggests that the statute actually does contemplate the protection of goods that do not come in a carton. Further, Defendant argues that Victorio is not custom-made in the sense that he was specifically trained for Defendant Gallaher's needs, but rather he is a trained racehorse who presents with the same qualities regardless of the purchaser. Therefore, the Horse is not the kind of custom-good intended to be excepted by the statute.

After a careful review of the arguments presented in the parties' papers, there is plainly a bona fide legal dispute as to whether Victorio qualifies as a good under Fla. Stat. § 501.142(1). It is clear, considering this legal dispute, that while Defendant's FDUPTA counterclaim may not ultimately prevail, it is certainly not so meritless or frivolous as to warrant the necessity of an evidentiary hearing or a bond. *See Mukamal v. Bakes*, No. 07-20793-CIV, 2008 WL 11406180, at *4 (S.D. Fla. Sept. 11, 2008) ("Although [the Court] ultimately concluded that the FDUTPA Counts lacked merit, this conclusion does not mean that the claims were frivolous or that Plaintiff brought this action with the intent to harass Defendants.")

Second, Plaintiff asserts that Count VIII is meritless because Fla. Stat. § 501.142(1) does not provide for a private right of action. The Court rejects this argument, at this stage of the proceeding, and without prejudice to any further court ruling on a motion to dismiss or summary judgment motion, for two reasons.

First, Plaintiff only raised this argument in a footnote to its Motion, and the argument was asserted without any factual or legal support. Plaintiff explained this argument in more detail in its Reply at DE 90. Addressing a legal argument only in a footnote is an incorrect method to present substantive arguments on the merits. *Connor v. Midland Credit Mgmt., Inc.*, No. 18-23023-CIV, 2019 WL 717413, at *4, n. 1 (S.D. Fla. Feb. 20, 2019) (citing *Mazzeo v. Nature's Bounty, Inc.*, No. 14-60580, 2014 WL 5846735, at *2 n.1 (S. D. Fla. Nov. 12, 2014) (not considering argument raised in a footnote); *see also Mock v. Bell Helicopter Textron, Inc.*, 373 F. App'x 989, 992 (11th Cir. 2010) (deeming argument waived because it was raised only in a footnote)). While the Court finds that Plaintiff waived this argument by merely presenting it in a footnote to its Motion, it will still consider the merits of Plaintiff's assertion.

Second, like the dispute over whether Victorio can be considered a "good" for the purposes of Fla. Stat. § 501.142, whether Fla. Stat. § 501.142 provides for a private right of action is also a bona fide legal dispute at this stage of the case. Plaintiff argues that the statute specifically restricts enforcement to the Department of Agriculture and Consumer Services and points to the fact that there are no reported cases of private rights of action under the statute, despite its enactment in 2006. In response, Defendant relies on *Pincus v. Speedpay, Inc.*, 161 F. Supp. 3d 1150, 1155 (S.D. Fla. 2015), where Judge Marra found that a plaintiff may seek relief for harm allegedly caused by a violation of FDUTPA under recognized common law and statutory vehicles for redress, despite

14

the absence of a legislatively created right of action within the statutes themselves, to support her contention that she may bring a private cause of action for an alleged violation of Fla. Stat. § 501.142. It appears that no court has considered whether a violation of this statute may serve as a predicate for a FDUTPA claim. Indeed, Plaintiff, in its Reply, summed up the issue quite clearly: "Transcending the debate of semantics....is the conclusion that the statute is, at best, not clear as to whether it applies to Victorio and allows a private right of action to Defendants, absent any clear, expressed intent of the Legislature." [DE 90, pg. 4]. At this stage of litigation, the Court agrees, and declines to find that Defendant Gallaher's allegation in Count VIII is meritless. Plaintiff has filed its Motion to Dismiss Counterclaim [DE 63], where it can more appropriately argue the merits, or lack thereof, of Count VIII[2]. Further, since Plaintiff has produced no evidence to support its argument that Count VIII is meritless, frivolous, or brought for the purpose of harassment, an evidentiary hearing is not necessary and will not be held.

In light of the foregoing, it is hereby **ORDERED AND ADJUGDED** that Plaintiff's Motion for Posting of Bond pursuant to Fla. Stat. § 501.211(3) [DE 67] is **DENIED**.

**DONE and ORDERED** in Chambers this 24th day of April, 2019, at West Palm Beach, Palm Beach County in the Southern District of Florida.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court also notes that Count VIII is but one count in a Counterclaim that contains twelve other allegations. The Court will not attempt to determine the specific amount of Plaintiff's damages and attorney's fees attributable solely to Count VIII of the Counterclaim. *See Cayman Sec. Clearing & Trading Ltd,* 2019 WL 194251 at *2.