UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:18-cv-80581-Matthewman

Plain Bay Sales, LLC,
*a Florida limited liability company*,

    Plaintiff and Counter Defendant,

v.

Zume Gallaher, *et al.*,

    Defendants, Counterclaimants,
    and Third Party Plaintiffs,

v.

Katie Prudent, Adam Prudent, Henri
Prudent, and Katie Monahan, Inc.,

    Third Party Defendants and
    Fourth Party Plaintiffs,

v.

Zume Gallaher, Paul Haunert, Neil
Jones, and Jonathen Craig Yates,

    Fourth Party Defendants.
_____/



FILED BY ___ D.C.
NOV 21 2019
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## **ORDER GRANTING THIRD PARTY COMPLAINT DEFENDANT JONATHEN CRAIG YATES' MOTION TO DISMISS THIRD PARTY COMPLAINT [DE 159]**

THIS CAUSE is before the Court on Third Party Complaint Defendant Jonathen Craig Yates's Motion to Dismiss Third Party Complaint. [DE 159]. The motion is fully briefed. Thus, this matter is ripe for review. For the reasons that follow, the Court GRANTS Third Party Complaint Defendant Yates's Motion to Dismiss Third Party Complaint [DE 159]. Counts I-V of the Third Party Complaint [DE 124] are DISMISSED as to Third Party Complaint Defendant

Jonathen Craig Yates.

## I. Background

This case involves a complicated procedural history. Plaintiff filed its original Complaint on May 3, 2018 and filed its First Amended Complaint [DE 38] on August 31, 2018 after the Court granted in part and denied in part Defendants Gallaher and Haunert's motion to dismiss [DE 37]. The First Amended Complaint [DE 38] asserted claims against both Defendant Gallaher and Defendant Haunert related to the sale of a competitive show horse that Plaintiff Plain Bay contends Defendants interfered with unlawfully. The Court then granted in part and denied in part Defendants' motion to dismiss the First Amended Complaint, dismissing Count IV of the Amended Complaint with prejudice. [DE 51].

Defendants then counterclaimed against Plaintiff and asserted third party claims against Katie Prudent, Adam Prudent, Henri Prudent, and Katie Monahan, Inc. (collectively, "the Prudent Parties") [DE 116]. The Prudent Parties, for their part, counterclaimed against Defendants Gallaher and Haunert and raised claims against two new parties, Third Party Complaint Defendants Neil Jones and Jonathen Craig Yates. [DE 124].

On November 4, 2019, the Court granted Plaintiff Plain Bay leave to again amend its Complaint. [DE 190]. In its Second Amended Complaint, Plaintiff Plain Bay added claims against Third Party Complaint Defendants Jones and Yates. *See* DE 191. The Prudent Parties each then voluntarily dismissed their claims against Third Party Complaint Defendant Jones with prejudice. [DEs 192, 193, 194, 195]. Thus, the Court denied Third Party Complaint Defendant Jones's motion to dismiss the Third Party Complaint [DE 140] as moot. Third Party Complaint Defendant Yates's motion to dismiss the Third Party Complaint [DE 159], however, remains pending and is the

2

subject of this Order. The Court will address Defendants Gallaher and Haunert's pending motion to dismiss the Third Party Counterclaim [DE 143] against them in a separate order.

## II. Legal Standard

Fed. R. Civ. P. 8(a)(2) requires "'only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When a court considers a motion to dismiss under Fed. R. Civ. P. 12(b)(6), it must accept the factual allegations in the complaint as true and decide whether the allegations "raise a right to relief above a speculative level." *Id.* at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. Analysis and Discussion

The Third Party Complaint [DE 116] raises five claims against Yates: tortious interference with prospective business relationships (Count I); tortious interference with other business relationships (Count II); commercial defamation (Count III); conspiracy to interfere with contract and other relationships, to defame, and to interfere with a witness (Count IV); and violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count V). Yates seeks to dismiss each count against him, thus, the Court considers each in turn.

