UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:18-cv-80581-Matthewman

Plain Bay Sales, LLC,
*a Florida limited liability company*,

    Plaintiff and Counter Defendant,

v.

Zume Gallaher, *et al.*,

    Defendants, Counterclaimants,
    and Third Party Plaintiffs,

v.

Katie Prudent, Adam Prudent, Henri
Prudent, and Katie Monahan, Inc.,

    Third Party Defendants and
    Fourth Party Plaintiffs,

v.

Zume Gallaher, Paul Haunert, Neil
Jones, and Jonathen Craig Yates,

    Fourth Party Defendants.
_____/



FILED BY _____ D.C.

JAN 14 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## ORDER GRANTING THIRD PARTY COUNTERCLAIM DEFENDANTS GALLAHER AND HAUNERT'S MOTION TO DISMISS THIRD PARTY COUNTERCLAIM [DE 143]

THIS CAUSE is before the Court on Third Party Counterclaim Defendants Zume Gallaher ("Gallaher") and Paul Haunert's ("Haunert") Motion to Dismiss, and Alternative Motion to Strike Portions of, the Third-Party Counterclaim [DE 143]. The motion is fully briefed. Thus, this matter is ripe for review. For the reasons that follow, the Court grants the motion. The Third Party Counterclaim [DE 124] is dismissed as to Gallaher and Haunert in its entirety without prejudice to

the ability to re-file an Amended Third Party Counterclaim.

## I. <u>Background</u>

As stated in the Court's prior Order dismissing the Third Party Complaint as to Third Party Complaint Defendant Yates [DE 198], this case involves a complicated procedural history. Plaintiff Plain Bay Sales filed its original Complaint on May 3, 2018 and filed its First Amended Complaint [DE 38] on August 31, 2018 after the Court granted in part and denied in part Defendants' motion to dismiss [DE 37]. The First Amended Complaint asserted claims against both Gallaher and Haunert related to the sale of a competitive show horse that Plaintiff contends they interfered with unlawfully. The Court then granted in part and denied in part Defendants' motion to dismiss the First Amended Complaint, dismissing Count IV of the Amended Complaint with prejudice. [DE 51].

Defendants then counterclaimed against Plaintiff and asserted third party claims against Katie Prudent, Adam Prudent, Henri Prudent, and Katie Monahan, Inc. (collectively, "the Prudent Parties") [DE 50]. The Prudent Parties, for their part, counterclaimed against Gallaher and Haunert (now Third Party Counterclaim Defendants) and raised claims against two new parties, Third Party Complaint Defendants Neil Jones and Jonathen Craig Yates. [DE 124]. The Court then granted in part a motion to dismiss Defendants' Third Party Counterclaim [DE 101], allowing Gallaher and Haunert to file an Amended Counterclaim. They did so on June 3, 2019. [DE 116].

On November 4, 2019, the Court granted Plaintiff leave to again amend its Complaint. [DE 190]. In its Second Amended Complaint, Plaintiff added claims against Third Party Complaint Defendants Jones and Yates. *See* DE 191. The Prudent Parties each then voluntarily dismissed their claims against Third Party Complaint Defendant Jones with prejudice. [DEs 192, 193, 194,

2

195]. Thus, the Court denied Third Party Complaint Defendant Jones's motion to dismiss the Third Party Complaint as moot. [DE 196]. The Court then granted Third Party Complaint Defendant Yates' Motion to Dismiss the Third Party Complaint on November 21, 2019. [DE 198]. Thus, as to the Third Party Counterclaim and Complaint [DE 159], the only remaining motion is Gallaher and Haunert's Motion to Dismiss Third Party Counterclaim [DE 143], which is the subject of this Order.

## II. Legal Standard

Fed. R. Civ. P. 8(a)(2) requires "'only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When a court considers a motion to dismiss under Fed. R. Civ. P. 12(b)(6), it must accept the factual allegations in the complaint as true and decide whether the allegations "raise a right to relief above a speculative level." *Id.* at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. Analysis and Discussion

The Third Party Counterclaim raises three claims against Gallaher for vicarious liability (Count VI); malicious prosecution (Count VII); and abuse of process (Count VIII) and eight claims against Haunert for tortious interference with prospective business relationships (Count I); tortious

3

interference with other business relationships (Count II); commercial defamation (Count III); conspiracy to interfere with contract and other relationships, to defame, and to interfere with a witness (Count IV); violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count V); and, along with Gallaher, Counts VII and VIII. Gallaher and Haunert now seek to dismiss each count of the Third Party Counterclaim [DE 124] against them, thus, the Court considers each in turn.

