UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:18-cv-80581-WM

Plain Bay Sales, LLC,

    Plaintiff and Counter-Defendant,

v.

Zume Gallaher and
Paul Haunert,

    Defendants, Counterclaimants,
    and Third-Party Plaintiffs,

v.

Katie Prudent, Adam Prudent,
Henri Prudent, and Katie
Monahan, Inc.,

    Third-Party Defendants.
_____/



## ORDER GRANTING DEFENDANT JONATHEN CRAIG YATES' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION [DE 204]

THIS CAUSE is before the Court on Defendant Jonathen Craig Yates' ("Yates") Motion to Dismiss for Lack of Subject Matter Jurisdiction, or Alternatively, Motion to Dismiss for Failure to State a Claim and/or Motion to Strike Plaintiff's Second Amended Complaint. [DE 204]. Plaintiff Plain Bay Sales, LLC ("Plain Bay") responded to the motion. [DE 212]. Yates replied to Plaintiff's response. [DE 213]. The Court held a hearing on the motion on February 21, 2020. [DE 233]. Thus, this matter is ripe for review. For the reasons that follow, the Court grants the motion. The Second Amended Complaint [DE 191] is dismissed without prejudice as to Defendant Jonathen Craig Yates for lack of subject matter jurisdiction.

## I. Background

As stated in the Court's prior Order dismissing the Third Party Counterclaim as to Defendants Zume Gallaher and Paul Haunert [DE 211], this case involves a complicated procedural history. The Court focuses only on that part of this case's procedural history that is relevant to the instant motion to dismiss.

Following motions practice, the Court granted Plaintiff leave to amend its First Amended Complaint. [DE 190]. In its Second Amended Complaint, Plaintiff raised claims against Yates, Neil Jones, Zume Gallaher, and Paul Haunert as main party defendants. [DE 191]. The Second Amended Complaint raises five claims against Yates for tortious interference (Counts IV and V); commercial defamation (Count VI); conspiracy to commit various torts (Count VII); and violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count VIII).

Yates now moves to dismiss the Second Amended Complaint, alleging that the Court lacks diversity jurisdiction over this action because both Yates and Plain Bay are citizens of Florida for diversity purposes. Thus, according to Yates, complete diversity in this action was destroyed when Plain Bay added claims against Yates in the Second Amended Complaint.

## II. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Under Federal Rule of Civil Procedure 12(b)(1), a party may either facially or factually contest subject-matter jurisdiction. *Principal Life Ins. Co. v. Alvarez*, No. 9:11-cv-21956, 2011 WL 4102327, at *2 (S.D. Fla. Sept. 14, 2011). "A facial attack asserts that a plaintiff has failed to allege a basis for subject matter jurisdiction," and "the plaintiff's allegations are taken as true for the purposes of the motion[.]" *Id.* (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). A factual attack "challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings such as testimony and affidavits, are considered." *Id.*; *see also Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). Here, Defendant's attack is factual in nature because it challenges the existence of subject matter jurisdiction in fact.

### III. Discussion and Analysis

Yates contends this Court lacks subject matter jurisdiction over this action because complete diversity is not present as both he and Plain Bay are citizens of Florida for diversity purposes. He also attacks the various claims in the Second Amended Complaint against him as legally insufficient. However, because the Court "may not consider the merits . . . unless and until [it is] assured of [its] subject matter jurisdiction," *Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013), the Court first considers Yates' jurisdictional argument.

#### a. Requirements for Diversity Jurisdiction

It is axiomatic that "[f]ederal courts are courts of limited jurisdiction." *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Id.* Here, Plain Bay's Second Amended

3

Complaint is premised upon diversity jurisdiction. [DE 191 ¶ 7]. Plain Bay alleges that it is a citizen of Florida for diversity purposes as it is a Florida limited liability company incorporated in Florida with its principal place of business in Florida and that Yates is a citizen of California for diversity purposes as he "is a citizen of the United States and a resident of the State of California[.]" *Id.* at ¶¶ 2, 6.

In order for this Court to properly exercise jurisdiction over a case, "the action must be between 'citizens of different States.'" 28 U.S.C. § 1332(a)(1).[1] This means that "all plaintiffs must be diverse from all defendants." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999). "A natural person's citizenship is determined by her 'domicile,' or 'the place of h[er] true, fixed, and permanent home and principal establishment . . . to which [s]he has the intention of returning whenever [s]he is absent therefrom.'" *First Home Bank v. Net Zero LLC*, No. 20-150, 2020 WL 802518, at *2 (M.D. Fla. Feb. 18, 2020) (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002)). A party's citizenship is determined at the time of the filing of the complaint or, if the case has been removed, at the time of removal. *PTA-FLA*, 844 F.3d at 1306; *see also Thermoset Corp. v. Building Materials Corp of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017). The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing that complete diversity is present by a preponderance of the evidence. *See McCormick*, 293 F.3d at 1257; *Net Zero*, 2020 WL 802518, at *3 n.5.

