UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:18-cv-80581-WM

Plain Bay Sales, LLC,

    Plaintiff and Counter-Defendant,

v.

Zume Gallaher and
Paul Haunert,

    Defendants, Counterclaimants,
    and Third-Party Plaintiffs,

v.

Katie Prudent, Adam Prudent,
Henri Prudent, and Katie
Monahan, Inc.,

    Third-Party Defendants.
_____/



## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT NEIL JONES' MOTION TO DISMISS AND/OR STRIKE SECOND AMENDED COMPLAINT [DE 205]

THIS CAUSE is before the Court on Defendant Neil Jones' ("Jones") Motion to Dismiss and/or Motion to Strike Second Amended Complaint. [DE 205]. Plaintiff Plain Bay Sales, LLC ("Plain Bay") responded to the motion. [DE 212]. Jones replied to Plaintiff's response. [DE 214]. The Court held a hearing on the motion on February 21, 2020. [DE 233]. Thus, this matter is ripe for review. For the reasons that follow, the Court grants in part and denies in part the motion. Counts IV, V, VI, VII and VIII of the Second Amended Complaint are dismissed as to Defendant Neil Jones.

## I. Background

As stated in the Court's prior Order dismissing the Third Party Counterclaim as to Defendants Zume Gallaher and Paul Haunert [DE 211], this case involves a complicated procedural history. The Court focuses only on that part of this case's procedural history that is relevant to the instant motion to dismiss.

Following motions practice, the Court granted Plain Bay leave to amend its First Amended Complaint. [DE 190]. In its Second Amended Complaint, Plain Bay raised claims against Jones, Jonathen Craig Yates, Zume Gallaher, and Paul Haunert as main party defendants. [DE 191]. The Second Amended Complaint raises five claims against Jones for tortious interference (Counts IV and V); commercial defamation (Count VI); conspiracy to commit various torts (Count VII); and violation of the Florida Deceptive and Unfair Trade Practices Act (Count VIII).

Jones moves to dismiss the Second Amended Complaint, alleging that each of the counts against him is legally insufficient. He also seeks to strike Plain Bay's requests for injunctive relief, attorneys' fees and costs, and punitive damages. Alternatively, he argues the Second Amended Complaint should be stricken in its entirety for failure to comply with a prior Court Order.

## II. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires "'only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When a court considers a motion to dismiss under Fed. R. Civ. P. 12(b)(6), it must accept a complaint's factual allegations

as true and decide whether the allegations "raise a right to relief above a speculative level." *Id.* at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. <u>Discussion and Analysis</u>

Jones contends that the Court should dismiss Counts IV, V, VI, VII, and VIII of the Second Amended Complaint. He also argues the Court should strike Plain Bay's request for permanent injunctive relief in Counts VI and VIII; requests for attorneys' fees and costs in Counts IV, V, VI, and VII; and claim for punitive damages in Count VIII. Finally, he contends the Second Amended Complaint fails to comply with the Court's Order granting Plain Bay leave to amend its First Amended Complaint [DE 190] and should be stricken in its entirety.

Plain Bay opposes Jones' motion, arguing that the Second Amended Complaint is both legally and factually supported and thus the motion should be denied as many of Jones' arguments are better resolved at the summary judgment stage.

#### a. Count IV: Tortious Interference with Contract

Regarding Count IV, tortious interference with contract, federal courts sitting in diversity jurisdiction apply the law of the forum state when deciding claims originating in state law. *See Goodwin v. George Fischer Foundry Sys., Inc.*, 769 F.2d 708, 711 (11th Cir. 1985); *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). Under established Florida law, a claim for tortious interference requires (1) "the existence of a business relationship between the plaintiff

3

and a third person . . . under which the plaintiff has legal rights"; (2) the defendant's knowledge of that contract or business relationship; (3) "an intentional and unjustified interference with the relationship by the defendant which induces or otherwise causes the third person not to perform"; and (4) damages. *Seminole Tribe of Fla. v. Times Pub. Co.*, 780 So. 2d 310, 315 (Fla. 4th DCA 2001); *see also Coach Servs., Inc. v. GTE Directories Corp.*, 752 F. Supp. 2d 1271, 1273 (S.D. Fla. 2010) (applying Florida law); *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla. 1994).

