UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:18-cv-80581-WM

Plain Bay Sales, LLC,

    Plaintiff and Counter-Defendant,

v.

Zume Gallaher and
Paul Haunert,

    Defendants, Counterclaimants,
    and Third-Party Plaintiffs,

v.

Katie Prudent, Adam Prudent,
Henri Prudent, and Katie
Monahan, Inc.,

    Third-Party Defendants.
_____/



FILED BY ____ D.C.

MAR 02 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS GALLAHER AND HAUNERT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT [DE 199]

THIS CAUSE is before the Court on Defendants Zume Gallaher and Paul Haunert's (collectively, "Defendants") Motion to Dismiss the Second Amended Complaint. [DE 199]. Plaintiff Plain Bay Sales, LLC ("Plain Bay") responded to the motion. [DE 200]. Defendants replied to Plaintiff's response. [DE 206]. The Court held a hearing on the motion on February 21, 2020. [DE 233]. Thus, this matter is ripe for review. For the reasons that follow, the Court grants in part and denies in part the motion. Counts V, VI, VII, and VIII are dismissed as to Defendant Haunert. Count IX is dismissed as to Defendant Gallaher.

## I. Background

As stated in the Court's prior Order dismissing the Third Party Counterclaim as to Defendants Zume Gallaher and Paul Haunert [DE 211], this case involves a complicated procedural history. The Court focuses only on that part of this case's procedural history that is relevant to the instant motion to dismiss.

Following motions practice, the Court granted Plain Bay leave to amend its First Amended Complaint. [DE 190]. In its Second Amended Complaint, Plain Bay raised claims against Gallaher, Haunert, Neil Jones, and Jonathen Craig Yates as main party defendants. [DE 191]. The Second Amended Complaint raises four claims against Gallaher and five claims against Haunert.

Defendants move to dismiss many of counts raised in the Second Amended Complaint. They also seek to strike Plain Bay's requests for lost profits, injunctive relief, attorneys' fees and costs, and punitive damages. Alternatively, they argue the Second Amended Complaint should be stricken in its entirety for failure to comply with a prior Court Order.

## II. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires "'only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When a court considers a motion to dismiss under Fed. R. Civ. P. 12(b)(6), it must accept a complaint's factual allegations as true and decide whether the allegations "raise a right to relief above a speculative level." *Id.* at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. Discussion and Analysis

Haunert urges the Court to dismiss Counts V, VI, VII, and VIII of the Second Amended Complaint. For her part, Gallaher argues the Court should dismiss Count IX. Both Defendants also argue the Court should strike Plain Bay's claims for lost profits in Counts I, II, IV, V, VI, VII, VIII, and IX; requests for permanent injunctive relief in Counts VI and VIII; requests for attorneys' fees and costs in Counts IV, V, VI, and VII; and claim for punitive damages in Count VIII. Finally, they contend the Second Amended Complaint fails to comply with the Court's Order granting Plain Bay leave to amend its First Amended Complaint [DE 190] and should be stricken in its entirety.

Plain Bay opposes Defendants' motion, arguing that the Second Amended Complaint is both legally and factually supported and thus the motion should be denied as many of Defendants' arguments are better resolved at the summary judgment stage.

#### a. Count V: Tortious Interference with Other Business Relationship

Regarding Count V, tortious interference with other business relationship, federal courts sitting in diversity jurisdiction apply the law of the forum state when deciding claims originating in state law. *See Goodwin v. George Fischer Foundry Sys., Inc.*, 769 F.2d 708, 711 (11th Cir. 1985); *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). Under established Florida law, a claim for tortious interference requires (1) "the existence of a business relationship between the

3

plaintiff and a third person . . . under which the plaintiff has legal rights"; (2) the defendant's knowledge of that contract or business relationship; (3) "an intentional and unjustified interference with the relationship by the defendant which induces or otherwise causes the third person not to perform"; and (4) damages. *Seminole Tribe of Fla. v. Times Pub. Co.*, 780 So. 2d 310, 315 (Fla. 4th DCA 2001); *see also Coach Servs., Inc. v. GTE Directories Corp.*, 752 F. Supp. 2d 1271, 1273 (S.D. Fla. 2010) (applying Florida law); *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla. 1994).

