UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:18-cv-80581-Matthewman

Plain Bay Sales, LLC,

    Plaintiff and Counter-Defendant,

v.

Zume Gallaher and
Paul Haunert,

    Defendants, Counterclaimants,
    and Third-Party Plaintiffs,

v.

Katie Prudent, Adam Prudent,
Henri Prudent, and Katie
Monahan, Inc.,

    Third-Party Defendants.
_____/

FILED BY KJZ D.C.
Jul 7, 2020
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT GALLAHER'S MOTION TO COMPEL SUFFICIENT RESPONSES TO CERTAIN REQUESTS FOR ADMISSION [DE 286]

THIS CAUSE is before the Court on Defendant Zume Gallaher's Motion to Compel Sufficient Responses to Certain Requests for Admission. [DE 286]. Plaintiffs responded to the motion. [DE 290]. Defendant replied to Plaintiffs' response. [DE 292]. After careful consideration of the briefs of counsel, the requests at issue, the responses thereto, and the entire docket, the Court concludes that a hearing is not necessary. Thus, this matter is ripe for review.

### I. DISCUSSION AND ANALYSIS

Federal Rule of Civil Procedure 36, which governs Requests for Admissions, states as follows: "A party may serve on any other party a written request to admit, for purposes of the

pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36. "Although Rule 36(a) authorizes a party to serve a request for production relating to the application of law to fact, a party may not seek an admission as to a pure conclusion of law." *Gross v. Guzman*, No. 11-23028-CIV, 2013 WL 12091159, at *10 (S.D. Fla. Jan. 25, 2013) (citing *Disability Rights Council of Greater Washington v. Washington Metro. Area Transit Auth.*, 234 F.R.D. 1, 3 (D.D.C. 2006); *Hanley v. Como Inn, Inc.*, No. 99 C 1486, 2003 WL 1989607, at *3 (N.D. Ill. Apr. 28, 2003); *Tulip Computers Int'l, B.V. v. Dell Computer Corp.*, 210 F.R.D. 100, 108 (D. Del. 2002); 8B Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE, § 2255 (3d ed. 2008) ("As the Committee Note indicates, even the amended rule does not allow a request for admission of a pure legal conclusion.")). "Admittedly, 'the distinction between a request that impermissibly seeks the admission of an issue requiring the application of the law to the facts of a case and a request that impermissibly seeks the admission of a pure issue of law is not easy to draw.'" *Gross*, 2013 WL 12091159, at *10 (quoting *David v. Katz*, No. CIV.A.94-3989, 2000 WL 1682999, at *2 (E.D. La. Sept. 26, 2000)).

"The purpose of the Rule is to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial." *Dillon v. Palm Beach Cty. Sheriff's Office*, 2018 WL 7624877, at *2 (S.D. Fla. Sept. 10, 2018) (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir. 2002) (internal quotations omitted). In *Dillon*, the court found that certain requests, which asked the plaintiff to narrate the events depicted in a jail surveillance video, did not serve the purpose of the Rule. "The Rule is meant to narrow the scope of disputed issues [] by 'facilitating the succinct presentation of cases to the trier of fact, and eliminating the necessity

of proving undisputed facts.'" *Searcy v United States of America*, 2019 WL 6251039 (S.D. Fla. Nov. 22, 2019) *5-6 (citing *Thalheim v. Eberheim*, 124 F.R.D. 34, 35 (D. Conn. 1988)). For example, in *Searcy*, the court ruled that several requests improperly sought admissions to legal conclusions, rather than eliminating the necessity of proving undisputed facts.

"If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter." Fed. R. Civ. P. 36. "The Federal Rules provide two avenues for challenging a party's answer to a request for admission: Rule 36(a)(6), which addresses the *form* of the answer, and Rule 37(c)(2), which addresses the answer's *factual accuracy*." *Point Blank Sols., Inc. v. Toyobo Am., Inc.*, 2011 WL 742657, at *2 (S.D. Fla. Feb. 24, 2011) (emphasis in original). Rule 36(a)(6) provides that a party may move to determine the "sufficiency of an answer or objection." If the court finds that an objection is not justified, it must order that an answer be served. *See* Fed. R. Civ. P. 36(a)(6).

## II.  COURT'S RULING

Upon careful review of the motion, the response, the reply, the requests at issue, and the responses thereto, and application of the above-cited rules and caselaw, it is hereby **ORDERED** that Defendant Gallaher's Motion to Compel [DE 286] is **GRANTED IN PART and DENIED IN PART**, as follows:

1. The Motion is **GRANTED** as to the following Requests for Admission:

    2, 17, 77, 79, 87-90, 185, 201, and 207.

2. Plaintiff Plain Bay Sales LLC shall provide a better response to the above-listed Requests **on or before July 20, 2020**. Denials or admissions shall be in compliance with Fed.R.Civ.P. 36.

    3. The remainder of the Motion is **DENIED**.[1] No further response to any of the remaining requests for admissions shall be required. The Court finds that many of these requests for admissions are vague, confusing, compound, or improper. Many of the requests are not properly phrased under the Request for Admission process contemplated by Rule 36. Further, in many of the responses, Plaintiff denies the request but adds certain verbiage. Although the verbiage is often unnecessary, the denial has been made. Finally, the answers to many of these nuanced requests for admission are more suited to a discovery deposition and the responses can be addressed during deposition.

**DONE and ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 7th day of July, 2020.

*[signature]*
WILLIAM MATTHEWMAN
United States Magistrate Judge

---

[1] The response to Request number 116 was not attached to the Motion. The Court is unaware whether this is an inadvertent omission, whether no response was produced, or the basis of any objection. Therefore, the Court shall not address 116.