UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:18-cv-80581-WM

Plain Bay Sales, LLC,

      Plaintiff and Counter-Defendant,

v.

Zume Gallaher and
Paul Haunert,

      Defendants, Counterclaimants,
      and Third-Party Plaintiffs,

v.

Katie Prudent, Adam Prudent,
Henri Prudent, and Katie
Monahan, Inc.,

      Third-Party Defendants.
_____/

FILED BY ___KJZ___ D.C.

Sep 25, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS GALLAHER AND HAUNERT'S MOTION TO DISMISS THIRD AMENDED COMPLAINT [DE 275]

THIS CAUSE is before the Court on Defendants Zume Gallaher and Paul Haunert's (collectively, "Defendants") Motion to Dismiss the Third Amended Complaint. [DE 275]. Plaintiff Plain Bay Sales, LLC ("Plaintiff") responded to the motion. [DE 294]. Defendants replied to Plaintiff's response. [DE 304]. The Court held a hearing on the motion on August 7, 2020. [DE 3016]. Thus, this matter is ripe for review. For the reasons that follow, the Court grants in part and denies in part the Motion.

## I. Background

As stated in the Court's prior Order dismissing the Third-Party Counterclaim as to Defendants Zume Gallaher and Paul Haunert [DE 211], this case involves a complicated procedural history. The Court focuses only on that part of this case's procedural history that is relevant to the instant motion to dismiss.

On March 2, 2020, the Court granted in part the Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint, and dismissed Counts V, VI, VII, and VIII as to Defendant Haunert, and Count IX as to Defendant Gallaher. [DE 241]. Plaintiff was granted leave to file a Third Amended Complaint, which it did on March 20, 2020. [DE 256].  Plaintiff's Third Amended Complaint ("TAC") [DE 256] includes seven counts, four of which are at issue in this motion: Tortious Interference with a Contract against Mr. Haunert ("Count IV"); Defamation by False Implication against Mr. Haunert ("Count VI"); Conspiracy to Interfere with Contract against Mr. Haunert ("Count VII"); and Vicarious Liability against Ms. Gallaher ("Count IX").  Defendants also seek to strike Exhibit 4 to the TAC.

## II. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires "'only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When a court considers a motion to dismiss under Fed. R. Civ. P. 12(b)(6), it must accept a complaint's factual allegations as true and decide whether the allegations "raise a right to relief above a speculative level." *Id.* at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III.  Discussion and Analysis

In their Motion, Haunert and Gallaher argue that Counts IV, VI, VII, and IX fail to state a claim upon which relief may be granted. Plaintiff opposes Defendants' motion, arguing that the Third Amended Complaint is both legally and factually supported.

#### a.      Count IV: Tortious Interference with Contract Against Haunert

Haunert advances two arguments in support of the dismissal of Count IV.  First, Haunert argues that an agent cannot interfere with the contract of his principal. As explained below, the Court rejects this argument under the facts and circumstances of this case. Second, Haunert argues that this Count is blocked by the Single Publication Rule. As explained below, the Court agrees, and finds that Count IV must be dismissed as to Defendant Haunert.

Federal courts sitting in diversity jurisdiction apply the law of the forum state when deciding claims originating in state law. *See Goodwin v. George Fischer Foundry Sys., Inc.*, 769 F.2d 708, 711 (11th Cir. 1985); *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). Under Florida law, a claim for tortious interference with a contract requires (1) "the existence of a business relationship between the plaintiff and a third person . . . under which the plaintiff has legal rights"; (2) the defendant's knowledge of that contract or business relationship; (3) "an intentional and unjustified interference with the relationship by the defendant which induces or otherwise causes the third person not to perform"; and (4) damages. *Seminole Tribe of Fla. v.*

3

*Times Pub. Co.*, 780 So. 2d 310, 315 (Fla. 4th DCA 2001); *see also Coach Servs., Inc. v. GTE Directories Corp.*, 752 F. Supp. 2d 1271, 1273 (S.D. Fla. 2010) (applying Florida law); *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla. 1994).

