UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:18-cv-80581-Matthewman

Plain Bay Sales, LLC,
*a Florida limited liability company*,

      Plaintiff and Counter Defendant,

v.

Zume Gallaher, *et al.*,

      Defendants, Counterclaimants,
      and Third Party Plaintiffs,

v.

Katie Prudent, Adam Prudent, Henri
Prudent, and Katie Monahan, Inc.,

      Third Party Defendants and
      Fourth Party Plaintiffs,

v.

Zume Gallaher, Paul Haunert, Neil
Jones, and Jonathen Craig Yates,

      Fourth Party Defendants.
_____/

FILED BY _____KJZ_____ D.C.

Sep 29, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

### ORDER ON DEFENDANTS' MOTIONS TO STRIKE
### AFFIRMATIVE DEFENSES [DEs 282, 283, 284]

THIS CAUSE is before the Court on Defendants Zume Gallaher ("Gallaher") and Paul

Haunert's ("Haunert") Motions to Strike Certain of Plain Bay, KMI, and the Prudents' Amended

Affirmative Defenses. [DEs 282, 283, 284]. The motions are fully briefed. [DEs 287-289, 300-

302]. The Court held a lengthy hearing on the motions on August 7, 2020 via Zoom VTC. Thus,

this matter is ripe for review. For the reasons that follow, the Court grants the motions in part and

denies them in part.

## I. <u>Background</u>

The complicated procedural history involved in this case is laid out in the Court's prior Order dismissing the Third Party Complaint as to Third Party Complaint Defendant Yates [DE 198] and as such need not be laid out again here.

As relevant to the instant motion to strike, Plaintiff brought suit against Defendants on May 3, 2018. [DE 1]. After substantial and ongoing motions practice, Defendants Gallaher and Haunert filed an amended counterclaim against Plain Bay, KMI, and the Prudents. [DE 116]. Plain Bay, KMI, and the Prudents filed their amended affirmative defenses to the amended counterclaim. [DEs 253, 254, 255]. Defendants Zume Gallaher and Paul Haunert have now filed three motions to strike certain amended affirmative defenses asserted by the Plaintiffs/Counter-Defendants and Third Party Plaintiffs/Counter-Defendants: Plain Bay, KMI, and the Prudents.

## II. <u>Legal Standard</u>

Courts may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, a motion to strike is a "drastic remedy" that is usually disfavored. *See Lebron v. Royal Caribbean Cruises, Ltd.*, No. 16-24687, 2017 WL 7792720, at *2 (S.D. Fla. Aug. 18, 2017). "A motion to strike affirmative defenses will therefore usually be denied unless the allegations have no possible relation to the controversy, may cause prejudice to one of the parties, or fail to satisfy the pleading requirements under the Federal Rules of Civil Procedure." *Id.* "In addition, an affirmative defense may be stricken if it is clearly insufficient as a matter of law." *Id.* "But even deficient defenses, to the extent that they raise relevant and substantial legal and factual questions, may survive a motion to

2

strike." *Id.*

An affirmative defense is "[a]ny matter that does not tend to controvert the opposing party's *prima facie* case as determined by the applicable case law." *Hassan v. United States Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988). "An affirmative defense is established when a defendant admits the essential facts of the complaint and sets up other facts in justification or avoidance." *Lebron*, 2017 WL 7792720, at *2.

Courts have generally held that an affirmative defense may be stricken if the defense as pleaded fails to satisfy the pleading requirements of Federal Rule of Civil Procedure 8. *Id.* However there is an unresolved split among courts in this District regarding whether the higher pleading standard set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), applies to affirmative defenses, *see, e.g. In re Checking Account Overdraft Litig.*, 307 F.R.D. 630, 649-50 (S.D. Fla. 2015); *Grovenor House, L.L.C. v. E.I. Du Pont De Nemours And Co.*, No. 9-21698, 2010 WL 3212066, at *1 (S.D. Fla. Aug. 12, 2010); *Castillo v. Roche Labs Inc.*, No. 10-20876, 2010 WL 3027726, at *2 (S.D. Fla. Aug. 2, 2010), or only the lesser standard set forth in Rule 8(b), which requires a party to "state in short and plain terms its defenses to each claim asserted against it," *see, e.g.*, *Lebron*, 2017 WL 7792720, at *3-4; *Tsavaris v. Pfizer, Inc.*, 210 F.R.D. 678, 682 (S.D. Fla. 2015); *Hilson v. D'more Help, Inc.*, No. 15-60155, 2015 WL 5308713 (S.D. Fla. Sept. 11, 2015); *Sparta Ins. Co. v. Colareta*, No. 13-60579, 2013 WL 5588140 (S.D. Fla. Oct. 10, 2013); *Mt. Hawley Ins. Co. v. Boca Bayou Condo. Ass'n, Inc.*, 2019 WL 7837288, at *1 (S.D. Fla. Dec. 20, 2019), report and recommendation adopted, 2020 WL 1441921 (S.D. Fla. Mar. 25, 2020)

This Court finds the logic of the cases applying a lower pleading standard to affirmative defenses to be persuasive, and the Court will apply such lower pleading standard here. Each affirmative defense subject to the motions will be discussed, in turn.

