UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:18-cv-80581- Matthewman

PLAIN BAY SALES, LLC,

    Plaintiff and Counter-Defendant,

v.

ZUME GALLAHER AND
PAUL HAUNERT,

    Defendants, Counterclaimants,
    and Third-Party Plaintiffs,

v.

KATIE PRUDENT, ADAM PRUDENT,
HENRI PRUDENT, AND KATIE
MONAHAN, INC.,

    Third-Party Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL SUFFICIENT RESPONSES TO FINANCIAL WORTH DISCOVERY [DE 358]

THIS CAUSE is before the Court upon Defendants/Counterclaimants Zume Gallaher and Paul Haunert's Motion to Compel Sufficient Responses to Financial Worth Discovery [DE 358]. Plain Bay Parties[1] responded [DE 360], and Defendants replied [DE 365]. The Court's June 10, 2021 Order [DE 369] found that financial net worth discovery is relevant to the claim for punitive damages and found that the scope and breadth of the financial worth discovery sought is overbroad. As such, the parties were ordered to further confer and attempt to agree on limited financial worth discovery which is relevant and proportional to the needs of this case. As

---

[1] Plaintiff/Counterclaim Defendant Plain Bay Sales, LLC and Third-Party Defendants Katie Monahan, Inc., Katie Prudent, Henri Prudent and Adam Prudent (collectively, the "Plain Bay Parties")

directed, the parties filed a Joint Notice Regarding Financial Worth Discovery [DE 373]. After careful review of the parties' filings, it is hereby **ORDERED** as follows:

As part of the parties' efforts to work cooperatively and narrow the issues, the parties resolved the following disputes as detailed in their Joint Notice: Request for Production Nos. 1 through 6 and 9 though 21; Interrogatory Nos. 1, 3 through 5, and 8 through 10. The parties also agree, in part, to Request for Production No 8 and Interrogatory No. 7. The parties are directed to comply with their agreement. Because Court intervention is no longer required on matters to which the parties agree, the Court now turns to the remaining matters in dispute.

Request for Production No. 7 seeks all deeds to any real property owned by You in whole or in part. The Court disagrees with Plain Bay Parties' position that this request is duplicative and requires unnecessary and burdensome time and expense because Plain Bay Parties already identified their owned real property during deposition. As such, Plain Bay Parties' objections are **OVERRULED**.

Request for Production No. 8 seeks all periodic statements from January 1, 2018 to the present date for all Your checking accounts, and all Your other accounts, including but not limited to savings accounts, money market funds, mutual fund accounts, hedge fund accounts and certificates of deposit, regardless of whether or not the account has been closed, including those held jointly with another person or entity. Defendants agree to limit this request to statements for the last year (July 1, 2020 to June 30, 2021), redacted to reflect only account ending balances for each month and redacted to exclude the identity of the joint account holder(s) if a non-party, and Plain Bay Parties agree to provide such. However, Defendant asserts they are also entitled to records from March 2018 or afterward showing a specific transfer. Plain Bay Parties disagree because those records are unrelated to financial worth

discovery and were previously produced. The Court agrees with Plain Bay Parties and Plain Bay Parties' objections are **SUSTAINED**.

Interrogatory No. 2 askes to identify all real estate owned by You from January 1, 2018 to the present, whether vacant, land, residential or commercial. For each property provide the following: (a) Address or legal description; (b) Date Purchased by You and price paid; (c) Whether You still own the property; (d) If sold by You, the date of sale, identity of buyer, sale price; (e) If there was a mortgage on any of the properties during the time the property was held by You, identify the mortgage company, loan number and original loan amount. Plain Bay Parties asserts that most of this information was provided during deposition and Plain Bay Parties confirms no such real property has been sold since January 1, 2018 to present. Plain Bay Parties also agreed to provide the address of the currently owned properties. The Court finds Interrogatory No. 2 to be overbroad as written and modifies it as follows: identify all real estate presently owned by You, whether vacant, land, residential or commercial. For each property provide the following: (a) Address or legal description; (b) Date Purchased by You and price paid; and (c) If there is presently a mortgage on any of the properties identified, identify the mortgage company, loan number and original loan amount. As modified, the Plain Bay Parties' objections are **OVERRULED,** and the modified Interrogatory shall be responded to per this Order.

Interrogatory No. 6 asks to identify all sources of income for You from January 1, 2018 to the present. For each such source, provide the name, the source and the amount of income. Plain Bay Parties assert that the financial documents that will be produced are sufficient to answer this interrogatory. Moreover, only the current financial condition of Plain Bay Parties is an issue, which will be revealed by production of the past tax returns consistent with the parties'

agreement. Further, such inquiry from a competitor Haunert would require production of highly confidential business information belonging to Plain Bay Parties, while not being necessary to inform as to the current financial condition of Plain Bay Parties. The Court will address the confidential discovery later in this Order. Putting that aside, the Court finds Interrogatory No. 6 will likely yield duplicative information as Requests for Protection Nos. 2 and 3 and is overbroad as written. Therefore, Plain Bay Parties' objections are **SUSTAINED.**

Interrogatory No. 7 asks to state Your annual income, gross revenue, margins, net income, capital reserves and liabilities from January 1, 2018 to the present. The parties have agreed that this Interrogatory may be answered by reference to documents which will be produced for the period of January 1, 2019 to the present, except the parties were unable to agree as to "margins, capital reserves and liabilities," which may or may not be reflected in documents to be produced. The Court finds Interrogatory No. 7 is overbroad and vague. Plain Bay Parties' objections are **SUSTAINED** as production of the referenced documents are sufficient at this point.

Finally, the Joint Notice informs that the parties disagree regarding the designation that certain documents be confined to attorneys' eyes only. The Court notes that the parties entered into a confidentiality agreement and stipulated protective order in this matter [DE 69]. Now, with the Court's ruling that financial discovery is relevant in this case, the parties shall engage in renewed good faith conferral on whether the parties should enter into a supplemental confidentiality agreement to govern financial discovery in this case. If the parties are able to reach agreement, they may submit a proposed agreed order to the Court via email (matthewman@flsd.uscourts.gov) for review. If the parties are unable to reach an agreement after conferring, an appropriate motion should be filed. The Court is hopeful that the parties will

reach an agreement, particularly because, in cases such as this one parties routinely agree upon the terms of a proposed order and frequently designated sensitive information such as confidential financial information for attorney's eyes only.

In accordance with the above and foregoing, it is hereby **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Compel Sufficient Responses to Financial Worth Discovery [DE 358] is **GRANTED IN PART AND DENIED IN PART** in accordance with the terms herein.

2. Plain Bay Parties shall provide responsive documents and amended responses to Request for Production No. 7 and Interrogatory No. 2 within fifteen (15) days of this Order.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 30th day of June, 2021.

*[signature]*
WILLIAM MATTHEWMAN
United States Magistrate Judge