UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:18-cv-80581-Matthewman

PLAIN BAY SALES, LLC,

    Plaintiff and Counter-Defendant,

v.

ZUME GALLAHER AND
PAUL HAUNERT,

    Defendants, Counterclaimants,
    and Third-Party Plaintiffs,

v.

KATIE PRUDENT, ADAM PRUDENT,
HENRI PRUDENT, AND KATIE
MONAHAN, INC.,

    Third-Party Defendants.
_____/

FILED BY KJZ D.C.
Jul 29, 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

**ORDER GRANTING DEFENDANTS/COUNTERCLAIMANTS' AND NON-PARTIES'
MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS [DE 371]**

    THIS CAUSE is before the Court upon Defendants/Counterclaimants ("Defendants") and Non-Parties Ilan Ferder, Cindy Gallaher and Bill Gallaher's ("Non-Parties") (together, "Movants") Motion for Protective Order and to Quash Subpoenas ("Motion") [DE 371]. Plaintiff responded [DE 374], Movants replied [DE 377], and Movants and Plaintiff filed a Joint Notice [DE 391] as required by the Court. The Court has carefully considered the filings, arguments of counsel, and the entire docket in this case. The Court held a hearing on the Motion via Zoom video teleconference on July 26, 2021. The Court announced its oral rulings as to the Poppy Bank subpoena and reserved ruling as to the subpoena issued to Verizon Security Assistance

Team (VSAT) and its Custodian of Records (collectively, "Verizon"). This Order memorializes the Court's rulings as to the Poppy Bank subpoena and now rules on the Verizon subpoena.

Plaintiff issued two subpoenas to seek documents relating to the phone and bank records of non-party Ilan Ferder (hereinafter "Mr. Ferder"). [DE 371-1; 2]. On June 18, 2021, Movants moved for a protective order and to quash the subpoenas issued to Verizon and Poppy Bank pursuant to Federal Rules of Civil Procedure 45(d) and 26(b)–(c). [DE 371]. Movants argue that a protective order should be granted and the subpoenas should be quashed because the subpoenas require disclosure of privileged or otherwise protected matters and seek information that is overly broad, largely irrelevant, beyond the scope of discovery or duplicative and not proportional to the needs of this case. [DE 371 at 1].

On June 23, 2021, Plaintiff responded in opposition. [DE 374]. As to the subpoena to Poppy Bank, Plaintiff argues that this subpoena seeks to verify an allegation in Defendants' Amended Counterclaim/Third Party Claim, that "[o]n Thursday, March 15, 2018, at approximately 1:30 p.m. Pacific time, Gallaher caused a wire transfer of $950,000 to be initiated to Plan Bay Sales for purchase of the Horse." [DE 116 ¶ 90]. As to the Verizon subpoena, Plaintiff contends that it is properly seeking videos and communications sent by Mr. Ferder to Haunert and Gallaher because these videos and communications caused them to no longer want the horse at issue. [DE 374 at 4].

"The scope of discovery under a Rule 45 subpoena is the same as the scope of discovery under Rule 26." *Woods v. On Baldwin Pond, LLC*, No. 6:13-CV-726-ORL-19DAB, 2014 WL 12625078, at *1 (M.D. Fla. Apr. 2, 2014). Federal Rule of Civil Procedure 26(b), which governs the scope of discovery, provides, in pertinent part, that "[p]arties may obtain discovery regarding

any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b)(1).

