UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-80581-MATTHEWMAN

PLAIN BAY SALES, LLC,

    Plaintiff and Counter-Defendant,

vs.

ZUME GALLAHER AND
PAUL HAUNERT,

    Defendants, Counterclaimants,
    and Third-Party Plaintiffs,

v.

KATIE PRUDENT, ADAM PRUDENT,
HENRI PRUDENT, AND KATIE
MONAHAN, INC.,

    Third-Party Defendants.
_____/

FILED BY KJZ D.C.
Feb 15, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

### OMNIBUS ORDER ON DEFENDANTS' EIGHT MOTIONS *IN LIMINE* [DE 439-446]

THIS CAUSE is before the Court upon Defendants/Counterclaimants Zume Gallaher ("Zume") and Paul Haunert ("Paul") (together, "Defendants") eight motions *in limine* ("Motions") [DE 439-446]. Plaintiff/Counter-Defendant Plain Bay Sales, LLC ("Plain Bay") and Counter and Third-Party Defendants Katie Prudent, Adam Prudent, Henri Prudent, and Katie Monahan, Inc. (collectively, the "Plain Bay Parties") responded in opposition [DE 482], and Defendants replied [DE 508]. The Motions are now ripe for the Court's review.

The Court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds. *Luce v. U.S.*, 469 U.S. 38, 41(1984). Motions *in limine* are

1

generally disfavored as admissibility questions should be ruled upon as they arise at trial. *Begualg Inv. Mgmt., Inc. v. Four Seasons Hotel Ltd.*, 10-22153-CIV, 2013 WL 750309, at *1 (S.D. Fla. Feb. 27, 2013). As a result, if evidence is not clearly inadmissible, "evidentiary rulings must be deferred until trial to allow questions regarding foundation, relevancy, and prejudice." *Lordeus v. Torres*, 1:17-CV-20726-UU, 2018 WL 1364641, at *1 (S.D. Fla. Mar. 1, 2018) (quoting *Kobie v. Fifthian,* 2014 WL 1652421 at *1 (M.D. Fla. 2014)). Motions in limine are "best limited to those issues that the mere mention of which would deprive a party of a fair trial. The Court does not issue advisory opinions, and it is difficult to rule in a vacuum without having the opportunity to see the proffered testimony in perspective with other evidence in the trial." *U.S. v. Everglades Coll., Inc.*, No. 12-60185-CIV, 2014 WL 11578214, at *1 (S.D. Fla. May 28, 2014); *see also Contreras v. Aventura Limousine & Transportation Serv., Inc.*, No. 13-22425-CIV, 2014 WL 11880996, at *2 (S.D. Fla. July 29, 2014) ("It is always difficult to rule in a vacuum, so the Court's ruling is without prejudice to Defendants' objecting when the evidence is sought to be introduced."); *accord Apple, Inc. v. Corellium, LLC*, 19-cv-Smith/Matthewman, 2021 WL 2712131 (S.D. Fla. July 1, 2021).

With this case law in mind, and upon careful review of the Motions, all related filings, and the entire record in this case, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion in Limine & Incorporated Memorandum of Law to Prohibit Non-Veterinary Witnesses from Offering Veterinary Opinions [DE 439] is **GRANTED IN PART AND DENIED IN PART** as follows:

    a. The Court will not allow any witness who is not a veterinarian to opine on any veterinary records or interpret them, as such testimony is solely within the purview of a medical professional, such as a licensed veterinarian.

    b. Any party who calls a lay witness who has not been properly and timely disclosed as an expert witness under Fed. R. Civ. P. 26(a)(2) and this Court's pretrial orders, shall not be permitted to elicit any opinion testimony that goes beyond the confines of Fed. R. Evid. 701. The Court expects all counsel to carefully review Fed. R. Evid. 701 and 702 to ensure that any lay witness called at trial does not seek to offer opinion testimony that goes beyond Fed. R. Evid. 701 or invades the province of Fed. R. Evid. 702.

    c. The balance of the motion is DENIED WITHOUT PREJUDICE to Defendants making any proper and timely objections at trial for this Court's consideration as the trial progresses.

2. Defendants' Motion in Limine and Incorporated Memorandum of Law to Preclude Evidence, Testimony or Reference to Incorrect Legal Standard for Fraud-Based Counterclaims [DE 440] is **DENIED AS MOOT** in light of the Court's Summary Judgment Order [DE 534], which dismissed the fraudulent misrepresentation count in the counter-claim/third-party claim.

