UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-80581-MATTHEWMAN

PLAIN BAY SALES, LLC,

    Plaintiff and Counter-Defendant,

vs.

ZUME GALLAHER AND
PAUL HAUNERT,

    Defendants, Counterclaimants,
    and Third-Party Plaintiffs,

v.

KATIE PRUDENT, ADAM PRUDENT,
HENRI PRUDENT, AND KATIE
MONAHAN, INC.,

    Third-Party Defendants.
_____/

FILED BY KJZ D.C.
Feb 15, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

### OMNIBUS ORDER ON THE PLAIN BAY PARTIES' OMNIBUS MOTION *IN LIMINE* [DE 451]

THIS CAUSE is before the Court upon Plaintiff/Counter-Defendant Plain Bay Sales, LLC ("Plain Bay") and Counter and Third-Party Defendants Katie Prudent, Adam Prudent, Henri Prudent, and Katie Monahan, Inc. (all moving parties, collectively, the "Plain Bay Parties") Omnibus Motion *in Limine* ("Motion") [DE 451]. Defendants/Counterclaimants Zume Gallaher ("Zume") and Paul Haunert ("Paul") (together, "Defendants") responded in opposition [DE 472], and the Plain Bay Parties replied [DE 518]. The Motion is now ripe for the Court's review.

The Court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds. *Luce v. U.S.*, 469 U.S. 38, 41(1984). Motions *in limine* are

1

generally disfavored as admissibility questions should be ruled upon as they arise at trial. *Begualg Inv. Mgmt., Inc. v. Four Seasons Hotel Ltd.*, 10-22153-CIV, 2013 WL 750309, at *1 (S.D. Fla. Feb. 27, 2013). As a result, if evidence is not clearly inadmissible, "evidentiary rulings must be deferred until trial to allow questions regarding foundation, relevancy, and prejudice." *Lordeus v. Torres*, 1:17-CV-20726-UU, 2018 WL 1364641, at *1 (S.D. Fla. Mar. 1, 2018) (quoting *Kobie v. Fifthian,* 2014 WL 1652421 at *1 (M.D. Fla. 2014)). Motions in limine are "best limited to those issues that the mere mention of which would deprive a party of a fair trial. The Court does not issue advisory opinions, and it is difficult to rule in a vacuum without having the opportunity to see the proffered testimony in perspective with other evidence in the trial." *U.S. v. Everglades Coll., Inc.*, No. 12-60185-CIV, 2014 WL 11578214, at *1 (S.D. Fla. May 28, 2014); *see also Contreras v. Aventura Limousine & Transportation Serv., Inc.*, No. 13-22425-CIV, 2014 WL 11880996, at *2 (S.D. Fla. July 29, 2014) ("It is always difficult to rule in a vacuum, so the Court's ruling is without prejudice to Defendants' objecting when the evidence is sought to be introduced."); *accord Apple, Inc. v. Corellium, LLC*, 19-cv-81160-Smith/Matthewman, 2021 WL 2712131 (S.D. Fla. July 1, 2021).

With this case law in mind, and upon careful review of the Motion, all related filings, and the entire record in this case, it is hereby **ORDERED AND ADJUDGED** that the Motion [DE 451] is **GRANTED IN PART AND DENIED IN PART** as follows:

1. As to the Plain Bay Parties' request to exclude evidence and testimony regarding the Horse's veterinary records DE 451 at 5-11], the Motion is GRANTED IN PART AND DENIED IN PART as follows:

    a. The Court will not allow the admission of voluminous veterinary records of the Horse spanning many years as sought by Defendants, nor will the Court allow the wholesale introduction of all of Victorio's pre-March 15, 2018 veterinary records as sought by

      Defendants. Conversely, the Court will not preclude on an *in limine* basis the admission of all veterinary records as sought by the Plain Bay Parties. Rather, the Court will likely allow the admission of limited and targeted veterinary records if, at trial, they are deemed to be relevant and probative to the claims and defenses currently pending in this case in light of the Court's Summary Judgment Order [DE 534]. For instance, to the extent that Victorio's pre-March 2018 veterinary records may be relevant to either prove or disprove an alleged false assertion or omission made by the Plain Bay Parties to Defendants or Dr. Gomez within the parameters of the remaining claims and defenses, such veterinary records may potentially be admissible once the alleged misrepresentations or omissions are established before the jury, and to the extent such veterinary records are not too remote, attenuated, or unduly speculative. The Court will rule on the admissibility of any veterinary records at the time of trial based on the testimony presented and cannot rule conclusively or globally on these issues in a vacuum on a pretrial motion *in limine*. However, the parties are cautioned that this is not a case alleging veterinary malpractice by Dr. Gomez or the negligent care and treatment of the Horse. Moreover, it appears that Defendants did not rely upon any medical records when they sought a refund of the purchase price of the Horse. As such, voluminous veterinary records will likely not be permitted to be introduced in this case to the extent that they are not relevant under Fed. R. Evid. 401, or to the extent that any probative value of such veterinary records is substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403.

   b. The Court will likely only consider permitting the introduction of relevant post-March 15, 2018 veterinary records of Victorio up to the resale of the Horse in July 2018. Veterinary records of Victorio after the resale of the Horse are likely not relevant under Fed. R. Evid. 401 and may be violative of Fed. R. Evid. 403. However, such admissibility can only be determined definitively during trial and not on a motion in limine.

