UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-80581-MATTHEWMAN

PLAIN BAY SALES, LLC,

    Plaintiff and Counter-Defendant,

vs.

ZUME GALLAHER AND
PAUL HAUNERT,

    Defendants, Counterclaimants,
    and Third-Party Plaintiffs,

v.

KATIE PRUDENT, ADAM PRUDENT,
HENRI PRUDENT, AND KATIE
MONAHAN, INC.,

    Third-Party Defendants.
_____/

FILED BY KJZ D.C.

Feb 25, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

### ORDER ON DEFENDANTS' MOTION TO EXCLUDE OPINIONS OF FRANK MADDEN [DE 457] AND ON THE PLAIN BAY PARTIES' MOTION TO EXCLUDE CERTAIN OPINIONS ANDTESTIMONY OF DEFENDANTS' EXPERT SUSAN ARTES [DE 453]

THIS CAUSE is before the Court upon Defendants/Counterclaimants/Third-Party Plaintiffs, Zume Gallaher ("Zume") and Paul Haunert's ("Paul") (together, "Defendants") Motion to Exclude Opinions of Frank Madden [DE 457] and Plaintiff/Counter-Defendant Plain Bay Sales, LLC, ("Plain Bay"), and Counter and Third-Party Defendants, Katie Prudent Adam Prudent, Henri Prudent, and Katie Monahan, Inc.'s (collectively, the "Plain Bay Parties") Motion to Exclude Certain Opinions and Corresponding Testimony of Defendants' Expert Susan Artes [DE 453]. The

1

motions are fully briefed. *See* DEs 471, 479, 504, 519. The Court held a hearing on the motions via Zoom video teleconference on February 22, 2022. The matters are now ripe for review. The Court has carefully considered the parties' written submissions, the parties' oral argument at the hearing, the record, and applicable law.[1]

### I.  INTRODUCTION AND BACKGROUND

This case revolves around the alleged sale of a horse, Victorio 5 ("Victorio" or "the Horse"), in the amount of $950,000.00. The Horse was allegedly purchased on March 15, 2018 from Plain Bay by Zume with the assistance of Zume's agent and trainer, Paul, who is also a party to this case. In essence, the Plain Bay Parties allege that they sold a fine horse to Zume and that she paid the full purchase price, and thereafter had buyer's remorse and refused to accept delivery of the Horse and requested the return of the purchase price. By contrast, Zume and Paul assert that, shortly after the full purchase price was paid, they found out additional undisclosed information about the Horse that made it unsuitable for Zume, and therefore Zume refused to accept delivery of the Horse and requested the return of the purchase price. So, one issue in this case is whether the Horse was or was not "suitable" for Zume, as unsuitability was the stated reason for Zume's alleged cancellation, termination, or repudiation of the Horse transaction.

The Plain Bay Parties have noticed Frank Madden as their "suitability" expert in this case, and the Defendants have noticed Susan Artes as their "suitability" expert in this case. The apparent primary goal of the parties is to have each side's respective "suitability" expert opine upon the suitability or unsuitability of the Horse for Zume. And, of course, each side asserts that their

---

[1] Since both Mr. Madden and Ms. Artes are noticed as "suitability" experts, the Court is addressing them both in one order for purposes of judicial economy. However, the Court has considered each expert and each motion individually.

respective expert is a great suitability expert, fully passes muster under *Daubert*, and should be allowed to testify in full as to all matters noticed, while the other side's suitability expert is not a proper suitability expert, fails the *Daubert* standard, and should be excluded or severely limited. The Court will now address each expert and issue its rulings.

### A. **Defendants' *Daubert* Challenge to Frank Madden [DE 457]**

In their motion, Defendants move to exclude Frank Madden, the Plain Bay Parties' expert on the "suitability" of Victorio for Zume. [DE 457]. Defendants assert, *inter alia,* that Mr. Madden's report is woefully inadequate and violative of Fed. R. Civ. P. 26, his opinions are not sufficiently reliable, he did not use any reliable methodology, his opinions are irrelevant, and all of his testimony and opinions should be excluded.