## A. Count I: Tortious Interference with Prospective Business Relationships

Regarding Count I, tortious interference with prospective business relationships, federal courts sitting in diversity jurisdiction apply the law of the forum state when deciding claims originating in state law. *See Goodwin v. George Fischer Foundry Sys., Inc.*, 769 F.2d 708, 711 (11th Cir. 1985); *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). Under established Florida law, a claim for tortious interference with a contract or business relationship requires (1) "the existence of a business relationship between the plaintiff and a third person . . . under which the plaintiff has legal rights"; (2) the defendant's knowledge of that contract or business relationship; (3) "an intentional and unjustified interference with the relationship by the defendant which induces or otherwise causes the third person not to perform"; and (4) damages. *Seminole Tribe of Fla. v. Times Pub. Co.*, 780 So. 2d 310, 315 (Fla. 4th DCA 2001); *Coach Servs., Inc. v. GTE Directories Corp.*, 752 F. Supp. 2d 1271, 1273 (S.D. Fla. 2010) (applying Florida law); *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla. 1994).

Yates contends that the Prudent Parties were not privy to the contract of sale for the horse Victorio between Plaintiff Plain Bay and Defendant Gallaher that is the subject of this action and, thus, "ha[ve] no legal rights in the sale and resale of Victorio" and "do not sufficiently allege any other business relationships with which Yates purportedly interfered." [DE 159, p. 4]. The Prudent Parties largely fail to address Yates's legal argument, instead referring the Court to Plaintiff Plain Bay's Second Amended Complaint [DE 191], stating that it "discuss[es] at length the business for which interference was claimed and the manner of the interference." [DE 175, p. 6].

The Court finds that the Prudent Parties lack standing to assert a claim for tortious interference with prospective business relationships on Plaintiff Plain Bay's behalf. The original

contract at issue in this litigation was between Plaintiff Plain Bay and Defendant Gallaher. The Prudent Parties were not parties to that agreement nor were they involved in their personal capacities with the sale of Victorio. Even Adam Prudent, sole owner of Plaintiff Plain Bay [DE 124, ¶ 4], has no individual standing to sue any of the parties involved for tortious interference with Plaintiff Plain Bay's business relationships as the contract between Plaintiff Plain Bay and Defendant Gallaher did not assign Adam Prudent any legal rights, the first requirement for a claim for tortious interference. *See Seminole Tribe of Fla.*, 780 So. 2d at 315; *see also KMS Restaurant Corp. v. Wendy's Int'l, Inc.*, 361 F.3d 1321, 1324-25 (11th Cir. 2004) (holding that the chairman of a company could not personally assert a claim for tortious interference where the operative contract assigned him no legal rights of his own, rather his company was the proper plaintiff); *Becker Designs, Inc. v. Biker Design, Inc.*, No. 6-56, 2006 WL 2444075, at *2 (S.D. Fla. Aug. 22, 2006).

Because the Prudent Parties lack standing to assert a claim for tortious interference with prospective business relationships, the Court DISMISSES Count I of the Third Party Complaint [DE 116] as to Third Party Complaint Defendant Yates.

### B. Count II: Tortious Interference with Other Business Relationships

Count II is similarly disposed of. As discussed above, the Prudent Parties have no legal rights under any agreement or relationship relating to the sale of Victorio that would give them standing to sue Yates for tortious interference. Thus, because the Prudent Parties lack standing to assert a claim for tortious interference with other business relationships, the Court DISMISSES Count II of the Third Party Complaint [DE 116] as to Third Party Complaint Defendant Yates.

### C. Count III: Commercial Defamation

Turning to Count III, commercial defamation, under Florida state law a claim for defamation has five elements: "(1) publication; (2) falsity; (3) [the] actor must act . . . negligently on a matter concerning a private person; (4) actual damages; and (5) [the] statement must be defamatory." *Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008). Much as he does regarding the two claims previously discussed, Yates argues the Prudent Parties simply do not have any colorable claim for defamation as none of them (except Adam Prudent) had any affiliation with Plaintiff Plain Bay, which owned the horse Victorio, and thus could not be personally defamed based on statements and videos about Plaintiff Plain Bay and Victorio. As to Adam Prudent, sole owner of Plain Bay, Yates maintains that he has no individual standing to sue for defamation on Plaintiff Plain Bay's behalf. The Prudent Parties seemingly misapprehend Yates's argument, merely noting that they did not allege that any of them were "principals or officers of Plain Bay." [DE 175, p. 6].