### A. Count I: Tortious Interference with Prospective Business Relationships

Regarding Count I, tortious interference with prospective business relationships, federal courts sitting in diversity jurisdiction apply the law of the forum state when deciding claims originating in state law. *See Goodwin v. George Fischer Foundry Sys., Inc.*, 769 F.2d 708, 711 (11th Cir. 1985); *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). Under established Florida law, a claim for tortious interference with a contract or business relationship requires (1) "the existence of a business relationship between the plaintiff and a third person . . . under which the plaintiff has legal rights"; (2) the defendant's knowledge of that contract or business relationship; (3) "an intentional and unjustified interference with the relationship by the defendant which induces or otherwise causes the third person not to perform"; and (4) damages. *Seminole Tribe of Fla. v. Times Pub. Co.*, 780 So. 2d 310, 315 (Fla. 4th DCA 2001); *Coach Servs., Inc. v. GTE Directories Corp.*, 752 F. Supp. 2d 1271, 1273 (S.D. Fla. 2010) (applying Florida law); *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla. 1994).

Haunert argues that Count I should be dismissed because the Prudent Parties "fail to allege the existence of either an existing or prospective business relationship with identifiable customers, and they fail to properly allege Haunert interfered with [a] business relationship between Gallaher

4

and [Plaintiff]." [DE 143, p. 4]. The Prudent Parties largely fail to present any argument in response, instead stating that their Third Party Counterclaim "discuss[es] at length the business for which interference was claimed and the manner of the interference." [DE 174, p. 8]. They also state that just because the Third Party Counterclaim "also states that Defendants conspired to interfere with the ability of [Plaintiff] and the Prudent Parties to operate in the California market . . . and sell to other potential customers there does not transform a sufficiently-pled set of tortious interference allegations into claims to be dismissed." *Id.*

To those who have read the Court's prior Order dismissing the Third Party Complaint as to Third Party Complaint Defendant Yates [DE 198], the Court's findings in this Order should sound familiar. The Court finds that the Prudent Parties lack standing to assert a claim for tortious interference with prospective business relationships on Plaintiff's behalf. The original contract at issue in this litigation was between Plaintiff and Gallaher. The Prudent Parties were not parties to that agreement nor were they involved in their personal capacities with the sale of Victorio. Even Adam Prudent, sole owner of Plaintiff Plain Bay [DE 124, ¶ 4], has no individual standing to sue any of the parties involved for tortious interference with Plaintiff's business relationships as the contract between Plaintiff and Gallaher did not assign Adam Prudent any legal rights, the first requirement for a claim for tortious interference. *See Seminole Tribe of Fla.*, 780 So. 2d at 315; *see also KMS Restaurant Corp. v. Wendy's Int'l, Inc.*, 361 F.3d 1321, 1324-25 (11th Cir. 2004) (holding that the chairman of a company could not personally assert a claim for tortious interference where the operative contract assigned him no legal rights of his own, rather his company was the proper plaintiff); *Becker Designs, Inc. v. Biker Design, Inc.*, No. 6-56, 2006 WL 2444075, at *2 (S.D. Fla. Aug. 22, 2006).

Because the Prudent Parties lack standing to assert a claim for tortious interference with prospective business relationships, the Court DISMISSES Count I of the Third Party Counterclaim as to Haunert.

### B. Count II: Tortious Interference with Other Business Relationships

Count II is similarly disposed of. As discussed above and in the Court's prior Order on Third Party Complaint Defendant Yates' motion to dismiss the Third Party Complaint [DE 198], the Prudent Parties have no legal rights under any agreement or relationship relating to the sale of Victorio that would give them standing to sue Haunert for tortious interference. Thus, because the Prudent Parties lack standing to assert a claim for tortious interference with other business relationships, the Court DISMISSES Count II of the Third Party Counterclaim as to Haunert.

### C. Count III: Commercial Defamation

Turning to Count III, commercial defamation, under Florida state law a claim for defamation has five elements: "(1) publication; (2) falsity; (3) [the] actor must act . . . negligently on a matter concerning a private person; (4) actual damages; and (5) [the] statement must be defamatory." *Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008).