### b. Yates' Citizenship for Diversity Purposes

Although the Second Amended Complaint alleges that Yates is a citizen of the United States [DE 191 ¶ 6], he is not. Rather, Yates is a citizen of the United Kingdom who has been lawfully admitted for permanent residence in the United States since at least September 2018 as

---

[1] The diversity statute also requires that the amount in controversy in an action must be more than $75,000. *See* 28 U.S.C. § 1332(b). However, Yates does not contend that this requirement is not met.

a holder of a United States Permanent Resident Card, also known as a "green card." [DE 204-1 p. 8].[2] For diversity purposes, a green card holder is considered a domiciliary of an American state while they reside in this country. *See Foy v. Shantz, Shatzman & Aaronson, P.A.*, 108 F.3d 1347, 1349 (11th Cir. 1997); *see also, e.g., Cordeiro v. Alves*, No, 16-23233, 2016 WL 9348372, at *2 (S.D. Fla. Dec. 9, 2016); *Vaka v. Embraer-Empresa Brasileira De Aeronautica, S.A.*, 303 F. Supp. 2d 1333, 1334 (S.D. Fla. 2003); *Stirzaker v. Howard*, No. 00-1350, 2001 WL 1090198, at *1 (M.D. Fla. Aug. 30, 2001). As stated above, domicile requires both residence in a state and an intention to remain in that state indefinitely. *Net Zero*, 2020 WL 802518, at *2; *Alexion v. Fed. Ins. Co.*, No. 18-2112, 2019 WL 5294937, at *5 (M.D. Fla. Mar. 7, 2019).

In support of his motion to dismiss, Yates submitted an affidavit and numerous supporting exhibits. *See* DE 204-1. Because citizenship for diversity purposes is determined at the time of the filing of the complaint, *PTA-FLA*, 844 F.3d at 1306, the Court's inquiry is focused on whether Yates resided in Florida on November 7, 2019 (the date the Second Amended Complaint was filed), or in some other state and, if he did reside in Florida, whether he intended to remain here indefinitely.

Per Yates' affidavit [DE 204-1], as of November 7, 2019, he:

- Had a Florida Driver's License;

- Owned a vehicle registered in Florida;

- Owned two trailers, both of which are registered in Florida;

- Was a member of and the registered agent for Highpoint Farm South, LLC, a Florida limited liability corporation;

- Purchased real property in Florida through his company, Highpoint Farm South,

---

[2] 28 U.S.C. § 1332(a)(2) permits diversity jurisdiction over actions between "citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States" provided they are not domiciled in the same state.

LLC;

Further, he:

- Is currently constructing a home on that property in Loxahatchee Groves, Florida;

- Had only been residing in California because of the ongoing construction of his Florida home;

- Has been residing in Wellington, Florida at a residential property owned by his company, Highpoint Farm South, LLC, since November 15, 2019;

His affidavit provided supporting documentation for the above by attaching various exhibits.

In response, Plain Bay submitted a written declaration from one of Plaintiff's counsel's law clerks. *See* DE 212-2. In that declaration, the law clerk disputed Yates' affidavit, largely by referencing Yates' company's social media accounts and various magazine articles in which Yates mentions residing in California seasonally. *Id.* at ¶¶ 7-8, 10-13. The declaration also references Yates' wife's involvement in competitive horse races in both California and Florida. *Id.* at ¶ 9.

Upon careful review of the parties' memoranda, their arguments at the February 21, 2020 hearing, and the parties' affidavits and declarations, the Court concludes that, for diversity purposes, Yates should be considered a citizen of Florida. He possesses a Florida Driver's License; his vehicle is registered in Florida; he is constructing a residential home in Florida (thus evincing an intent to remain here indefinitely); and he resided in a residential home in Florida on November 7, 2019, when the Second Amended Complaint was filed against him and has resided there continuously since. Although Yates does appear to have significant business contacts in and travel to California, the Court finds that such travel is either seasonal in nature or related to his various business dealings. Further, the mere fact that Yates (or, for that matter, his wife)

spends significant amounts of time in California is not determinative as the true inquiry is whether he intended to permanently reside in Florida or someplace else. *See Net Zero*, 2020 WL 802518, at *2

Thus, the Court finds that Plain Bay has failed to meet its burden of establishing complete diversity by a preponderance of the evidence. The Court further finds that, for diversity purposes, Yates is a citizen of Florida and complete diversity is not present in this action. At first glance, this would appear to require dismissal of this entire case as a lack of complete diversity "deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 553 (2005). However, whether the entire action should be dismissed for lack of complete diversity turns on whether Yates' role in this lawsuit is indispensable.