Jones argues that Florida's "single publication rule" precludes Plain Bay's claims for tortious interference against him because the same conduct underlying Plain Bay's commercial defamation claim (Count VI) cannot also support a claim for tortious interference. In response, Plain Bay contends that the single publication rule does not apply to Count IV because Plain Bay has alleged multiple defamatory statements, each supporting a different claim.

In Count IV, Plain Bay realleges paragraphs 1 through 78 of the Second Amended Complaint in support of that Count. [DE 191 ¶ 100]. In those paragraphs, Plain Bay alleges that Defendants Jones, Yates, and Haunert tortiously interfered with Plain Bay's sale of the horse Victorio V to Defendant Gallaher by showing Gallaher videos of the horse failing to perform various tasks. *Id.* at ¶¶ 47-49, 51, 63, 67, 70, 72. As to Jones specifically, Plain Bay alleges that he, as a seller of horses who directly competes with Plain Bay, benefited from this alleged scheme as Defendant Haunert has since "steered" Gallaher to purchase "millions of dollars" worth of horses from Jones. *Id.* at ¶ 69-70.

In Count IV itself, Plain Bay—despite realleging paragraphs 1 through 78—essentially reasserts the same conduct described in paragraphs 1 through 78 as underlying Count IV by alleging that Jones tortiously interfered with Plain Bay's contract with Gallaher for the sale of

the horse by (1) misleading Gallaher as to the quality and abilities of the horse and (2) publishing the aforementioned videos of the horse. *Id.* at ¶¶ 101-104. But Plain Bay already alleged these very same acts in paragraphs 47 (misleading statements by Jones) and 63-67 (publication of the videos).

Accordingly, as pleaded in the Second Amended Complaint, Plain Bay's tortious interference claim appears to run afoul of Florida's single publication rule as the rule exists to prevent a plaintiff from "circumventing a valid defense to defamation by recasting essentially the same facts into several causes of action all meant to compensate for the same harm." *Klayman v. Judicial Watch*, 22 F. Supp. 3d 1240, 1256 (S.D. Fla. 2014). Count IV will be dismissed.

### b. Count V: Tortious Interference with Other Business Relationship

Turning to Count V, tortious interference with other business relationship, Plain Bay (again) realleges paragraphs 1 through 78 of the Second Amended Complaint as well as the factual allegations contained in Count IV. As for unique facts supporting Count V, Plain Bay alleges that Jones' alleged conduct tortiously interfered with Plain Bay's business relationship with an unidentified future purchaser as that purchaser would only buy the horse from Plain Bay at a price "drastically below" than that which Defendant Gallaher paid for it because the "reputation" of both Plain Bay and the horse were "damaged" by Jones. [DE 191 ¶ 117]. Plain Bay also alleges that Jones tortiously interfered with its ability to sell other horses to Gallaher in the future. *Id.* at ¶ 118.

Jones argues Count V should be dismissed under the single publication rule. Alternatively, Jones contends that Count V fails to allege the existence of either an existing or prospective business relationship with an identifiable customer that Jones allegedly interfered with. He also argues Count V is repetitive of Count IV and that, if the Court does not dismiss

Count V, then Plain Bay should provide a more definite statement as to which contract or relationship Jones has allegedly interfered with.

Plain Bay argues in response that the subsequent purchaser referenced in Count V was identified in the Court's Omnibus Order on Motions to Dismiss First Amended Complaint [DE 51] as Victorio Equine Group, LLC. However, Plain Bay fails to explain how that cures Count V's failure to identify that entity. Nor can Plain Bay cure that error by identifying the subsequent purchaser referenced in Count V in his response to Jones' motion to dismiss as the motion to dismiss inquiry focuses on the four corners of the Second Amended Complaint. *See Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010).