Plain Bay Plain Bay alleges in Count V that Haunert's conduct tortiously interfered with Plain Bay's business relationship with an unidentified future purchaser as that purchaser would only buy a horse from Plain Bay at a price "drastically below" than that which Defendant Gallaher paid for it because the "reputation" of both Plain Bay and the horse were "damaged" by Haunert. [DE 191 ¶ 117]. Plain Bay also alleges that Haunert tortiously interfered with its ability to sell other horses to Gallaher in the future. *Id.* at ¶ 118.

Haunert argues that Count V must be dismissed because it fails to allege the existence of either an existing or prospective business relationship with an identifiable customer. Plain Bay's response fails to substantively address Haunert's argument. Instead, Plain Bay argues that Haunert is precluded from moving to dismiss Count V because the Court previously rejected that argument with regard to Plain Bay's First Amended Complaint [DE 38] in its Omnibus Order on Motions to Dismiss First Amended Complaint [DE 51].

Examining the four corners of the Second Amended Complaint, *see Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010), the Court finds that Count V is devoid of any explanation of who the subsequent purchaser that Haunert allegedly tortiously interfered with is. Thus, Count V is deficient as to subsequent business relationships. *See Ethan Allen*, 647 So. 2d

at 815 ("As a general rule, an action for tortious interference with a prospective business relationship requires a business relationship evidenced by an actual and *identifiable* understanding or agreement which in all probability would have been completed if the defendant had not interfered.") (emphasis added). Count V is dismissed.

### b. Count VI: Commercial Defamation

Turning to Count VI, commercial defamation, under Florida state law a claim for defamation has five elements: "(1) publication; (2) falsity; (3) [the] actor must act . . . negligently on a matter concerning a private person; (4) actual damages; and (5) [the] statement must be defamatory." *Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008).

Haunert contends Count VI must be dismissed because it fails to allege that any of the allegedly defamatory statements made by him were false, a requirement for any defamation claim under Florida law. *See id.* Plain Bay again largely fails to substantively respond to Haunert's argument, instead relying on the Court's Omnibus Order on Motions to Dismiss First Amended Complaint [DE 51]. Plain Bay argues that because Haunert failed to make his current argument as to Count VI sooner, he is somehow precluded from doing so again under Federal Rules of Civil Procedure 12(g)(2) and 12(h)(1).

Rule 12(g)(2), subject to the exceptions provided in 12(h)(2) and (3), prohibits a party from filing a subsequent motion to dismiss a pleading when the ground for dismissal "was available to the party but omitted in its earlier motion." Rule 12(h)(1) provides that "[a] party waives any defenses listed in Rule 12(b)(2)-(5) by" either (1) omitting it from a motion or (2) failing to include it in either a motion under Rule 12 or a responsive pleading. The rules are essentially intended to streamline motions to dismiss under Rule 12 by requiring parties to make all arguments available to them in one motion rather than continuously filing motions to dismiss.

*See* Notes of Advisory Committee on Rules – 1966 Amendment (Subdivision (g)) (stating that Rule 12(g)(2) is "salutary in that it works against piecemeal consideration of a case").

Plain Bay's argument can only prevail if Haunert's argument as to why Count VI should be dismissed was available to him before and he failed to assert it. However, a simple comparison of the First and Second Amended Complaints belies Plain Bay's argument. In its First Amended Complaint, Plain Bay alleged that Haunert "intentionally circulated" a video montage and other video of Plain Bay's horse appearing to fail to perform various tasks "to third parties around the World" and that those videos "were then brought to the attention of Plaintiff by one of those third parties[.]" [DE 38 ¶ 106]. Yet in its Second Amended Complaint, Plain Bay claims that Haunert, Defendant Jones, and former Defendant Yates all "intentionally published" a misleading video to *Gallaher* and "later circulated the second video montage to third parties around the World, which were then brought to the attention of Plaintiff by one of those third parties[.]" [DE 191 ¶ 125].

In simpler terms, the First Amended Complaint alleged that Haunert circulated two videos of Plain Bay's horse to third parties while the Second Amended Complaint alleges that Haunert published one of the videos directly to Gallaher and caused a second video to be circulated to third parties. Thus, the Court finds that Plain Bay's claim for commercial defamation in the Second Amended Complaint is materially different from that contained in the First Amended Complaint. In light of this, the Court finds that Rules 12(g)(2) and (h)(2) do not preclude Haunert's current argument and Count VI is dismissed.