Regarding Haunert's first argument—i.e., that Count IV should be dismissed because an agent cannot interfere with the contract of its principal— "in general [], a cause of action for tortious interference cannot exist against one who is himself a party to the contract." *Burger King Corp. v. Ashland Equities, Inc. et al.*, 161 F.Supp.2d 1331, 1336 (S.D. Fla. 2001) (internal quotations and citations omitted); *see also W.D. Sales and Brokerage LLC v. Barnhill's Buffet of Tenn., Inc.*, 362 Fed.Appx. 142 (11th Cir. 2010) ("For the interference to be unjustified, the interfering defendant must be a third party, a stranger to the business relationship.").

However, as Florida's First District Court of Appeal explained in *O.E. Smith's Sons, Inc., v. Steve George*, 545 So. 2d 298, 299 (1st DCA 1989), "the privileged interference enjoyed by a party that is integral to a business relationship is not absolute." *Id*. Indeed, the privilege to interfere "carries with it the obligation to employ means that are not improper." *Making Ends Meet, Inc. v. Cusick*, 719 So.2d 926 (Fla. 3d DCA 1998).

In the present case, Plaintiff has pled that Defendant Haunert acted with improper methods by making threats of illegal conduct; thus, Plaintiff argues that Haunert had no privilege to interfere with Gallaher's contract with Plain Bay. Defendant Haunert disagrees, arguing that the law requires malice to be the *sole* cause of the agent's interference with the contract of its principal in order to state a claim under the malice exception for tortious interference with a contract.

Based upon careful review of the caselaw, the Court agrees with Plaintiff that malice does not have to be the sole motivating cause of the agent's conduct; instead, the agent's

4

utilization of improper methods alone is sufficient to destroy his privilege to interfere with the contract of his principal. *See KMS Restaurant Corp. v. Wendy's International, Inc.*, 361 F.3d 1321, 1327 (11th Cir. 2004) (applying Florida law and concluding that even where the agent's motive was not purely malicious, a tortious interference claim may survive if improper means were used; "[t]he significant inquiry to determine the privilege of justification is whether the means employed are not improper."); *see also Ethyl Corp. v. Balter*, 386 So.2d 1220, 1225 (Fla. 3d DCA 1980) ("[S]o long as improper means are not employed, activities taken to safeguard or promote one's own financial, and contractual interests are entirely non-actionable."). Thus, the Court rejects Defendant Haunert's first argument in support of dismissing Count IV.

Regarding Haunert's second argument—i.e., that Count IV should be dismissed under the single publication rule—Florida's single publication rule provides that "a single publication gives rise to a single cause of action." *Callaway Land & Cattle Co. v. Banyan Lakes* C. *Corp.*, 831 So. 2d 204, 208 (Fla. 4th DCA 2002). "When claims are based on analogous underlying facts and the causes of action are intended to compensate for the same alleged harm, a plaintiff may not proceed on multiple counts for what is essentially the same defamatory publication or event." *Klayman v. Judicial Watch, Inc.*, 22 F. Supp. 3d 1240, 1256 (S.D. Fla. 2014).

Haunert argues that Plaintiff alleges the same misconduct to support both its tortious interference claim (Count IV) and its claim for defamation by implication claim (Count VI). Thus, Haunert argues the rule bars Plaintiff's tortious interference claims to the extent that it is based on the same facts alleged to support Count VI. In response, Plaintiff argues that it pled the existence of multiple repetitions of defamatory communication. Thus, Plaintiff argues that there were "multiple publications," rather than a single publication. Plaintiff cites *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1984) and *Musto v. Bell S. Telecomms. Corp.*, 748 So.2d 296, 297

5

(Fla. 4th DCA 1999) for the proposition that each defamatory statement is the basis for an additional, or separate, cause of action.