### III. Analysis and Discussion

Defendants move to strike the Prudents', PBS', and KMI's <u>First Affirmative Defense</u> <u>(Unclean Hands)</u>. This affirmative defense requires that the party's wrongdoing is directly related to the claim and, also that the that the movant was personally injured by the conduct. Defendants argue that the affirmative defense fails because it does not allege both elements. The Court **DENIES** the Motion to Strike this affirmative defense at this stage of litigation. The Prudents', PBS', and KMI's allegations, when accepted as true, allege at least the minimum basis for unclean hands.

Defendants move to strike the Prudents', PBS', and KMI's <u>Third Affirmative Defense</u> <u>(Laches)</u>. Laches requires proof that: (1) ... [plaintiff] *delayed filing suit* for an unreasonable and inexcusable length of time from the time they knew or reasonably should have known of their claim against ... [the defendant], and (2) the delay operated to the prejudice or injury of ... [the defendant]. *IMX, Inc. v. E-Loan, Inc.*, 748 F. Supp. 2d 1354, 1359 (S.D. Fla. 2010). In asserting this affirmative defense, the Prudents, PBS, and KMI allege that Gallaher and Haunert knew or should have known for ten days of the basis on which they would later seek to rescind the Victorio transaction. [DE 255, at 2-3]; [DE 253, at 3]; [DE 254, at 2-3]. Thus, the Court **DENIES** the Defendants' motions to strike as to this affirmative defense at this stage of litigation.

Defendants moved to strike the Prudents', PBS', KMI's <u>Fifth Affirmative Defense</u> <u>(Equitable Estoppel)</u>. Defendants argue that this affirmative defense was insufficiently pled

4

because it does not provide Defendants with "fair notice" of the factual bases of the asserted defense and fails to allege a necessary element with factual support. In particular, the affirmative defense, as pled, does not allege "a change in position detrimental to the party claiming estoppel, caused by the representation and reliance thereon." *State v. Harris*, 881 So. 2d 1079, 1084 (Fla. 2004); [DE 255, at 3-4]; [DE 253, at 4]; [DE 254, at 3-4]. The motions to strike are **DENIED** as to this affirmative defense. Although Plaintiffs did not allege precisely how much the reduced resale price of Victorio was, they still allege detrimental reliance on their part. That is sufficient at this early stage.

Defendants moved to strike the Prudents', PBS', KMI's Seventh Affirmative Defense (Absence of Privity and/or Absence of Third-Party Beneficiary). This affirmative defense alleges that Defendant Haunert has no standing to bring any of the Counterclaims and Third-Party Claims due to the lack of privity. [DE 255, at 4-5]; [DE 253, at 5-6]; [DE 254, at 4-5]. Defendant Haunert moves to strike it, because he asserts that he has standing to bring non-contract claims. The motions are **DENIED** as to this affirmative defense. Standing often involves detailed factual matters, and at this early stage, the Court will allow such matters to be more fully developed.

Defendants move to strike the Prudents', PBS', KMI's Eighth Affirmative Defense (Absence of Actual Damages as to Haunert). This affirmative defense alleges that Mr. Haunert has no standing to bring any Counter or Third-Party Claims because he has suffered no damages. [DE 255, at 5]; [DE 253, at 6]; [DE 254, at 5]. Haunert moves to strike it because he claims he can bring noncontract claims. As held above, regarding the Seventh Affirmative Defense, the motions are **DENIED** as to this affirmative defense for the same reasons previously stated.

Defendants move to strike the Prudents', PBS', KMI's Tenth Affirmative Defense (No

Actual Damages under FDUTPA). This affirmative defense states that, because of Mr. Haunert's

alleged lack of privity, he has no standing to bring a FDUTPA claim. [DE 255, at 7-8]; [DE 253,

at 7-8]; [DE 254, at 6-7]. Haunert argues that his allegation that he did not receive commission for

his work or time is sufficient to state damages for a FDUTPA claim. [DE 116 at 57]. *See*

*Intercoastal Realty, Inc. v. Tracy*, 706 F. Supp. 2d 1325,1335 (S.D. Fla. 2010) (finding agent stated

claim under the FDUTPA where agent alleged that it was a third- party beneficiary of option to

purchase contract between vendor and purchaser and that defendant's deceptive and unfair practice

deprived plaintiff of a commission for the sale of the property). Haunert adequately pleaded privity

and damages, based on not receiving a commission for his work and time. The Court thus **DENIES**

the motions as to this affirmative defense.