Federal Rule of Civil Procedure 26(c) provides that a court "for good cause shown… may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26. "While Rule 26(c) articulates a single standard for ruling on a protective order motion, that of 'good cause,' the federal courts have superimposed a somewhat more demanding balancing of interests approach under the Rule." *Farnsworth v. Center for Disease Control*, 758 F.2d 1545, 1547 (11th Cir. 1985) (citations omitted). In evaluating whether a party has satisfied the burden of "good cause," "a court should balance the non-moving party's interest in obtaining discovery and preparing for trial against the moving party's proffer of harm that would result from the [discovery]." *Barrata v. Homeland Housewares, LLC*, 242 F.R.D. 641, 642 (S.D. Fla. 2007) (citing *Farnsworth*, 758 F.2d at 1547). "Generally, a party moving for a protective order must make a specific demonstration of facts in support of the request, as well as of the harm that will result without a protective order." *Fargeon v. Am. Nat'l Prop. & Cas. Co.*, No. 08-60037-CIV, 2008 WL 11332027, at *4 (S.D. Fla. July 8, 2008) (citing *Dunford v. Rolly Marine Service, Co.*, 233 F.R.D. 635, 636 (S.D. Fla. 2005)). "Although the bases for granting a protective order are narrow, the Court may, on its own, limit the extent of discovery 'if it determines that ... the proposed discovery is outside the scope permitted by Rule 26(b)(1).'" *Morgan v. Orlando Health, Inc.*, 617CV1972ORL41GJK, 2019 WL 11639550, at *3 (M.D. Fla. Mar. 4, 2019) (quoting Fed. R. Civ. P. 26(b)(2)(C)(iii)). The Court will address the Verizon subpoena and the Poppy Bank subpoena in turn.

3

First, the Verizon subpoena seeks: (1) "all records associated with the identified mobile number . . . relating to all delivered and undelivered inbound and outbound calls, text messages, and text message content to the above listed number, all voice mail, and all data connections from February 1, 2018 through June 1, 2018"; (2) the "[a]ctivation date and termination date of each device associated with the account and the mobile number . . . for the period December 1, 2017 through the present"; (3) "all records associated with the identified mobile number" from "December 1, 2017 through June 1, 2018" including "all stored communications or files, including voice mail, text messages . . . e-mail, digital images[,] . . . contact lists, video calling, web activity[,] . . . domain accessed, data connections[,] . . . Internet protocol (IP) addresses, IP Session data, IP Destination Data, bookmarks, data sessions, name of web sites and/or applications accessed, date and time when all web sites, applications, and/or third party applications were accessed and the duration of each web site, application, and/or third party application was accessed, and any other files including all cell site and sector information associated with each connection and/or record associated with" the identified mobile number; and (4) "[t]ypes of service subscriber utilized by" the identified mobile number "from December 1, 2017 through the present." [DE 371-1].

Having considered the positions of the parties and the subject matter of this lawsuit, the Court finds that the Verizon subpoena requests discovery outside of the scope permitted by Rule 26(b)(1). *See* Fed. R. Civ. P. 26(b)(2)(C)(iii). The Verizon subpoena requests an extensive amount of information for a lengthy period of time, is overly broad, seeks largely irrelevant information, and is not limited to specific communications with parties to this lawsuit. Moreover, the Court has no reason to believe that the relevant videos within the parties' possession are altered or that other videos not within the parties' possession exists. Therefore, the

4

subpoena would produce duplicative information as it relates to the videos of the horse at issue in this case. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). For good cause shown, the Motion [DE 371] is **GRANTED** as it relates to the subpoena to Verizon.

Second, the Poppy Bank subpoena seeks: (1) all documents relating to the wire or any attempted wires for the amount of $950,000.00 initiated from the identified account on or about March 15, 2018 (the "Wire"); (2) the account owner card for the identified account for the year 2018; and (3) all documents relating to the Wire being sent on or about March 15, 2018. [DE 371-2]. Here, the parties do not dispute whether the money was sent or whether the money was received. Moreover, the parties are willing to stipulate to the owner of the bank account, be it Mr. Gallaher, Mrs. Gallaher, or both. If the parties do not stipulate to the owner of the subpoena, the Court will authorize the Poppy Bank subpoena upon a renewed motion. Accordingly, and as stated fully on the record, Motion [DE 371] is **GRANTED WITHOUT PREJUDICE** as it relates to the subpoena to Poppy Bank.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 29th day of July, 2021.

WILLIAM MATTHEWMAN
United States Magistrate Judge