3. Defendants' Motion in Limine & Incorporated Memorandum of Law to Preclude Evidence, Testimony or Reference to Dismissed or Withdrawn Claims, Unrelated Lawsuits & Any Conspiracy Theory [DE 441] is **GRANTED IN PART AND DENIED IN PART** as follows:

    a. At this juncture, the Court sees no relevance to argument, evidence, or testimony as to (i) any dismissed or withdrawn claims; (ii) the fact that a prior specific claim was dismissed or withdrawn in this case; and (iii) any other lawsuits involving any party or witness in this case. Therefore, no party, witness, or counsel shall refer to or mention these topics without first seeking permission from the Court outside the presence of the jury so the Court can further address any such issues. This includes any claims or lawsuits involving Jonathan Craig Yates and Neil Jones. This ruling shall not preclude the admission of argument, evidence, and testimony which relates to the facts underlying the dismissed or withdrawn claims so long as it is relevant to the pending claims and defenses and not unfairly prejudicial under Fed. R. Evid. 403. While there may be instances where a prior lawsuit constitutes relevant impeachment evidence, or where a party or witness opens the door to such evidence, the Court will not allow this trial to be sidetracked into a series of mini trials addressing unrelated lawsuits. Therefore, no such reference shall be made in front of the jury unless advance permission has been obtained from the Court.

    b. As to witness William Martin, the Court will not give an advance advisory opinion as to his testimony. Defendants argue that Mr. Martin should be precluded from testifying about matters outside his personal knowledge. Such a request seems quite silly and unnecessary in light of the fact that Fed. R. Evid. 602 precludes any witness, other than

3

      an expert under Fed. R. Evid. 703, from so testifying. The Court will therefore state the obvious: No lay witness shall violate Fed. R. Evid. 602 by testifying to a matter for which the witness lacks personal knowledge.

    c. As to Mr. Martin's June 26, 2019 "sworn statement" [DE 441 at 10; DE 482 at 12] or "unnoticed deposition" [DE 508 at 12], the record seems quite clear that such was not obtained pursuant to the notice requirements of Fed. R. Civ. P. 30(b)(1). Therefore, it appears likely that it may not be introduced at trial as a stand-alone deposition if, for example, Mr. Martin is unavailable to testify live at trial. *See* Fed. R. Civ. P. 32(a)(4). However, the Court cannot rule in a vacuum on a pretrial motion *in limine* that the sworn statement or unnoticed deposition cannot be used for any purpose, such as impeachment or refreshing the witness' memory or in some other proper manner. Such a ruling can only be made in the crucible of trial based on a timely and proper objection.

    d. The balance of the motion is **DENIED WITHOUT PREJUDICE** to Defendants making any proper and timely objections at trial for this Court's consideration.

4. Defendants' Motion in Limine & Incorporated Memorandum of Law to Preclude Reference to Paul Haunert Being Involved in a "Cult" [DE 442] is **GRANTED IN PART AND DENIED IN PART** as follows:

    a. There shall be no evidence, testimony, or argument adduced at trial before the jury referencing Paul's alleged membership in a "Cult" or being a "Moonie" or anything related thereto. If during trial the Plain Bay Parties believe that Defendants have opened the door to such testimony or evidence or believe it is somehow relevant and admissible, the issue shall first be raised with the Court outside the presence of the jury.

    b. The balance of the motion is **DENIED WITHOUT PREJUDICE** to Defendants making any proper and timely objections at trial for this Court's consideration as trial progresses.

5. Defendants' Motion in Limine & Incorporated Memorandum of Law to Preclude Evidence, Testimony or Reference to Victorio's Suitability, Bolstering Opinions of Victorio & Improper Opinion Testimony from Other Equestrians [DE 443] is **GRANTED IN PART AND DENIED IN PART** as follows:

    a. Defendants seek to preclude anyone on the side of the Plain Bay Parties from testifying as to Victorio's suitability for Zume, while at the same time Defendants seek to introduce testimony from their side, including from Paul and Zume and perhaps others, that Victorio was not suitable for Zume. Such argument of the Defendants is flatly

      rejected, as the Court will not allow one-sided testimony or evidence to be presented in this case, and the Court will ensure a level playing field for all parties at trial.

   b. Conversely, the Plain Bay Parties argue that "opinion letters" of Todd Minikus [DE 443-1 at 3], Laura Kraut [DE 443-1 at 4] and Chris Kappler [DE 443-1 at 5] should be admitted into evidence despite the fact that those three individuals were never disclosed as expert witnesses under Fed. R. Evid. 702 and the Court's pretrial scheduling orders. Upon the current record, the Court finds that such "opinion letters" shall likely not be admitted at trial as those three individuals were not properly and timely disclosed as expert witnesses and therefore cannot offer opinions under Fed. R. Evid. 702. However, this does not preclude those three witnesses from testifying at trial as to relevant matters within their personal knowledge pursuant to Fed. R. Evid. 602 and 701. For instance, depending upon the course of the trial, such relevant matters may potentially include Minikus' personal knowledge and perceptions of Victorio based on the fact that he previously rode Victorio, Kraut's personal knowledge and perceptions of Victorio based on her observations of the Horse for approximately one and one-half years, and Kappler's personal knowledge and perceptions of Victorio based on his training of Victorio and other personal involvement with the Horse. However, the Court shall address all these matters as they arise at trial upon timely and proper objections.

   c. The balance of the motion seeks to exclude broad categories of evidence based upon somewhat vague and imprecise assertions and is therefore **DENIED WITHOUT PREJUDICE**. The Court will not provide advisory opinions to the parties and cannot rule on such matters in a vacuum on a pretrial motion *in limine*. The Court will address any timely objections to any such testimony or evidence at trial as the case progresses.