2. As to the Plain Bay Parties' request to exclude any comment, testimony, or evidence that Zume did not receive any money from Plain Bay [DE 451 at 11], the Motion is GRANTED as the parties are in agreement and Defendants do not oppose the requested relief.

3. As to the Plain Bay Parties' request to exclude evidence or testimony regarding an FEI positive drug test of Victorio after Plain Bay resold Victorio to Abby McArdle [DE 451 at 11-12], the motion is GRANTED. The alleged positive FEI drug test in 2020 is wholly irrelevant to the March 15, 2018 Victorio transaction at issue in this case. Moreover, to the extent that such FEI drug test in 2020 is allegedly relevant, the probative value of any such evidence or testimony

is substantially outweighed by the danger of unfair prejudice as such evidence and testimony would confuse and mislead the jury and waste the jury's time. *See* Fed. R. Evid. 403. No mention shall be made by any party, witness, or counsel of the FEI drug test in 2020.

4. As to the Plain Bay Parties' request to preclude evidence and testimony regarding insurance for Victorio [DE 451 at 12-13], the Motion is GRANTED IN PART AND DENIED IN PART as follows:

    a. Any evidence or testimony concerning insurance coverage for Victorio before, during, or after March 15, 2018 is not relevant to the pending claims and defenses. This is not an insurance coverage case and whether or not Victorio was insured is wholly irrelevant, and related insurance applications have no relevance to the pending claims and defenses in this case. No reference to insurance coverage shall be made by counsel, witnesses or parties.

    b. To the extent that Defendants assert that some portion of this evidence is somehow relevant for impeachment of Dr. Russillo, that issue can be addressed during trial, if necessary, and if timely and properly raised. However, Defendants are precluded from mentioning insurance coverage or insurance applications for Victorio before the jury unless advance authorization from the Court is obtained outside the presence of the jury.

5. As to the Plain Bay Parties' request to exclude any evidence, reference, inference, or argument that the Plain Bay Parties or their employees or agents "forged" Zume's signature on documents [DE 451 at 13], the Motion is GRANTED IN PART AND DENIED IN PART as follows:

    a. In Florida, the terms "forgery" and "forged" are legal terms of art, amounting to a civil cause of action, a civil affirmative defense, and a crime. *See Ecp Station I LLC v. Chandy*, 8:15-CV-2523-T-JSS, 2016 WL 3883028, at *3 (M.D. Fla. June 29, 2016), *report and recommendation adopted,* 8:15-CV-2523-T-26JSS, 2016 WL 3856174 (M.D. Fla. July 15, 2016) ("Under Florida law, forgery is an affirmative defense[,] which "must be raised by a specific denial in an answer.") (citation omitted); *Schauer v. Gen. Motors Acceptance Corp.*, 819 So. 2d 809, 814 (Fla. 4th DCA 2002) (discussing civil forgery under Florida law); *Watkins v. State*, 826 So. 2d 471, 474 (Fla. 1st DCA 2002) (discussing criminal forgery under Florida law). Forgery is not a pending claim or defense in this case and the mention of the term "forgery" or "forged" is unfairly prejudicial and will not be permitted. Moreover, based upon the document embedded

    in the Motion [DE 451 at 13], the Plain Bay Parties specifically stated to the USEF that Zume's signature "cannot be obtained because she has refused to take delivery of the horse." Accordingly, it would be misleading for any counsel to argue or assert that her signature was somehow "forged."

    b. However, to the extent the factual circumstances surrounding the document embedded in the Motion [DE 451 at 13], including any attempt to obtain Zume's signature, become relevant to the pending claims and defenses, this matter shall be addressed with the Court outside the presence of the jury during trial at the appropriate time.

6. As to the Plain Bay Parties' request to exclude evidence of the location of service of the instant lawsuit on Zume [DE 451 at 13-14], the Motion is GRANTED, as the parties are in agreement and the Defendants do not oppose the requested relief.