In response, the Plain Bay Parties claim that Defendants have injected the issue of Victorio's performance abilities into this case and that Defendants are inconsistently seeking to exclude the Plain Bay Parties' suitability expert (Mr. Madden) while seeking to call their own suitability expert (Susan Artes). [DE 479]. The Plain Bay Parties assert, *inter alia*, that Mr. Madden's opinions are reliable and derived from 50 years of experience, his report complies with Rule 26, he fully explained his opinions in his deposition, his methodology is reliable, his opinions are based upon sufficient facts, and his testimony and opinions should be allowed.

Defendants reply that Mr. Madden's methodology is non-existent and that his opinions are unsupported conclusions. [DE 504]. They argue*, inter alia*, that Mr. Madden is not an expert in Grand Prix jumper horses and that he lacks knowledge about Zume's and Abigail McCardle's riding abilities.

3

B. **The Plain Bay Parties' *Daubert* Challenge to Susan Artes [DE 471]**

Defendants state that they seek to have Susan Artes opine as to whether the Horse was suitable for Zume at the time of the purchase, concerns about the trial of the Horse on March 7, 2018, and the seller's representation about the Horse to Paul and Zume. [DE 471 at 1].

The Plain Bay Parties assert, *inter alia*, that Ms. Artes is not qualified to testify concerning intent or veterinary records, her report contains many improper comments, her opinions are based on speculation, her opinions invade the province of the jury and exceed her area of expertise, and her opinions and testimony should be excluded or severely limited. [DE 453].

In response, Defendants argue that Ms. Artes is an experienced horse trainer. [DE 471]. Defendants claim, *inter alia*, that Ms. Artes is offering a proper suitability opinion, the factual summary in her report is proper, she properly relies on veterinary records, and her opinions are reliable and should be permitted. [DE 471].

In reply, the Plain Bay Parties claim, *inter alia*, that Ms. Artes is not qualified to testify about intent, that Defendants agree that her written report should not be admitted, that she is not qualified to opine on veterinary records, that she improperly opines on the accuracy of records and witness truthfulness, that her causation testimony is improper, that her opinions and methodology are unreliable, and that Defendants did not dispute exclusion of certain of her opinions and testimony. [DE 519].

## II.   RELEVANT LAW

Federal Rule of Evidence 702 governs the admissibility of expert testimony. A party that proffers the testimony of an expert under Rule 702 bears the burden of laying the proper foundation and demonstrating admissibility by a preponderance of the evidence. *See Rink v. Cheminova, Inc.*,

400 F.3d 1286, 1291-92 (11th Cir. 2005); *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1306 (11th Cir. 1999). The Eleventh Circuit "has previously held that expert testimony may be admitted if three requirements are met. First, the expert must be qualified to testify competently regarding the matter he or she intends to address. Second, the methodology used must be sufficiently reliable as determined by a *Daubert* inquiry. Third, the testimony must assist the trier of fact through the application of expertise to understand the evidence or determine a fact in issue." *Kilpatrick v. Breg, Inc.*, 613 F.3d 1329, 1335 (11th Cir. 2010); *see also Horrillo v. Cook Inc.*, No. 08-60931-CIV, 2014 WL 2708498, at *2 (S.D. Fla. June 6, 2014); *Southpoint Condo. Ass'n, Inc. v. Lexington Ins. Co.*, No. 19-CV-61365, 2020 WL 3581611, at *2-3 (S.D. Fla. July 1, 2020) (J. Bloom) (setting forth a clear and detailed summary of the law under *Daubert* and Federal Rule of Evidence 702).[2]