The Court cannot discern any relevance in the Prudent Parties' argument. None of them have a right to sue on Plaintiff Plain Bay's behalf for alleged defamation aimed at Plaintiff Plain Bay. *See Pentair Filtration Solutions, LLC v. Superior Water Sys. Co. Inc.*, No. 12-62163, 2013 WL 12091626, at *3 (S.D. Fla. Nov. 15, 2013); *McBride v. Crowell-Collier Pub. Co.*, 196 F.2d 187, 189 (5th Cir. 1952). Thus, the Court DISMISSES Count III of the Third Party Complaint [DE 116] as to Third Party Complaint Defendant Yates.

### D. Count IV: Conspiracy

Count IV rises and falls with Counts I, II, and III as Count IV claims a conspiracy among Yates and Defendant Haunert to commit the torts alleged in Counts I, II, and III. [DE 124, ¶¶ 117-

120]. Under Florida law, an "actionable conspiracy [claim] requires an actionable underlying tort or wrong." *Raimi v. Furlong*, 702 So. 2d 127, 128 (Fla. 3d DCA 1997). Because the Prudent Parties lack standing to assert Counts I, II, and III, the Court DISMISSES Count IV of the Third Party Complaint [DE 116] as to Third Party Complaint Defendant Yates.

### E. Count V: Violation of Florida Deceptive and Unfair Trade Practices Act

Finally, the Prudent Parties allege that Yates committed deceptive and unfair trade practices in violation of FDUPTA through the "anti-competitive, deceptive and unfair acts" described in the Second Amended Complaint. [DE 124, ¶ 123]. Yates argues that "[a]ll of the allegedly defamatory statements" at-issue in the Second Amended Complaint "concern Plain Bay and the qualities and abilities of its horse Victorio, and Plain Bay's efforts to sell the horse." [DE 159, p. 15]. The Prudent Parties again largely fail to address Yates's arguments, only remarking that "Yates does not elaborate on the argument of failure to state a claim and the insufficient standing argument has been addressed above." [DE 175, p. 7].

Ultimately, Yates is correct that even if the Court assumes that, as the Prudent Parties allege, Yates engaged in "anti-competitive, deceptive and unfair acts" related to the sale of Victorio by Plaintiff Plain Bay, "the purported acts were directed at Plain Bay, not the" Prudent Parties. [DE 159, p. 15]. Thus, just as the Court found regarding the Prudent Parties' tortious interference and defamation claims, the Prudent Parties have no standing to sue Yates on Plaintiff Plain Bay's behalf for conduct solely directed at Plain Bay. Because the Prudent Parties lack standing to assert Count V, the Court DISMISSES Count V of the Third Party Complaint [DE 116] as to Third Party Complaint Defendant Yates.

As all the Prudent Parties' claims against Yates are insufficiently pled, dismissal of the

Third Party Complaint [DE 159] is appropriate.

## IV. Requirements for an Amended Pleading

The Court has considered dismissing the Third Party Complaint [DE 159] as to Yates with prejudice but instead will dismiss the Third Party Complaint [DE 159] as to Yates without prejudice to the Prudent Parties ability to refile their Third Party Complaint if they chose to do so, and if they are able to do so pursuant to the requirements of Federal Rule of Civil Procedure 11. The Court advises the Prudent Parties that any Amended Third Party Complaint they choose to file should cure the pleading inadequacies identified herein. Based upon the lack of any identifiable contractual or legal relationship between the Prudent Parties (as opposed to Plaintiff Plain Bay) and Yates, the Court suspects that the Prudent Parties will be unlikely to cure the Third Party Complaint's deficiencies merely by amending their Third Party Complaint. However, the Court will not dismiss the Third Party Complaint with prejudice at this time. If an Amended Third Party Complaint is filed, Yates may reassert any arguments raised in his motion to dismiss as to any Amended Third Party Complaint, to the extent they remain applicable. Any re-pled claims that do not meet the required pleading standards will be dismissed with prejudice.

## V. Conclusion

The Prudent Parties have attempted to assert claims on behalf of Plaintiff Plain Bay related to conduct solely directed at Plaintiff Plain Bay. This, they cannot do. In light of the foregoing, the Court **GRANTS** Third Party Complaint Defendant Yates's Motion to Dismiss Third Party Complaint [DE 159] and **DISMISSES WITHOUT PREJUDICE** Counts I-V of the Third Party Complaint as to Defendant Jonathen Craig Yates. The Prudent Parties shall have 14 days from the date of this Order to file any Amended Third Party Complaint.

**DONE and ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 21ST day of November, 2019.

WILLIAM MATTHEWMAN
United States Magistrate Judge