Haunert contends that Count III should be dismissed because the Prudent Parties "never sufficiently allege Haunert published anything regarding the Horse that was false." [DE 143, p. 9]. The Prudent Parties again fail to present much argument in response, stating that Count III "is replete with allegations of the false statements." [DE 174, p. 9]. They also point to paragraph 47 of the Third Party Counterclaim which lists various classes Plaintiff's horse Victorio completed and states that the horse became a national show jumping champion in 2018 as supporting Count III. *Id.*

The Third Party Counterclaim never alleges that one of the two videos allegedly depicting Plaintiff's horse failing to complete certain tasks was in fact false (i.e., that the horse depicted was not Plaintiff's horse or that the video had been falsely edited). As to the Prudent Parties' assertion that Haunert's alleged statements that Plaintiff's horse was a "bad horse," constitute defamation [DE 174, p. 9], Florida law is clear that personal opinions cannot be defamatory. *See Coleman v. Collins*, 384 So.2d 229, 231-32 (Fla. 5th DCA 1980). Further, even if the Prudent Parties had sufficiently alleged defamation (and they have not), Count III still would be dismissed as none of them have a right to sue on Plaintiff's behalf for alleged defamation aimed at Plaintiff. *See Pentair Filtration Solutions, LLC v. Superior Water Sys. Co. Inc.*, No. 12-62163, 2013 WL 12091626, at *3 (S.D. Fla. Nov. 15, 2013); *McBride v. Crowell-Collier Pub. Co.*, 196 F.2d 187, 189 (5th Cir. 1952). Thus, the Court DISMISSES Count III of the Third Party Counterclaim as to Haunert.

### D. Count IV: Conspiracy

Count IV rises and falls with Counts I, II, and III as Count IV claims a conspiracy among Haunert and former Third Party Complaint Defendants Jones and Yates to commit the torts alleged in Counts I, II, and III. [DE 124, ¶¶ 117-120]. Under Florida law, an "actionable conspiracy [claim] requires an actionable underlying tort or wrong." *Raimi v. Furlong*, 702 So. 2d 127, 128 (Fla. 3d DCA 1997). Because the Prudent Parties have either failed to sufficiently plead or lack standing to assert Counts I, II, and III, the Court DISMISSES Count IV of the Third Party Counterclaim as to Haunert.

### E. Count V: Violation of Florida Deceptive and Unfair Trade Practices Act

In Count V, the Prudent Parties allege that Haunert committed deceptive and unfair trade practices in violation of FDUPTA through the "anti-competitive, deceptive and unfair acts"

7

described in the Second Amended Complaint. [DE 124, ¶ 123]. A claim under FDUPTA requires "(1) a deceptive act or unfair trade practice; (2) causation; and (3) actual damages." *Dolphin LLC v. WCI Cmtys., Inc.*, 715 F.3d 1243, 1250 (11th Cir. 2013).

Haunert argues that Count V should be dismissed because the Prudent Parties "do not plead actual damages." [DE 1143, p. 12]. In response, the Prudent Parties claim that "Defendants would have the Court try the issue of damages right now. That is not the purpose nor the proper purview of a Motion to Dismiss." [DE 174, p. 10]. The Prudent Parties assert that it is their "right, and obligation . . . to establish actual damages at trial." *Id.* That may be so, but at this stage the Prudent Parties also have an obligation to adequately plead their counterclaims against Haunert. *See Iqbal*, 556 U.S. at 678. They have failed to do so. The Prudent Parties claim their damages stem from the fact that Plaintiff's horse "could only be resold for approximately 50% of the" price Gallaher paid. *Id.* But such alleged damages are lost profits, not actual damages, and consequential damages such as loss profits are not recoverable under FDUPTA. *See Five for Entm't S.A. v. Rodriguez*, 877 F.Supp.2d 1321, 1331 (S.D. Fla. 2012).

Because the Prudent Parties fail to plead actual damages in Count V as required by Florida law, the Court DISMISSES Count V of the Third Party Counterclaim as to Haunert.

### F. Count VI: Vicarious Liability

In Count VI, the Prudent Parties allege that "[a]t all times relevant hereto . . . Haunert was the agent of Gallaher" [DE 124 ¶ 127] and thus Gallaher is vicariously liable for Haunert's actions. According to the Prudent Parties, when Haunert "took the aforesaid deceptive, unfair, anti-competitive and tortious actions" alleged in the Third Party Counterclaim, he was doing so "while employed by Gallaher, in the course of his employment with Gallaher, within the control of

8

Gallaher, and on behalf of or in service of Gallaher and incidental to his employment." *Id.* at ¶ 128.