### c. Whether Yates is an Indispensable Party

"It is well settled that a jurisdictional defect may be 'cured by the dismissal of the party that . . . destroyed diversity.'" *Landmark Equity II, LLC v. Residential Fund 76*, F. App'x. 882, 884 (11th Cir. 2015) (quoting *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 572 (2004)). Whether a party that destroyed diversity may be dismissed from an action under Federal Rule of Civil Procedure 21 depends on "whether that party is dispensable." *Id.* "If the party is dispensable, the court may dismiss that party and the claims against it, and retain jurisdiction over any remaining diverse parties." *Id.*; *see also Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989) (instructing that "Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time").

Federal Rule of Civil Procedure 19 provides a two-part test for deciding whether a person is a dispensable party. *Id.* Under the first step, a court must first decide whether that person is a

"required party" under Rule 19(a)(1). This requires deciding "whether complete relief can be afforded in the present procedural posture, or whether the nonparty's absence will impede either the nonparty's protection of an interest at stake or subject parties to a risk of inconsistent obligations." *City of Marietta v. CSK Transp., Inc.*, 196 F.3d 1300, 1305 (11th Cir. 1999); *see also Santiago v. Honeywell Int'l, Inc.*, 768 F. App'x. 1000, 1004 (11th Cir. 2019). If the court decides the person is a "required party" under Rule 19(a)(1), then it must next decide "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). However, if the court decides the person is *not* a "required party" under Rule 19(a)(1), then that is the end of the matter and the action may proceed without him or her. *City of Marietta*, 196 F.3d at 1305; *Landmark Equity Fund II*, 631 F. App'x. at 885.

As an initial matter, both Yates and Plain Bay agreed at the February 21, 2020 hearing that Yates is a dispensable party (i.e., that the suit may proceed without him). Further, even if the parties did not agree, the Court readily concludes that Yates is not indispensable to this action. Yates only recently became a main party defendant to this action. Prior to the Second Amended Complaint, Yates' involvement in this case related solely to various third-party claims raised in the Third Party Complaint of Third Party Defendants Katie Prudent, Adam Prudent, Henri Prudent, and Katie Monahan, Inc. [DE 124]. However, those claims have since been dismissed. [DE 198]. Now, Yates' involvement in this case relates to the Second Amended Complaint, which added claims by Plain Bay against him as a main party defendant.

The Second Amended Complaint alleges that Yates acted in concert with Defendants Haunert and Jones to interfere with Plain Bay's business relationship with Defendant Gallaher to exclude Plain Bay from the Florida equestrian market. *See* DE 191 ¶¶ 10, 45-51, 63-74. However, therein lies the answer to the Rule 19 inquiry as Yates is only alleged to have been one

of several members of this alleged scheme, along with Defendants Haunert and Jones. Further, the core dispute in this action relates to Defendant Gallaher's refusal to accept delivery of the horse she purchased from Plain Bay and Plain Bay's concomitant refusal to refund Defendant Gallaher the full purchase price of the horse. *See id.* at ¶ 1 ("The underlying matter concerns the sale by Plain Bay to Gallaher, and the wrongful attempts at revocation of acceptance, repudiation or rejection, after acceptance by Gallaher, of the show jumping horse 'Victorio V'[.]"). Although Yates allegedly did play some role in the alleged scheme against Plain Bay, this is not determinative as "[i]t has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990) (per curiam).

Thus, the Court finds that, under Rule 19, Yates is not an indispensable party to this action and should be dismissed. The Court **GRANTS** Yates' Motion to Dismiss for Lack of Subject Matter Jurisdiction, or Alternatively, Motion to Dismiss for Failure to State a Claim and/or Motion to Strike Plaintiff's Second Amended Complaint [DE 204]. The Court **DISMISSES WITHOUT PREJUDICE** the Second Amended Complaint in its entirety as to only Defendant Yates for lack of subject matter jurisdiction. This case remains open and pending as to the remaining parties.

**DONE and ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 28th day of February 2020.

WILLIAM MATTHEWMAN
United States Magistrate Judge