Examining the four corners of the Second Amended Complaint, the Court finds that Count V is devoid of any explanation of who the subsequent purchaser that Jones allegedly tortiously interfered with is. Thus, Count V is deficient as to subsequent business relationships. *See Ethan Allen*, 647 So. 2d at 815 ("As a general rule, an action for tortious interference with a prospective business relationship requires a business relationship evidenced by an actual and *identifiable* understanding or agreement which in all probability would have been completed if the defendant had not interfered.") (emphasis added). As to Jones' alleged interference with Plain Bay's relationship with Defendant Gallaher, the Court finds that Count V is duplicative of Count IV as both counts deal with the same alleged conduct as to Gallaher. Moreover, Count V appears to violate Florida's single publication rule. Thus, Count V is dismissed.

### c. Count VI: Commercial Defamation

Turning to Count VI, commercial defamation, under Florida state law a claim for defamation has five elements: "(1) publication; (2) falsity; (3) [the] actor must act . . . negligently

on a matter concerning a private person; (4) actual damages; and (5) [the] statement must be defamatory." *Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008).

Jones contends Count VI must be dismissed because it fails to allege that any of the allegedly defamatory statements made by Jones were false, a requirement for any defamation claim under Florida law. *See id.* Plain Bay argues that Count VI—despite being labeled "commercial defamation"—is actually a claim for defamation-by-implication. [DE 212, p. 6-9].

Florida recognizes the tort of defamation-by-implication. *Jews for Jesus*, 997 So. 2d at 1106-07. The elements of a claim for defamation-by-implication in Florida are (1) the juxtaposition of a series of facts so as to imply a defamatory connection between them that (2) creates a defamatory implication by omitting facts. *Id.* at 1106. But Plain Bay did not allege defamation-by-implication in Count VI. Alleging defamation-by-implication requires that Plain Bay allege that the statements that allegedly created a false impression were "literally true[.]" *Id.* Instead, Plain Bay has alleged the exact opposite: that the allegedly defamatory statements are false. *See* [DE 191 ¶¶ 42, 44, 45, 47, 48, 41, 106, 127, and 129]. Thus, Count VI must be dismissed as Plain Bay has failed to properly allege defamation-by-implication.

### d. Count VII: Conspiracy

Count VII, conspiracy, alleges that Jones engaged in a conspiracy with Defendants Haunert and Jonathen Craig Yates, a former defendant in this action,[1] to interfere with Plain Bay's contract with Defendant Gallaher, interfere with Plain Bay's other business relations to prevent competition, defame Plain Bay, and interfere with Plain Bay's business relationship with Mr. William Martin, an individual whose statements Plain Bay has premised much of its claims on. [DE 191 ¶ 131-134].

Jones argues that Count VII should be dismissed, or at the very least parts of it stricken,

---

[1] The Court dismissed Mr. Yates from this action on February 28, 2020. [DE 239].

7

because it contains non-existent or non-actionable torts. Plain Bay does not directly respond to Jones' argument, instead contending that Count VII should not be dismissed in its entirety as it does contain some actionable torts, even if not all the torts underlying the conspiracy claim are actionable.

Plain Bay has failed to identify any basis for the underlying torts of "interfering with other relations to prevent competition" or "interfering with a witness." *See SFM Holdings, Ltd. v. Banc of Am. Secs., LLC*, 764 F.3d 1327, 1338-39 (11th Cir. 2014) (explaining that "an actionable conspiracy requires an actionable tort or wrong"); *Raimi v. Furlong*, 702 So. 2d 127, 128 (Fla. 3d DCA 1997). Further, as explained above, Plain Bay's defamation claim is legally insufficient. Thus, the Court dismisses Count VII.

### e. Count VIII: Florida Deceptive and Unfair Trade Practices Act

In Count VIII, Plain Bay alleges Jones violated the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201 *et seq.* by engaging in "anti-competitive, deceptive and unfair acts" to prevent the sale of Plain Bay's horse to Defendant Gallaher. [DE 191 ¶ 136-139]. A claim under FDUTPA requires "(1) a deceptive act or unfair trade practice; (2) causation; and (3) actual damages." *Dolphin LLC v. WCI Cmtys., Inc.*, 715 F.3d 1243, 1250 (11th Cir. 2013).

Jones argues Count VIII should be dismissed because Plain Bay has failed to plead actual damages. Plain Bay contends in response that it has pleaded actual damages in the form of (1) the decreased resale price for the horse and (2) having to return the full purchase price of the horse to Defendant Gallaher if her counterclaims are successful and then being unable to replicate the sale price of the horse in its sale to Victorio Equine Group, LLC.