### c. Count VII: Conspiracy

Count VII, conspiracy, alleges that Haunert engaged in a conspiracy with Defendants

Jones and Jonathen Craig Yates, a former defendant in this action,[1] to interfere with Plain Bay's contract with Defendant Gallaher, interfere Plain Bay's other business relations to prevent competition, defame Plain Bay, and interfere with Plain Bay's business relationship with Mr. William Martin, an individual whose statements Plain Bay has premised much of its claims on. [DE 191 ¶ 131-134].

Haunert argues that Count VII should be dismissed, or at the very least parts of it stricken, because it contains non-existent or non-actionable torts. Plain Bay does not directly respond to Haunert's argument, instead contending that Count VII should not be dismissed in its entirety as it does contain some actionable torts, even if not all the torts underlying the conspiracy claim are actionable.

Plain Bay has failed to identify any basis for the underlying torts of "interfering with other relations to prevent competition" or "interfering with a witness." *See SFM Holdings, Ltd. v. Banc of Am. Secs., LLC*, 764 F.3d 1327, 1338-39 (11th Cir. 2014) (explaining that "an actionable conspiracy requires an actionable tort or wrong"); *Raimi v. Furlong*, 702 So. 2d 127, 128 (Fla. 3d DCA 1997). Further, as explained above, Plain Bay's defamation claim is legally insufficient. Thus, the Court dismisses Count VII.

### d. Count VIII: Florida Deceptive and Unfair Trade Practices Act

In Count VIII, Plain Bay alleges Haunert violated the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201 *et seq.* by engaging in "anti-competitive, deceptive and unfair acts" to prevent the sale of Plain Bay's horse to Defendant Gallaher. [DE 191 ¶ 136-139]. A claim under FDUTPA requires "(1) a deceptive act or unfair trade practice; (2) causation; and (3) actual damages." *Dolphin LLC v. WCI Cmtys., Inc.*, 715 F.3d 1243, 1250 (11th Cir. 2013).

---

[1] The Court dismissed Mr. Yates from this action on February 28, 2020. [DE 239].

Haunert argues Count VIII should be dismissed because Plain Bay has failed to plead actual damages. Plain Bay contends in response that it has pleaded actual damages in the form of (1) the decreased resale price for the horse and (2) having to return the full purchase price of the horse to Defendant Gallaher if her counterclaims are successful and then being unable to replicate the sale price of the horse in its sale to Victorio Equine Group, LLC.

However, such alleged damages are lost profits, not actual damages, and consequential damages such as loss profits are not recoverable under FDUTPA. *See Five for Entm't S.A. v. Rodriguez*, 877 F. Supp. 2d 1321, 1331 (S.D. Fla. 2012). Thus, because Plain Bay fails to plead actual damages, Count VIII is dismissed.

### e. Count IX: Vicarious Liability

In Count IX, Plain Bay alleges that "at all times relevant" to this action, Haunert was acting as "the agent of Gallaher." [DE 191 ¶ 141]. Thus, Plain Bay claims Gallaher is vicariously liable for Haunert's actions. *Id.* at ¶ 143.

Under Florida law, a claim for vicarious liability requires showing that a defendant's "employee committed [a] negligent act: (1) within the scope of employment, or (2) during the course of employment and to further a purpose or interest of the employer." *Valeo v. E. Coast Furniture Co.*, 95 So.3d 921, 925 (Fla. 4th DCA 2012). "Vicarious liability is a form of indirect liability in which a party, who may have not been negligent, can be held liable for the acts of another party." *Pembroke Lakes Mall Ltd. v. McGruder*, 137 So.3d 418, 431 (Fla. 4th DCA 2014). To hold a party liable for the acts of an agent or employee, a plaintiff must "sufficiently allege the elements of agency in addition to the elements of the underlying negligent act of the agent for which the plaintiff seeks to hold the principal liable." *Hong v. Kornfeld*, 339 F.Supp.3d 1323, 1347-48 (S.D. Fla. 2018).