The Court finds that Count IV runs afoul of the single publication rule because Plaintiff alleges the same conduct to support the tortious interference claim as it does to support the defamation by false implication claim. Specifically, Plaintiff alleges the following in the tortious interference with contract claim: Haunert published the video to Mrs. Gallaher and then published the two-video and four-video montage [DE 256 ¶ 101], and Haunert interfered with the Gallaher-Plain Bay contract by stating the montages accurately showed Victorio was not a suitable horse for Gallaher [DE 256 ¶ 102].  But regarding the defamation by false implication claim, Plaintiff alleges the same conduct; specifically, Haunert intentionally published to Mrs. Gallaher the first video montage and second  video  montage [DE 205 ¶ 113], that Haunert purposefully published a juxtaposed series of images so as to imply a defamatory connection between those images [DE 205 ¶ 114], and that the publications by Haunert were defamatory by implication because the images found in the two montages were not full videos of the competition rounds from which they were taken. [DE 205 ¶ 115]. Thus, the same conduct is alleged to support both counts.

Regarding Plaintiff's argument that the "multiple publication rule" saves this count, the Court has already rejected this argument in a previous order in this case, which is adopted herein. *See* Order on Mr. Jones' Motion to Dismiss [DE 240, at 5].  Because Plaintiff's arguments and caselaw in its Response here [DE 294] are essentially identical to its arguments and caselaw in its Response to Jones' Motion to Dismiss [DE 212], the Court need not engage in any new analysis.

6

Accordingly, as pleaded in the Third Amended Complaint, Plain Bay's tortious interference with a contract claim runs afoul of Florida's single publication rule, as the rule exists to prevent a plaintiff from "circumventing a valid defense to defamation by recasting essentially the same facts into several causes of action all meant to compensate for the same harm." *Klayman v. Judicial Watch*, 22 F. Supp. 3d 1240, 1256 (S.D. Fla. 2014). Count IV will be dismissed.

    **b**.    **Count VI: Defamation by False Implication Against Haunert**

Under Florida Law, the elements of defamation by false implication are "(1) a juxtaposition of a series of facts as to imply a defamatory connection between them, or (2) the creation of a defamatory implication by omitting facts." *Klayman v. City Pages*, 650 F. App'x 744, 749 (11th Cir. 2016) (citing *Jews For Jesus, Inc. v. Rapp*, 997 So.2d 1098, 1107 (Fla. 2008)).

Haunert argues that the TAC fails to allege that the "statements" were literally true as required by this Court's previous ruling in this case. *See* [DE 240, at p. 7], *supra*, (in which the Court stated, "defamation by implication requires that Plain Bay allege the statements that allegedly created a false impression were 'literally true[.]'"). Plaintiff argues that it did in fact plead that the statements were literally true.

The Court rejects Haunert's argument as frivolous.  Specifically, Plaintiff includes the following allegation in the Third Amended Complaint:

> Haunert purposefully published a juxtaposed series of images so as to imply a defamatory connection between those images, creating those literally true, selected limited images of Victorio created a false, negative implication of Victorio and of the business reputation of Plain Bay.

*See* TAC, [DE 256] ¶ 114. Plaintiff clearly has alleged the requisite facts to support a claim of defamation by false implication. While Haunert argues that this paragraph is "far from a model

of clarity," it is certainly sufficient to save this claim at the pleading stage.   Accordingly, Haunert's Motion is denied to the extent it seeks dismissal of Count VI.

### c.      Count VII: Conspiracy Against Haunert

Count VII, conspiracy, alleges that Haunert engaged in a conspiracy with other defendants to interfere with Plain Bay's contract with Gallaher. Haunert argues that Count VII should be dismissed if this Court dismisses Count IV. The Court agrees.  *See SFM Holdings, Ltd. v. Banc of Am. Secs., LLC*, 764 F.3d 1327, 1338-39 (11th Cir. 2014) (explaining that "an actionable conspiracy requires an actionable tort or wrong"); *Raimi v. Furlong*, 702 So. 2d 127, 128 (Fla. 3d DCA 1997). As explained above, Plaintiff's tortious interference claim (Count IV) is legally insufficient. Thus, the Court also dismisses Count VII, which rises or falls with Count IV.