Defendants move to strike the Prudents' and KMI's Eleventh Affirmative Defense (Intra-

Corporate Conspiracy). This affirmative defense asserts that William Martin, along with all of the

Plain Bay Parties, are part of the same corporation. [DE 255, at 8-9]; [DE 254, at 7-8]. The Court

**DENIES** the motions as to this affirmative defense. Based on the allegations in this affirmative

defense, it is asserted that the Plaintiffs are separate entities.

Defendants move to strike the Prudents' Twelfth Affirmative Defense (No Basis to Pierce

Corporate Form to Name Adam and Katie Prudent). Defendants argue that this affirmative defense

fails because it misstates the relevant corporate shield doctrine. [DE 255, at 9-10]. They assert that

a nonresident corporate officer is "…subject to personal jurisdiction if the officer directed fraud or

other intentional misconduct at parties in the State of Florida." *Schwartzberg v. Knobloch*, 98 So.

3d 173, 181-82 (Fla. 2d DCA 2012). Defendants have alleged misconduct against the Prudents for

acts that were committed in Florida. [DE 116, *generally*]. The motions to strike are **GRANTED**

as to this affirmative defense because the Prudents simply deny Defendant's allegations but provide no reasoning or support. The Court will treat this affirmative defense as a denial. *Cortes v. Am. AirlinEs, Inc.*, (sic) 2012 WL 12865845, at *4 (S.D. Fla. July 2, 2012) (court may treat affirmative defense as denial if it is not a true affirmative defense).

Defendants moved to strike the Prudents' Sixteenth Affirmative Defense (No Basis to Name Henri Prudent Individually). Defendants argue that this affirmative defense likewise misstates the corporate shield doctrine. They assert that the doctrine therefore is inapplicable because Defendants have alleged fraud and intentional misconduct against Henri Prudent for acts that were committed in Florida. [DE 116, *generally*]; [DE 255, at 10-11]. The Motion to Strike is thus **GRANTED** as to this affirmative defense because such acts were alleged to have been committed in Florida. The Court will treat this affirmative defense as a denial.

Defendants moved to strike the Prudents', PBS', and KMI's Seventeenth Affirmative Defense (Failure of Underlying Torts to Civil Conspiracy). This affirmative defense avers that, to the extent that the claims upon which the civil conspiracy are based are found not to be actionable, Defendants cannot prevail on the conspiracy count. [DE 255, at 11]; [DE 253, at 9]; [DE 254, at 8-9]. The Motion to Strike is **DENIED** as to this affirmative defense. It is contingent on whether the underlying counts of Defendant's Counterclaims are valid, which is clearly an inquiry for later stages of litigation.

Defendants moved to strike the Prudents' and PBS' Nineteenth Affirmative Defense (Unilateral Mistake). Defendants argue this affirmative defense fails because Defendants did not assert any claims based on them being mistaken about the suitability, but rather that they were intentionally defrauded by the Plain Bay parties as to suitability. The motions to strike this

7

affirmative defense are **DENIED**. The factual matters needed for resolution thereof go to the core of this case.

Defendants moved to strike the Prudents', Plain Bay's and KMI's Twenty-First Affirmative Defense (Good Faith). This affirmative defense requires the moving party to prove that it advanced the claim in good faith, which necessitates that the claim had been a novel but credible extension or interpretation of the law. *Acosta v. Campbell*, 6:04-CV-761ORL28DAB, 2009 WL 4639704, at *4 (M.D. Fla. Dec. 4, 2009). Defendants argue that neither such an extension nor interpretation was asserted. [DE 255, at 12-13]; [DE 253, at 11]; [DE 254, at 9-10]. The Court **DENIES** the motions to strike this affirmative defense at this stage of litigation. The factual matters needed for resolution thereof go to the core of this case.

Defendants moved to strike the Prudents', PBS', and KMI's Thirtieth Affirmative Defense (Fair Competition/Competitor's Privilege). *See Bluesky Greenland Envtl. Sols., LLC v. 21st Century Planet Fund, LLC,* 985 F. Supp. 2d 1356, 1366–67 (S.D. Fla. 2013). Defendant Haunert argues that he has not made the requisite allegation that would render this defense applicable. The motions are **DENIED** as to this affirmative defense. The Court finds that this defense may be applicable since Defendants have alleged in their Counterclaim a variety tortious and fraudulent misconduct by Plaintiffs, such as "malicious motives" against Plaintiffs. Further factual development is needed.