6. Defendants' Motion in Limine and Incorporated Memorandum of Law to Preclude Evidence, Testimony or Reference to Victorio's Show Record to the Extent He Was a "Winner" Following March of 2018 [DE 444] is **DENIED WITHOUT PREJUDICE** as follows:

   a. The motion improperly requests the broad exclusion of all evidence and testimony of Victorio's Show Record, and his alleged status as a "Winner" after March 2018. However, such evidence or testimony, depending upon its proximity to March 2018 or other factors, may potentially be entirely relevant and probative in the event that Defendants seek to introduce evidence or testimony that Victorio had medical, behavioral, or other issues in March 2018, which caused Defendants to seek the return of the purchase price they paid for Victorio. Such evidence may also potentially be relevant to the pending claims and defenses and is not clearly inadmissible. The Court will not rule on these matters *in limine* and will deal with any objections at trial if they are timely and properly raised.

5

7. Defendants' Motion in Limine & Incorporated Memorandum of Law to Preclude Evidence, Testimony or Reference to Gallaher's Post-March 2018 Riding Ability & Other Horses Ridden or Purchased Since That Time [DE 445] is **GRANTED IN PART AND DENIED IN PART** as follows:

    a. The Court expects and will require the parties to focus on the claims and defenses at issue in this case relating to the March 15, 2018 Victorio transaction. Therefore, the Court will not permit the introduction of evidence, testimony, or argument at trial, without first obtaining Court permission outside of the presence of the jury, pertaining to (i) Zume's post-March 2018 suitability for other horses; (ii) Zume's post-March 2018 riding abilities; and (iii) Zume's post-March 2018 purchases of other horses. To the extent any party seeks to introduce such testimony, evidence, or argument as impeachment evidence or otherwise, counsel shall first raise the issue with the Court outside the presence of the jury for the Court's determination. By way of explanation, to the extent that Defendants may seek to rely upon a pre-March 2018 video of Victorio allegedly going through a fence and falling down while being ridden by Adam Prudent, certain limited post-March 2018 videos may or may not be relevant and admissible. That is, if Defendants assert that they requested the return of the purchase price of Victorio due to their subsequent viewing of a pre-March 2018 video of Victorio going through a fence and falling down while being ridden by Adam Prudent, an alleged post-March 2018 video of Zume crashing through a jump on a different horse may or may not be relevant and admissible to provide the jury with relevant context, such as the inherent danger of the sport, or for other reasons. However, the Court cannot rule on such specific issues in a vacuum prior to trial and will address any timely and proper objections made during the crucible of trial after considering the evidence and testimony elicited at trial.

    b. The balance of the motion is DENIED WITHOUT PREJUDICE to Defendants making any proper and timely objections at trial for this Court's consideration as trial progresses.

8. Defendants' Motion in Limine & Incorporated Memorandum of Law to Preclude Evidence, Testimony or Reference to Wealth, Assets or Lifestyle of Defendants or Their Family Members and the Source of Purchase Funds for Victorio [DE 446] is **GRANTED IN PART AND DENIED IN PART** as follows:

    a. In light of the Court's Summary Judgment Order [DE 534], no party is entitled to punitive damages and no party shall make any claim for punitive damages or reference to punitive damages at the trial in this case. In addition, evidence of financial wealth,

    assets, and lifestyle of any party to this case is irrelevant and shall be excluded. This applies equally to all parties in this case. Also, the fact that Defendants flew on a private jet from California to Florida to inspect Victorio is not admissible, as acknowledged and agreed to by the Plain Bay Parties.

    b. The motion is DENIED WITHOUT PREJUDICE to the extent that Defendants seek to preclude testimony or evidence of (i) conversations between Defendants and their family members on their return flight from Florida to California; and (ii) the source of funds used to purchase Victorio. Such testimony or evidence may or may not be relevant to the claims and defenses in this case and is not clearly inadmissible. The Court will address any objections to such testimony or evidence at the time of trial if a timely and proper objection is lodged, not on a pretrial motion *in limine*.

    c. The balance of the motion is DENIED WITHOUT PREJUDICE to Defendants making any proper and timely objections at trial for this Court's consideration as trial progresses.

9. Finally, as to all eight Motions, the Court's rulings above are preliminary in nature and are based upon the evidence and argument presented to the Court at this pretrial juncture. The Court notes that it will ultimately rule upon evidence and testimony admissibility or exclusion issues at trial, and therefore, the parties are free to re-address the exclusion or admission of any evidence, testimony, or argument discussed in this Order as the trial progresses.

    **DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 15th day of February, 2021.

                                                     WILLIAM MATTHEWMAN
                                                     United States Magistrate Judge