7. As to the Plain Bay Parties' request to preclude the introduction of evidence or testimony regarding the financial condition of the Plain Bay Parties [DE 451 at 14-16], the Motion is GRANTED.

    a. In light of the Court's Summary Judgment Order [DE 534], no party has a pending claim for punitive damages and no party is permitted to seek punitive damages at trial. As such, the financial condition of the Plain Bay Parties is not relevant. Just as the Court has excluded any testimony or evidence of the Defendants' financial worth or assets, or that of Defendants' family, so too the Court will exclude any such evidence or testimony as to the Plain Bay Parties.

    b. Defendants' arguments as to why the evidence or testimony should be admitted are speculative and not well founded. Defendants argue that why the Plain Bay Parties did not refund the purchase price "is unclear, but it begs the question of whether the Plain Bay Parties sent Gallaher's money to some other party." [DE 472 at 16]. Such speculation and innuendo will not be admitted in this case. The Court is not going to allow the introduction of financial worth and asset testimony of the Plain Bay Parties based upon such a flimsy foundation. Likewise, Defendants' argument regarding the horse Douwe, wholly unrelated to the transaction to be tried, where Defendants assert that evidence and testimony of Douwe's sale or transfer of ownership is somehow relevant because, "One must wonder from where that money came", [DE 472 at 17], is wholly misplaced and flatly rejected. The Court is not going to allow this case to be tried on speculation, innuendo and irrelevant horse transactions or issues.

    c. To the extent that Defendants assert that the assets, or net worth, or finances of the Plain Bay Parties are somehow relevant to the pending claims and defenses remaining to be tried in this case, the Court finds that any probative value of such evidence or

testimony is substantially outweighed by the danger of unfair prejudice as it will mislead or confuse the jury, will waste time, and will lead this case down a rabbit hole of speculation and irrelevant evidence.

8. As to the Plain Bay Parties' request that the written expert reports of Dr. Vernon and Susan Artes should not be admitted into evidence [DE 451 at 16], the Motion is GRANTED, as the parties are in agreement and the Defendants do not oppose the requested relief. No written reports of experts shall be admitted as evidence at trial or sent back to the jury.

9. As to the Plain Bay Parties' request to exclude portions of the deposition testimony of Dr. Gomez, and any testimony at trial, relating to veterinary records or information provided to Dr. Gomez by Defendants' counsel during this litigation, and prohibit testimony whereby Dr. Gomez comments upon the veracity of other witnesses' testimony [DE 451 at 16-18], the Motion is GRANTED IN PART AND DENIED IN PART as follows:

   a. Dr. Gomez has not been timely and properly listed and disclosed as an expert witness in this case and he shall not offer any expert opinions under Fed. R. Evid. 702. If Defendants intended to introduce opinion testimony of Dr. Gomez pursuant to Fed. R. Evid. 702, they should have timely and properly noticed him pursuant to applicable rules and this Court's pretrial scheduling orders. They did not do so. Dr. Gomez shall not interpret or testify as to any veterinary records provided to him after his pre-purchase examination was concluded and shall not provide expert opinions as to Victorio's veterinary records as he has not been properly noticed as an expert witness in this case and he apparently did not review any medical records at the time of his pre-purchase examination.

   b. Dr. Gomez shall be permitted to testify as to his performance of the pre-purchase examination of Victorio, what the scope of his examination entailed, how he performed his pre-purchase examination, who hired him, and any answers he received to questions he asked. Dr. Gomez shall not comment upon the veracity of any other witness, veterinarian or party in this case. He shall not testify as to whether any party or witness was truthful, untruthful, or whether anyone knowingly omitted information from him. He can testify as to questions he asked the Plain Bay Parties and answers he received, but he is precluded from testifying as to whether the answers he received were false or truthful.

   c. As it appears that Dr. Gomez will testify as a live witness at trial, his deposition transcript shall likely not need to be admitted into evidence at trial. In the event he does

not testify at trial, and either side intends to introduce portions of his deposition testimony, the Court will review the designations of his deposition testimony and any objections thereto which were timely made pursuant to the Court's pretrial schedule and rule on which portions of his deposition testimony shall be admitted, if any.

10. As to the Plain Bay Parties' request that the Court to take judicial notice of certain items [DE 451 at 18-20], the Motion is DENIED. The Court agrees with Defendants that the Plain Bay Parties' request for judicial notice is non-specific and a motion *in limine* is not the appropriate medium to address a party's request for judicial notice. The parties shall attempt to agree on a Stipulation as to documents that may be introduced without further foundational or authenticating evidence or testimony and prepare such a Stipulation to avoid any unnecessary delays at trial. The parties can also jointly file a motion for judicial notice of certain matters for the Court's review after appropriate conferral. To the extent the parties cannot agree, the Court will deal with any issues of admissibility of evidence or judicial notice at trial.

11. Finally, the Court's rulings above are preliminary in nature and are based upon the evidence and argument presented to the Court at this pretrial juncture. The Court notes that it will ultimately rule upon evidence and testimony admissibility or exclusion issues at trial, and therefore, the parties are free to re-address the exclusion or admission of any evidence, testimony, or argument discussed in this Order as the trial progresses.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 15th day of February, 2021.

WILLIAM MATTHEWMAN
United States Magistrate Judge