The judge plays a "gatekeeping" role in determining admissibility. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 n.7, 597 (1993). However, this gatekeeping role "is not intended to supplant the adversary system or the role of the jury." *Southpoint Condo. Ass'n, Inc.*, 2020 WL 3581611, at *3 (quoting *Quiet Tech. DC-8, Inc. v. Hurel-Dubois, UK Ltd.*, 326 F.3d 1333, 1341 (11th Cir. 2003)) (citations omitted)). A district court enjoys "considerable leeway" in making determinations regarding the admissibility of expert testimony and the reliability of an expert opinion. *United States v. Frazier*, 387 F.3d 1244, 1258–59 (11th Cir. 2004) (citing *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 152 (1999)).

Federal Rule of Evidence 403 states, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair

---

[2] The undersigned notes that United States District Judge Beth Bloom's opinion in *Southpoint* discussing the manner in which *Daubert* and Rule 702 are to be applied in federal court, and applicable legal principles, is an excellent and concise recitation of *Daubert* principles and law, which the Court adopts herein.

prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### III.     ANALYSIS AND RULINGS

As an initial matter, the parties assert that the other side's written expert report contains inadmissible material. To quickly put that issue to rest, the Court is not going to permit any party to admit any written expert reports into evidence at the trial of this case. Therefore, to the extent the parties object to language or opinions in the other side's expert reports, those objections are moot. Only oral expert testimony will be presented to the jury in this case.

The Court next finds that Mr. Madden and Ms. Artes are both qualified to testify competently regarding certain limited matters pertaining to the suitability of the Horse for Zume, an amateur equestrian rider.[3] Both experts have extensive experience in the equestrian field and neither expert will be entirely excluded in this case. They are both qualified to testify about suitability, as limited and explained below.

Second, the methodology used by both Mr. Madden and Ms. Artes is also sufficiently reliable as determined after a *Daubert* inquiry. These two experts are not scientific experts providing scientific testimony or opinions. Both experts are essentially long-time horse trainers and horse riders, with extensive equine experience. After carefully reviewing the credentials, methodology, reliability, and opinions of both experts, the Court finds them both to be appropriate

---

[3] During oral argument on the *Daubert* Motions, the Court expressed concerns and questioned the parties' counsel as to whether a "suitability" expert would be engaging in speculation by opining whether or not Victorio was suitable for Zume, given the apparent subjective nature of what is "suitable" for a particular rider and riding style. However, both parties argued that a suitability expert is necessary and proper to opine on whether or not Victorio was suitable for Zume on March 15, 2018. After hearing from the parties at oral argument, and after further reviewing the matter, the Court has decided to allow such opinion testimony from both Mr. Madden and Ms. Artes.

experts within their limited area of suitability expertise.

Third, their testimony, as limited by the Court, will assist the trier of fact through the application of their expertise to understand the evidence or determine a fact in issue. Specifically, the Court finds that both experts have unique knowledge that a layperson would not, and their interpretation of the Horse's suitability for Zume might assist the jury.

However, the Court shall, as part of its gate-keeping role under *Daubert,* limit the testimony and opinions of both "suitability" experts. The Court finds that many of the proposed opinions of both Mr. Madden and Ms. Artes are speculative, improper, outside the bounds of proper expert testimony, not relevant to the pending claims and defenses, and are more unfairly prejudicial than probative, pursuant to Federal Rule of Evidence 403. Therefore, the Court now turns to the opinions and testimony of both experts that will be excluded.

First, neither Mr. Madden nor Ms. Artes is a veterinarian or a medical doctor. Therefore, both Mr. Madden and Ms. Artes are equally unqualified to testify about veterinary records or medical treatment of the Horse. Accordingly, the Court orders that neither of the two experts shall be permitted to testify about, or interpret, any veterinary records of Victorio, including but not limited to CT scans, tests, or medical treatments, or offer any opinion whatsoever based upon their review or interpretation of veterinary records. Further, neither of the two experts shall be permitted to testify about Dr. Gomez's pre-purchase examination, or whether it was conducted properly or not. They are both precluded from commenting upon any veterinarian's conduct or actions in this case.