Under Florida law, a claim for vicarious liability requires showing that a defendant's "employee committed [a] negligent act: (1) within the scope of employment, or (2) during the course of employment and to further a purpose or interest of the employer." *Valeo v. E. Coast Furniture Co.*, 95 So.3d 921, 925 (Fla. 4th DCA 2012). "Vicarious liability is a form of indirect liability in which a party, who may have not been negligent, can be held liable for the acts of another party." *Pembroke Lakes Mall Ltd. v. McGruder*, 137 So.3d 418, 431 (Fla. 4th DCA 2014). To hold a party liable for the acts of an agent or employee, a plaintiff must "sufficiently allege the elements of agency in addition to the elements of the underlying negligent act of the agent for which the plaintiff seeks to hold the principal liable." *Hong v. Kornfeld*, 339 F.Supp.3d 1323, 1347-48 (S.D. Fla. 2018).

Count VI is inconsistent with and contradicted by the Prudent Parties' own assertions. In their Third Party Counterclaim, the Prudent Parties repeatedly state that Haunert acted "outside the scope of an agency relationship with Gallaher and was acting on his own account[.]" *See id.* at ¶¶ 90, 98, 105. The Prudent Parties cannot have it both ways. They cannot assert a claim against Gallaher for vicarious liability while also claiming that Haunert acted outside the scope of any agency relationship with Gallaher.

The Court recognizes that both Gallaher and Haunert have asserted elsewhere that Defendant Haunert was acting in an agency capacity, but under Florida law it is the Prudent Parties' burden, not the Defendants', to establish such an agency relationship. *See Marchisio v. Carrington Mortgage Servs., LLC*, 919 F.3d 1288, 1311 (11th Cir. 2019) (citing *Regions Bank v.*

9

*Maroone Chevrolet, L.L.C.*, 118 So.3d 251, 255 (Fla. 3d DCA 2013)). Further, Count VI wholly fails to even identify for which acts of Haunert the Prudent Parties allege Gallaher is vicariously liable for, a fatal omission. *See Hong*, 339 F.Supp.3d at 1347-48. For both these reasons, the Court DISMISSES Count VI of the Third Party Counterclaim as to Gallaher.

### G. Count VII: Malicious Prosecution

Count VII alleges that Gallaher and Haunert's Amended Counterclaim/Third Party Claim [DE 116] against both Plaintiff and the Prudent Parties "was instigated with malice or without probable cause against the [Prudent Parties] in retaliation for" Plaintiff bringing this action against Defendants. [DE 124 ¶131-136].

To bring a claim for malicious prosecution, the Prudent Parties "must show: (i) that an original criminal or civil proceeding was commenced or continued, (ii) that the defendant was the legal cause of the proceeding, (iii) that the judicial proceeding was terminated in the plaintiff's favor, (iv) that probable cause for the proceeding was absent, (v) that malice was present, and (vi) that the plaintiff suffered resulting damage." *McCraney v. Barberi*, 677 So.2d 355, 356 (Fla. 1st DCA 1996) (citing *Burns v. GCC Beverages, Inc.*, 502 So.2d 1217, 1218 (Fla. 1986); *Harris v. Boone*, 519 So.2d 1065, 1067 (Fla. 1st DCA 1988)). Regarding the third element, that the original proceeding be terminated in the plaintiff's favor, such termination must be "bona fide," meaning that the suit was terminated on the merits. *See Valdes v. GAB Robins N. Am., Inc.*, 924 So.2d 862, 866-67 (Fla. 3d DCA 2006).

The Prudent Parties contend that the fact that the Court previously dismissed Count VI of Defendants' original counterclaim [DE 50], which was a claim for declaratory judgment related to the Prudent Parties' alleged violation of FDUTPA, constitutes the "bona fide" termination required

by Florida law to support a claim for malicious prosecution. [DE 124 ¶ 133]. Defendants argue Count VII should be dismissed because (1) their declaratory judgment claim was not in fact dismissed and is still pending and (2) even if their declaratory judgment claim was dismissed, that claim was only "one count of a complex ongoing litigation . . . [that the Prudent Parties] still could and should lose" [DE 143, p. 16] and thus was not a bona fide termination of their counterclaim.