However, such alleged damages are lost profits, not actual damages, and consequential damages such as loss profits are not recoverable under FDUTPA. *See Five for Entm't S.A. v. Rodriguez*, 877 F. Supp. 2d 1321, 1331 (S.D. Fla. 2012). Thus, because Plain Bay fails to plead actual damages, Count VIII is dismissed.

### f. Requests for Injunctive Relief, Attorneys' Fees, and Punitive Damages

Jones also urges the Court to strike Plain Bay's requests for injunctive relief in Counts VI and VIII; attorneys' fees and costs in Counts IV, V, VI, and VII; and punitive damages in Count VIII. At the February 21, 2020 hearing, Plain Bay conceded that its requests for injunctive relief and attorneys' fees were improper. Additionally, punitive damages are not available under FDUTPA (Count VIII). *See McNider Marine, LLC v. Cain & Daniels, Inc.*, No. 17-2561, 2019 WL 1902897, at *4 (M.D. Fla. Apr. 29, 2019); *JAWHBS, LLC v. Arevalo*, No. 15-24176, 2017 WL 1345141, at *10 (S.D. Fla. Apr. 12, 2017); *Mandel v. Decorator's Mart, Inc. of Deerfield Beach*, 965 So. 2d 311, 314 (Fla. 4th DCA 2007). Thus, the Court strikes those requests.

### g. Whether the Second Amended Complaint Should be Stricken in Its Entirety

Finally, Jones argues the Second Amended Complaint should be stricken in its entirety for failing to comply with the Court's Order Granting Plain Bay's Motion for Leave to Amend Complaint [DE 190]. That Order permitted Plain Bay to file a Second Amended Complaint "in substantially the same form as the proposed Second Amended Complaint attached to its motion" for leave to amend its complaint. *Id.* Jones contends that Plain Bay's Second Amended Complaint is "substantially different" from the proposed Second Amended Complaint attached to Plain Bay's motion. [DE 205, p. 16]. Jones' request is denied. The Court finds that the Second Amended Complaint complies with its prior Order.

## IV. Conclusion

In light of the foregoing, the Court **GRANTS IN PART and DENIES IN PART** Defendant Jones' Motion to Dismiss and/or Motion to Strike Second Amended Complaint [DE 205]. Counts IV, V, VI, VII, and VIII of the Second Amended Complaint are **DISMISSED WITHOUT PREJUDICE** as to Defendant Jones. This dismissal is without prejudice to Plain Bay's ability to file a Third Amended Complaint **within 10 days** of the date of this Order if it chooses to do so, and if it is able to do so pursuant to the requirements of Federal Rule of Civil Procedure 11. The Court advises Plain Bay that any Third Amended Complaint it chooses to file should cure the pleading inadequacies identified herein. If a Third Amended Complaint is filed, Defendant Jones may reassert any arguments raised in his motion to dismiss as to that Third Amended Complaint, to the extent they remain applicable. Any re-pleaded claims that do not meet the required pleading standards may be dismissed with prejudice.[2]

Plain Bay's requests for injunctive relief in Counts VI and VIII; attorneys' fees and costs in Counts IV, V, VI, and VII; and punitive damages in Count VIII are hereby **STRICKEN**.

Jones also requests attorneys' fees and costs related to defending against Plain Bay's FDUTPA claim. [DE 205, p. 17]. The Court reserves ruling on that issue. The Court finds such a determination is better suited for after the final conclusion of this case, when the Court can properly determine if Jones is a "prevailing party" with the benefit of a final adjudication on the merits. Jones shall file a motion for attorneys' fees and costs **within 30 days** of the date final judgment is entered in this case. The Court will then determine his entitlement to attorneys' fees and costs under FDUTPA, if any.

---

[2] The Court is sympathetic to Defendant Jones' argument that Plain Bay should not be given a further chance to amend its complaint. However, the Court has decided to give Plain Bay one more opportunity to amend its complaint and attempt to cure its defects.

**DONE and ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 2nd day of March 2020.

_____
WILLIAM MATTHEWMAN
United States Magistrate Judge