Plain Bay's vicarious liability claim is inconsistent with its other allegations in the Second Amended Complaint. Count IX alleges that Haunert acted as Gallaher's agent "at all times relevant" to this lawsuit, [DE 191 ¶ 141], but, elsewhere, the Second Amended Complaint alleges that Haunert acted *outside* the scope of his agency relationship with Gallaher. *See* DE 191 ¶¶ 105 ("At the time Haunert so acted, Haunert was acting outside of the scope of an agency relationship with Defendant Gallaher and was acting on his own account . . ."), 119 (same). Plain Bay cannot have it both ways. It must allege either that Haunert was acting within the scope of his employment with Gallaher or outside of that scope. Thus, Count IX is dismissed.

**f. Requests for Lost Profits, Injunctive Relief, Attorneys' Fees, and Punitive Damages**

Defendants also urge the Court to strike Plain Bay's requests for lost profits in Counts I, II, IV, V, VI, VII, VIII, and IX; injunctive relief in Counts VI and VIII; attorneys' fees and costs in Counts I, II, IV, V, VI, VII and IX; and punitive damages in Count VIII. At the February 21, 2020 hearing, Plain Bay conceded that its requests for injunctive relief and attorneys' fees were improper. Additionally, punitive damages are not available under FDUTPA (Count VIII). *See McNider Marine, LLC v. Cain & Daniels, Inc.*, No. 17-2561, 2019 WL 1902897, at *4 (M.D. Fla. Apr. 29, 2019); *JAWHBS, LLC v. Arevalo*, No. 15-24176, 2017 WL 1345141, at *10 (S.D. Fla. Apr. 12, 2017); *Mandel v. Decorator's Mart, Inc. of Deerfield Beach*, 965 So. 2d 311, 314 (Fla. 4th DCA 2007). Thus, the Court strikes those requests. However, the Court denies Defendants' request that it strike Plain Bay's claims for lost profits as the Court finds, when viewing the Second Amended Complaint in the light most favorable to Plain Bay and accepting all allegations as true, that such a determination is better made the summary judgment stage when the Court can benefit from considering all the evidence. Thus, at this stage, Plain Bay has sufficiently alleged lost profit damages related to the sale of the horse Victorio.

### g. Whether the Second Amended Complaint Should be Stricken in Its Entirety

Finally, Defendants both argue the Second Amended Complaint should be stricken in its entirety for failing to comply with the Court's Order Granting Plain Bay's Motion for Leave to Amend Complaint [DE 190]. That Order permitted Plain Bay to file a Second Amended Complaint "in substantially the same form as the proposed Second Amended Complaint attached to its motion" for leave to amend its complaint. *Id.* Defendants contend that the Second Amended Complaint is not substantially the same as the proposed Second Amended Complaint attached to Plain Bay's motion. Defendants' request is denied. The Court finds that the Second Amended Complaint complies with its prior Order.

### IV. Conclusion

In light of the foregoing, the Court **GRANTS IN PART and DENIES IN PART** Defendants Gallaher and Haunert's Motion to Dismiss the Second Amended Complaint [DE 199]. Counts V, VI, VII, and VIII of the Second Amended Complaint are **DISMISSED WITHOUT PREJUDICE** as to Defendant Haunert. Count IX is **DISMISSED WITHOUT PREJUDICE** as to Defendant Gallaher. These dismissals are without prejudice to Plain Bay's ability to file a Third Amended Complaint **within 10 days** of the date of this Order if it chooses to do so, and if it is able to do so pursuant to the requirements of Federal Rule of Civil Procedure 11. The Court advises Plain Bay that any Third Amended Complaint it chooses to file should cure the pleading inadequacies identified herein. If a Third Amended Complaint is filed, Defendants may reassert any arguments raised in their motion to dismiss as to that Third Amended Complaint, to the extent they remain applicable. Any re-pleaded claims that do not meet the required pleading standards may be dismissed with prejudice.

Plain Bay's requests for injunctive relief in Counts VI and VIII; attorneys' fees and costs

in Counts I, II, IV, V, VI, VII and IX; and punitive damages in Count VIII are hereby **STRICKEN**.

**DONE and ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 2nd day of March 2020.

WILLIAM MATTHEWMAN
United States Magistrate Judge