### d.      Count IX Vicarious Liability Against Gallaher

Count IX, vicarious liability, alleges that Gallaher is vicariously liable for Haunert's tortious interference with a contract and also for his defamatory conduct. Under Florida law, a claim for vicarious liability requires showing that a defendant's "employee committed [a] negligent act: (1) within the scope of employment, or (2) during the course of employment and to further a purpose or interest of the employer." *Valeo v. E. Coast Furniture Co.*, 95 So.3d 921, 925 (Fla. 4th DCA 2012).

The Court has determined that Plaintiff has not stated a claim for tortious interference with a contract in Count IV.  Thus, Gallaher cannot be held vicariously liable for the conduct of Haunert regarding tortious interference with a contract.  *Honig v. Kornfeld*, 339 F. Supp. 3d 1323, 1347-48 (S.D. Fla. 2018) (stating that to hold a principal liable, a plaintiff must "sufficiently allege the elements of agency in addition to the elements of the underlying

negligent act of the agent for which the plaintiff seeks to hold the principal liable."). Accordingly, Count IX is dismissed to the extent it alleges that Gallaher is vicariously liable for Haunert's tortious interference with a contract, and the allegations related solely thereto are hereby stricken.

On the other hand, the Court also held that Plaintiff's defamation by false implication claim in Count VI could proceed. Because Count VI still remains viable, Gallaher could potentially be vicariously liable for Haunert's alleged defamatory conduct. Thus, the Motion to Dismiss Count IX is denied to the extent that it seeks dismissal of the vicarious liability claim against Gallaher for Haunert's alleged defamatory conduct. Therefore, Count IX survives only as to the vicarious liability claim against Gallaher for Haunert's alleged defamatory conduct.

### e.     Whether Martin's Sworn Statement of June 26, 2019 [DE 256-4] Should be Stricken

Finally, Defendants argue[1] that Exhibit D to the Third Amended Complaint should be stricken in its entirety because it was an unnoticed deposition. Plaintiff responds that the testimony is not an unnoticed deposition, but instead is merely a witness statement, and that, in any event, Defendants noticed Martin's deposition for the end of June 2020.

Defendants' request to strike Exhibit D of the Third Amended Complaint is denied.  The Court will assign the appropriate probative or evidentiary weight, if any, to the statement, which it understands was not subject to cross-examination. Because the actual deposition of Martin was evidently taken in June 2020, after the June 26, 2019 date of the "unnoticed deposition" or "witness statement," the Court finds that there is no prejudice to any party.

---

[1] Defendants brought this same argument before the Court in their November 21, 2019 Motion to Dismiss the Second Amended Complaint [DE 199 at 15-16].  The Court did not address that portion of Defendant's motion in its Order [DE 241].

### IV. Conclusion

In light of the foregoing, the Court **GRANTS IN PART and DENIES IN PART** Defendants Gallaher and Haunert's Motion to Dismiss the Third Amended Complaint [DE 275]. Count IV of the Third Amended Complaint is **DISMISSED WITH PREJUDICE** as to Defendant Haunert. Count VII is **DISMISSED WITH PREJUDICE** as to Defendant Haunert. Count IX is **DISMISSED WITH PREJUDICE** to the extent that it alleges that Gallaher is vicariously liable for Haunert's tortious interference with a contract. The dismissals are with prejudice because Plaintiff has now had four opportunities to state a cause of action as to these counts and has failed to do so. Any further amendment at this point would be futile and a waste of judicial and attorney resources.

The Motion is **DENIED** as to Count VI, and is also **DENIED** as to Count IX, to the extent that Count IX alleges that Gallaher is vicariously liable for Haunert's defamatory conduct. The Motion is **DENIED** to the extent that it seeks to strike the document filed at DE 256-4.

**DONE and ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 25th day of September 2020.

WILLIAM MATTHEWMAN
United States Magistrate Judge

10