Defendants moved to strike the Prudents', PBS', and KMI's Thirty-Second Affirmative Defense (Opinion). Defendants argue this is not a recognized defense to a breach of warranty. [DE 255, at 16]; [DE 253, at 16]; [DE 254, at 13]. This affirmative defense should be stricken. Opinion is not one of the affirmative defenses set out in Fed. R. Civ. P. 8(c), and, Plaintiff did not provide

8

any substantive law that would merit this defense appropriate or applicable. The motions are **GRANTED** as to this affirmative defense. The Court will treat this affirmative defense as a denial.

Defendants moved to strike the Prudents', Plain Bay's and KMI's Thirty-Fourth Affirmative Defense (Acceptance of Victorio). This affirmative defense asserts that Defendants accepted Victorio after having a reasonable opportunity to inspect. [DE 255, at 17]; [DE 253, at 16-17]; [DE 254, at 14]. Defendants move to strike it because they argue that this is not a proper affirmative defense, but instead is a mere denial. The Motion is **DENIED** as to this affirmative defense.   The factual matters needed for resolution thereof go to the core of this case.

Defendants moved to strike the Prudents', PBS', and KMI's Thirty-Ninth Affirmative Defense (Lack of Personal Jurisdiction of California). At the August 7, 2020 hearing, the Court questioned counsel regarding the factual or legal basis for this affirmative defense. Counsel did not provide either. In its own review, the Court is unable to determine the same. Thus, motions to strike are **GRANTED** as to this affirmative defense.

Defendants moved to strike the Prudents', PBS', and KMI's Forty-Third Affirmative Defense (Waiver). Defendants argue this affirmative defense is applicable only if the agreement was made with actual or imputed knowledge of the facts constituting the alleged fraud or material misrepresentation. *Bissett v. Ply-Gem Indus., Inc.*, 533 F.2d 142, 151 (5th Cir. 1976). Thus, they allege, the affirmative defense lacks this necessary element; i.e., that the Defendants knew or should have known the Horse was not suitable for Ms. Gallaher. [DE 255, at 18]; [DE 253, at 18]; [DE 254, at 15]. The Motion is **DENIED** as to this affirmative defense. Plaintiffs contend that Defendants, by inspecting and accepting the horse and then paying full price to execute the sale, knew, or should have known, that the Horse was not suitable for Ms. Gallaher. This defense, on

its face, satisfies all the necessary elements.

Defendants moved to strike PBS' Forty-Fourth Affirmative Defense (Absence of Purchase for Particular Purpose). Defendants argue this affirmative defense fails because it is a mere denial. The motions are **GRANTED** as to this affirmative defense. This defense is a mere denial.

Defendants moved to strike PBS' Forty-Fifth Affirmative Defense (Conformity with Industry Standards). Defendants argue this affirmative defense fails as it provides a mere denial. The motions are **GRANTED** as to this affirmative defense. This affirmative defense is a mere denial.

Defendants moved to strike PBS' Forty-Sixth Affirmative Defense (Lack of Non-Conformity at Time Revocation). Defendants argue this affirmative defense fails as it provides a mere denial. [DE 253, at 19]. The motions are **GRANTED** as to this affirmative defense. This affirmative defense is a mere denial.

Defendants moved to strike the Prudents', PBS', and KMI's Forty-Seventh Affirmative Defense (Own Knowledge and Failure of Reliance). Defendants argue this affirmative defense is not a recognized defense to a breach of warranty. [DE 255, at 19]; [DE 253, at 20]; [DE 254, at 16]. The motions are **GRANTED** as to this affirmative defense. It was asserted without legal support. The Court will treat it as a denial.

Defendants moved to strike the Prudents', PBS', and KMI's Forty-Eighth Affirmative Defense (Intra-Corporate Conspiracy Doctrine). Defendants argue that this affirmative defense only applies to a corporation and its officers. In particular, they allege that that this defense states that a corporation and its agents or employees cannot legally conspire together unless the officer has a personal stake in the activities that are separate and distinct from the corporation's interests.

10

*See Valdes v. GAB Robins N. Am., Inc.*, 924 So. 2d 862, 865 (Fla. 3d DCA 2006). They argue that defense thus fails since the Prudents, Plain Bay, and KMI are distinct and separate entities and corporations. [DE 255, at 20-21]; [DE 253, at 20]; [DE 254, at 16-17]. The Motion is **DENIED** as to this affirmative defense. Plaintiffs alleged the doctrine's prerequisite; *i.e* that, while they are distinct entities, the plaintiffs were engaged in a series of principle/agent relationships. Further factual development is needed for the Court to address this affirmative defense.

### IV. Conclusion

In light of the foregoing, the Court **GRANTS IN PART and DENIES IN PART** Defendants' Motion to Strike Certain of the Plain Bay Parties' Affirmative Defenses [DEs 282, 283, 284] as specified above.

**DONE and ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 29th day of September 2020.

WILLIAM MATTHEWMAN
United States Magistrate Judge