Second, neither of the experts shall be permitted to testify, opine, or speculate about the intent or motive of any person, party, or witness, or whether any person, party, or witness was or

is honest or truthful, or made misrepresentations, false statements, or omissions. Neither expert shall testify or opine about the seller's representations about the Horse to Paul. In this regard, so there is no confusion, Ms. Artes shall not be permitted to testify or opine that a) she "suspects" Ms. Prudent decided to ride the horse herself in an attempt to determine what was wrong with the horse; b) that the seller sent Victorio for a CT Scan two weeks before the sale but did not disclose that to Paul or Zume; c) that it is "not reasonable" to conclude that the seller of Victorio was unaware of the issues with the Horse in light of conversations with the veterinarians in 2018; or d) that the answers of any party, person, or witness to Dr. Gomez's questions were not accurate.

      Third, neither expert shall be permitted to testify or opine about any irrelevant matters subsequent to March 17, 2018, such as Defendants' request for the return of the purchase price of Victorio or their behavior regarding the alleged rejection, attempted cancellation, or repudiation related to the Victorio transaction. Neither expert shall be permitted to testify or opine about the reasonableness, or the unreasonableness, of the Defendants' request for the return of the purchase price of Victorio. Neither expert shall be permitted to testify as to whether any party, person, or witness acted reasonably or unreasonably in regard to the transaction at issue in this lawsuit.

      Fourth, Mr. Madden shall not be permitted to testify that Paul's "revised opinion" of the horse was incorrect, while Ms. Artes shall not be permitted to testify that said revised opinion was correct. Neither expert shall comment upon Paul's opinions of Victorio. Additionally, neither expert shall testify or opine about irrelevant concerns about the trial of the Horse on March 7, 2018, or that the test or trial rides of the Horse were proper or improper, sufficient or insufficient, or fulsome or deficient.

      Fifth, neither expert shall be permitted to testify or opine as to whether or not Paul's

assertions negatively affected the public market value of Victorio.

Sixth, neither expert shall be permitted to testify or opine about the riding ability of Abigail McArdle or whether Victorio was or was not suitable for Abigail McArdle. Neither expert shall opine about the comparability of riding abilities and experience between Zume and any other rider, including Abigail McArdle. Neither expert shall mention Abigail McArdle.

Seventh, neither expert shall testify about the standard of care for horses, or the standard of care that was given to Victorio.

Finally, the Court notes that the primary issues in this lawsuit revolve around whether the parties' acted lawfully or wrongly in reference to the purchase and sale transaction involving Victorio based upon what the parties knew at the time of the transaction and shortly thereafter at the time of the Defendants' request for the return of the purchase price. The Court will not allow expert testimony to stray into irrelevant, wasteful areas dealing with the entire life of this Horse and its many riders before and after the purchase and sale transaction at issue. The Court will not allow these suitability experts to waste the Court's or the jury's time or attempt to elicit improper, irrelevant, or unfairly prejudicial opinions or testimony at trial. The parties' counsel are instructed that they shall focus the suitability experts on the specific areas of permitted opinion testimony and not offer unsolicited or irrelevant opinions or testimony. The Court will rule on any specific and timely objections during the suitability experts' testimony, as necessary.

## IV.     **CONCLUSION**

In light of the foregoing, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Exclude Opinions of Frank Madden [DE 457] is **GRANTED IN PART AND DENIED IN PART**, as further specified above. Additionally, the Plain Bay Parties' Motion to Exclude

Certain Opinions and Corresponding Testimony of Defendants' Expert Susan Artes [DE 453] is **GRANTED IN PART AND DENIED IN PART**, as further specified above.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 25th day of February, 2022.

*[signature]*
WILLIAM MATTHEWMAN
United States Magistrate Judge