Count VII must be dismissed. The Prudent Parties are simply incorrect that Defendants' declaratory action against them was dismissed. Although the Court did dismiss Count VI of Defendants' original counterclaim, it did so with leave to amend their counterclaim. Defendants did so and Count VI of their original counterclaim is now Count VI of their Amended Counterclaim/Third Party Complaint, which has not been dismissed. Thus, that claim is still pending, and no bona fide termination has occurred. Further, under Florida law, a claim for malicious prosecution "may not be brought as a counterclaim when directed against the filing of some or all of the counts in the pending main action[.]" *Blue v. Weinstein*, 381 So.2d 308, 311 (Fla. 3d DCA 1980). Instead, claims for malicious prosecution must be raised as separate actions by a victorious defendant *after* the suit which is claimed to be malicious has concluded. *See Cox v. Klein*, 546 So.2d 120, 121 (Fla. 1st DCA 1989).

For both these reasons, the Court DISMISSES Count VII of the Third Party Counterclaim as to Gallaher and Haunert.

### H. Count VIII: Abuse of Process

The remaining claim of the Prudent Parties' Third Party Counterclaim is Count VIII, abuse

of process.[1] In that Count, the Prudent Parties allege that Gallaher and Haunert have "publicly use[d]" their Amended Third Party Counterclaim "to take anti-competitive acts against" the Prudent Parties to "exclude them from certain markets[] and to defame them." [DE 124 ¶138]. They also claim that Defendants', through their Third Party Counterclaim, "plan to and will continue to issue process in this matter in an illegal, improper or perverted use of the judicial process." *Id.* at ¶141.

Defendants argue Count VIII should be dismissed because the Prudent Parties "have not alleged any acts constituting misuse of process, and the mere filing of a lawsuit and having process served does not constitute an abuse of process." [DE 143, p. 16]. Further, Defendants claim protection under the litigation privilege. *Id.* In response, the Prudent Parties fail to identify any acts constituting misuse of process but instead argue that the litigation privilege does not apply here as they have "allleg[ed] that the acts [constituting misuse of process] are *outside* the litigation (though after it commenced)." [DE 174, p. 12] (emphasis in original).

The elements for a claim of abuse of process under Florida law are "(1) that the defendant made an illegal, improper, or perverted use of process; (2) that the defendant had ulterior motives or purposes in exercising such illegal, improper, or perverted use of process; and (3) that, as a result of such action on the part of the defendant, the plaintiff suffered damage." *S & I Investments v. Payless Flea Mkt., Inc.*, 36 So.3d 909, 917 (Fla. 4th DCA 2010). However, a claim for abuse of process does not allow plaintiffs to attack defendants merely for filing a lawsuit. *Id.* Rather, there must be an "allegation of a post-issuance act other than service of what was issued." *Id.* Thus,

---

[1] The Prudent Parties' Third Party Counterclaim [DE 124] mistakenly refers to Count VIII as "Count VII." However, Count VII is a claim for malicious prosecution. Thus, the Court refers to the claim for abuse of process as Count VIII.

because the Prudent Parties have failed to specify any particular acts by either Gallaher or Haunert that constitute abuse of process other than the filing of their Amended Third Party Counterclaim, they have failed to adequately plead a claim for abuse of process. *Id.* Thus, the Court DISMISSES Count VIII of the Third Party Counterclaim as to Gallaher and Haunert.

## IV. Requirements for an Amended Pleading

The Court has considered dismissing the Third Party Counterclaim as to Gallaher and Haunert with prejudice but instead will dismiss it without prejudice to the Prudent Parties' ability to refile their Third Party Counterclaim if they chose to do so, and if they are able to do so pursuant to the requirements of Federal Rule of Civil Procedure 11. The Court advises the Prudent Parties that any Amended Third Party Counterclaim they choose to file should cure the pleading inadequacies identified herein. If an Amended Third Party Counterclaim is filed, Gallaher and Haunert may reassert any arguments raised in their motion to dismiss as to any Amended Third Party Counterclaim, to the extent they remain applicable. Any re-pled claims that do not meet the required pleading standards may be dismissed with prejudice.

## V. Conclusion

In light of the foregoing, the Court **GRANTS** Gallaher and Haunert's Motion to Dismiss Third Party Counterclaim [DE 143] and **DISMISSES WITHOUT PREJUDICE** the Third Party Complaint in its entirety as to Gallaher and Haunert. The Prudent Parties shall have 14 days from the date of this Order to file any Amended Third Party Counterclaim.

**DONE and ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 14th day of January 2020.

WILLIAM MATTHEWMAN
United States Magistrate Judge